**ROBINSON BROG LEINWAND GREENE**
 **GENOVESE & GLUCK P.C.**
875 Third Avenue

New York, New York 10022

Telephone No.: 212-603-6300

Fred B. Ringel

Lori Schwartz

Proposed Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **85 FLATBUSH RHO MEZZ LLC,** | Case No. 20-23280-rdd |
| Debtor. | |

-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **85 FLATBUSH RHO HOTEL LLC,** | Case No. 20-23281-rdd |
| Debtor. | |

-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **85 FLATBUSH RHO RESIDENTIAL LLC,** | Case No. 20-23282-rdd |
| Debtor. | |

-----------------------------------------------------------------X

**APPLICATION PURSUANT TO SECTION 105 OF THE
BANKRUPTCY CODE AND RULE 1015(b) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR ORDER DIRECTING JOINT ADMINISTRATION**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession 85 Flatbush RHO Mezz LLC ("Mezz"), 85

Flatbush RHO Hotel LLC ("Hotel") and 85 Flatbush RHO Residential LLC ("Residential", and

{01082799.DOC;2 }1

defined together with Mezz and Hotel, as the "Debtors"), by their proposed attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., seek the entry of an order directing the joint administration of their estates for procedural purposes pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b)

**BACKGROUND**

4. On December 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors are operating their businesses and managing their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this motion, no trustee, examiner or committee has been requested or appointed.

6. Mezz is the 100% owner of Hotel and Residential. Hotel and Residential collectively own the property located at 85 Flatbush Extension, Brooklyn, New York, (the

"Property"). The Property is a 132,641 square foot, twelve-story, mixed use property consisting of a 174 room boutique hotel on the first 6 floors known as the Tillary Hotel Brooklyn, a 58,652 square foot 64-unit luxury multi-family building and a 5,642 square foot parking garage. The residential component of the Property has 9 studios, 26 one-bedroom units and 29 two-bedroom units. Of the 64 units, currently five (5) are occupied. The intention is to convert the residential component into condominiums.

7. The COVID-19 pandemic and the attendant travel restrictions and quarantine requirements along with the NYC shutdown of indoor dining beginning in March 2020 had an immediate impact on the hospitality industry as a whole and caused the Hotel to shut down operations entirely for the month of April 2020. The Hotel reopened to provide homeless shelter services from May 15, 2020 through June 30, 2020. The Hotel reopened to the public on July 15, 2020 and remains open, but with a substantially reduced occupancy rate, resulting in limited revenue. As a result, Mezz, Hotel and Residential have been unable to pay their current debt service obligations to their secured lenders.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek the joint administration and consolidation of the Chapter 11 Cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b). For the reasons set forth herein, the Debtors believe that, in light of their affiliated status, the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid

in expediting the Chapter 11 Cases and rendering their administration more efficient and economical.

8. The Debtors seek the entry of an order directing the joint administration for procedural purposes only pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 1015. A proposed order is annexed hereto.

9. Bankruptcy Rule 1015 provides that:

> (b) Cases Involving Two or More Related Debtors. If . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. . . .

Fed. R. Bankr. P. 1015(b).

10. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

11. The Debtors are "affiliates" as Mezz is the 100% owner of Hotel and Residential. The Debtors operate from the same office with substantial management overlap. Accordingly, this Court is authorized to grant the requested relief. The Debtors believe that joint administration of these Chapter 11 cases would be practical, expedient, economical and less time-consuming for the Debtors, their management and professionals, the Court, the Clerk's office and all parties in interest. Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the debtor cases, thereby saving the Debtors' estates considerable expense and resources.

12. The Debtors believe that the majority of the applications, hearings and orders to be made, held and entered in these cases will affect all three Debtors. Accordingly, the Debtors believe that the burdens on the Clerk and the Court would be substantially increased if separate dockets were maintained for each of the Debtors. Without an order directing joint administration, originals of virtually every pleading, motion, application, notice and order would have to be duplicated and filed and served in each of the three cases.

13. Accordingly, joint administration and procedural consolidation will facilitate the efficient and economical administration of these cases, promote the interests and convenience of the parties and reduce costs and expedite administration. Further, supervision of the administrative aspects of these cases by the United States Trustee will be simplified.

14. The Debtors believe that no party in interest will be prejudiced by the relief requested in this motion. The rights of creditors will not be adversely affected because the relief requested is purely procedural and is not intended to affect the substantive rights of any party. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

15. Each creditor will still be required to file a claim against the particular debtor or estate, or Debtors or estates, allegedly responsible for such debt.

16. Accordingly, the Debtors respectfully request that the Court modify the caption of their cases to reflect the joint administration of these chapter 11 cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re:

**85 FLATBUSH RHO MEZZ LLC,**
**85 FLATBUSH RHO HOTEL LLC, and**
**85 FLATBUSH RESIDENTIAL LLC**,

                       Debtors.

-----------------------------------------------------------X

Chapter 11

Case Nos.:  20-23280-rdd through
              20-23282-rdd

(Jointly Administered)

17.     The Debtors respectfully request that the docket of the jointly administered cases be maintained under the case number assigned to 85 Flatbush RHO Mezz LLC, Case No. 20-23280-rdd.  The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket sheet in the cases of 85 Flatbush RHO Hotel LLC, Case No. 20-23281-rdd,  and 85 Flatbush Residential LLC, Case No. 20-23282-rdd:

> An order has been entered in this case, directing the joint administration of this case with the case of 85 Flatbush RHO Mezz LLC, Case No. 20-23280-rdd.

18.     Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee Operating Guidelines on a consolidated basis, provided that separate allocations of disbursements will be made for each debtor.  Consolidated monthly operating reports will further administrative economy and efficiency without prejudice to any party in interest.

## NOTICE

19. Notice of this motion has been given to the Office of the United States Trustee for the Southern District of New York. The Debtors believe that such notice is sufficient under the circumstances and that no further notice need be given to any party.

## CONCLUSION

20. For the reasons stated above, the Debtors request that these bankruptcy cases be jointly administered.

21. No prior request for this relief has been made to this or any other court.

WHEREFORE, the Debtors seek the entry of an order: (i) directing the joint administration of their estates pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b); and (ii) granting to the Debtors such other and further relief as is just and appropriate.

Dated: New York, New York
December 18, 2020

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

By: /s/Fred B. Ringel
Fred B. Ringel
Lori Schwartz
875 Third Avenue
New York, New York 10022
(212) 603-6300
Proposed Attorneys for the Debtors