**Hearing Date: April 6, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 24, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Lauren Macksoud
Charles E. Dorkey, III
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
Email: lauren.macksoud@dentons.com
          charles.dorkey@dentons.com
          sarah.schrag@dentons.com


Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>　　85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>　　　　　　　　Debtors | Case No. 20-23280 (RDD)<br>Chapter 11<br><br><br>(Jointly Administered) |

**NOTICE OF HEARING ON TH HOLDCO LLC'S MOTION TO APPROVE**
**(I) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT,**
**(II) SOLICITATION AND NOTICE PROCEDURES,**
**(III) FORMS OF BALLOTS, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

---

[1] The Debtors (as defined) in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: 85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

**PLEASE TAKE NOTICE** that on February 24, 2022, TH Holdco LLC ("TH Holdco") as creditor filed *TH Holdco LLC's Motion to Approve the (I) Adequacy of Information in the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), at the Court, 300 Quarropas Street, White Plains, New York 10601, on **April 6, 2022, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any party who wishes to attend the hearing must register an appearance utilizing the Electronic Appearance portal on the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. The hearing will be conducted via Zoom and a link to the Zoom hearing will be provided by the Court by email in advance of the hearing. Zoom for Government instructions can be found at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re 85 Flatbush RHO Mezz LLC*, Case 20-23280 (RDD) (*jointly administered*) by registered users of the Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served on the undersigned counsel and all parties who have entered an appearance in this case so as to be

2

20-23280-rdd    Doc 158    Filed 02/24/22    Entered 02/24/22 09:34:17    Main Document
Pg 3 of 27

actually received by **March 24, 2022, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, TH Holdco shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.

Dated: February 24, 2022                **DENTONS US LLP**
      New York, New York

                                  */s/ Lauren M. Macksoud*
                                  Lauren M. Macksoud
                                  1221 Avenue of the Americas
                                  25th Floor
                                  New York, New York 10020
                                  Telephone: (212) 768-6700
                                  Facsimile:  (212) 768-6800

                                  *Counsel to TH Holdco LLC*

3

**Hearing Date: April 6, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 24, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Lauren Macksoud
Charles E. Dorkey, III
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
Email: lauren.macksoud@dentons.com
          charles.dorkey@dentons.com
          sarah.schrag@dentons.com

Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>  85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>        Debtors | Case No. 20-23280 (RDD)<br>Chapter 11<br><br><br>(Jointly Administered) |

**TH HOLDCO LLC'S MOTION TO APPROVE**
**(I) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT,**
**(II) SOLICITATION AND NOTICE PROCEDURES,**
**(III) FORMS OF BALLOTS, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

---

[1] The Debtors (as defined) in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include:  85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

TH Holdco LLC ("TH Holdco") respectfully files this motion (the "Motion") seeking the relief set forth below and states the following in support:

## I.   Relief Requested

1.     TH Holdco seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the following:[2]

> **a.**    ***Adequacy of Information in the Disclosure Statement.***  The Disclosure Statement, as containing "adequate information" pursuant to § 1125 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code");[3]
>
> **b.**    ***Solicitation and Voting Procedures.***  The procedures substantially in the form attached to the Order as **Exhibit 1** for: (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures");
>
> **c.**    ***Ballots.***  The forms of ballots (collectively, the "Ballots"), attached to the Order as **Group Exhibit 2**, respectively;
>
> **d.**    ***Non-Voting Status Notices.***  The following notices: (i) the form of notice applicable to holders of Claims that are Unimpaired under the Plan and who are, pursuant to § 1126(f), conclusively presumed to accept the Plan; (ii) the form of notice applicable to holders of Interests that are Impaired under the Plan and who are, pursuant to § 1126(g), conclusively deemed to reject the Plan; and (iii) the form of notice applicable to holders of Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim (each, a "Non-Voting Status Notice"), substantially in the forms attached to the Order as **Exhibits 3, 4, and 5**, respectively;
>
> **e.**    ***Solicitation Packages.***  The forms of solicitation packages and finding that the solicitation materials and documents included in the solicitation packages (the "Solicitation Packages") that will be sent to, among others, holders of Claims entitled to vote to accept or reject the Plan, comply

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 151] (as may be amended, supplemented, or modified from time to time, the "Plan"), a copy of which is also attached as **Exhibit A** to the *Disclosure Statement Relating to the Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 152] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement").

[3] Unless otherwise specifically stated, all references to "§" or "section" herein are to a section of the Bankruptcy Code; all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); all references to "Local Rule" are to the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

with Rules 3017(d) and 2002(b);

f.   ***Cover Letter.***   The form of letter (the "Cover Letter") that TH Holdco will send to holders of Claims entitled to vote to accept or reject the Plan, urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as **Exhibit 6**;

g.   ***Confirmation Hearing Notice.***   The form and manner of notice of the hearing to consider Confirmation of the Plan (the "Confirmation Hearing" and, the notice thereof, the "Confirmation Hearing Notice"), substantially in the form attached to the Order as **Exhibit 7**;

h.   ***Plan Supplement Notice.***   The form of notice related to the filing of the Plan Supplement, substantially in the form attached to the Order as **Exhibit 8** (the "Plan Supplement Notice");

i.   ***Assumption and Rejection Notices.***  The form of notices to be sent to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan, (the "Assumption Notice" and the "Rejection Notice", respectively) substantially in the forms attached to the Order as **Exhibits 9 and 10**, respectively; and

j.   ***Confirmation Timeline.***   Establishing the following dates and deadlines, subject to modification as necessary:

| Event | Date | Description |
|---|---|---|
| Deadline to Object to Voting Claims | April 7, 2022 | Date by which TH Holdco or the Debtors must file with the Court an objection or request for estimation to a Claim or Interest, for voting purposes only. |
| Voting Record Date | April 7, 2022 | Date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim (the "Voting Record Date"). |
| Solicitation Deadline | April 11, 2022 | Date by which TH Holdco must distribute Solicitation Packages, including Ballots, to holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline"). |
| Publication Deadline | April 15, 2022 | Date by which the TH Holdco will submit the Confirmation Hearing Notice in a format modified for publication (the "Publication Notice"). |

6

| Resolution Event Deadline | No later than 3 business days prior to the Voting Deadline | Date by which the holder of a Disputed Claim in the Voting Class must resolve (each, a "Resolution Event") any pending objection or request for estimation to the claim or interest in order to be eligible to vote. |
|---|---|---|
| Plan Supplement Filing Deadline | No later than 15 days prior to the Confirmation Hearing | Deadline to file the compilation of documents and information, if any, required to be disclosed in accordance with § 1129(a)(5); provided that, through the Effective Date, the Debtors and TH Holdco shall have the right to amend any schedules, exhibits, and the other documents contained in, and exhibits to, the Plan Supplement. |
| Voting Deadline | May 11, 2022, at 4:00 p.m., prevailing Eastern Time | Deadline by which **all** Ballots must be Properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by counsel to TH Holdco as balloting agent or such other balloting agent as the Court shall designate in the Order. |
| Plan Objection Deadline | May 11, 2022, at 4:00 p.m., prevailing Eastern Time | Deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline"). |
| Deadline to File Voting Report | On or before May 13, 2022 | Date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Deadline to File the Confirmation Brief and Plan Objection Reply | May 18, 2022, at 4:00 p.m., prevailing Eastern Time | Date by which TH Holdco shall file its brief in support of Confirmation (the "Confirmation Brief Deadline"), as well as the replies to objections to the Plan must be filed with the Court (the "Plan Objection Reply Deadline"). |
| Cure Obligation Objection Deadline | No later than 10 days after service of Assumption Notice | Date by which applicable counterparties to the Executory Contracts and Unexpired Leases must file an objection to assumption and/or the Cure Obligation proposed by TH Holdco or the Debtors (the "Cure Obligation Objection Deadline"). |
| Confirmation Hearing Date | May 23, 2022, at 10:00 a.m., prevailing Eastern Time, or the soonest date the Court is available thereafter | Date for the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing Date"). |
| Auction Date | Promptly after the Confirmation Hearing | Date for the auction for the sale of the Hotel Property and/or Residential Property to be held in accordance with the Sale and Bid Procedures (the "Auction") |

7

| Effective Date | Date by June, 2022 to be determined at the Confirmation Hearing | Date on which all conditions to the effectiveness of the Plan set forth in Section 10 of the Plan have been satisfied or waived in accordance with the terms of the Plan. |
|---|---|---|
| Rejection Damages Bar Date | 14 days following the Effective Date or the effective date of rejection, whichever is earlier | Deadline for filing a claim for Rejection Damages |
| Administrative Expense Claims Bar Date | 30 days following the Confirmation Date | Deadline for filing a claim for Administrative Expense |
| Professional Fee Claim Bar Date | 30 days following the Effective Date | Deadline for filing a final application for any Professional Person seeking allowance of a Professional Fee Claim for allowance of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date and in connection with the preparation and prosecution of such final application |
| Claims Objection Bar Date | 60 days following the Effective Date | Deadline for filing an objection to any Claim for all purposes (other than for voting purposes) unless otherwise ordered by the Court |
| Administrative Expense Claims Objection Bar Date | 60 days following the Effective Date | Deadline for filing an objection to a claim for Administrative Expense |
| Professional Fee Claim Objection Bar Date | 60 days following the Effective Date | Deadline for filing an objection to a Professional Fee Claim |

## II.   Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  TH Holdco confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are §§ 1125, 1126, and 1128,

8

Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Local Rules 3017-1, 3018-1, and 3020-1.

### III.    Background

5.      85 Flatbush RHO Mezz LLC ("Mezz") is the 100% owner of 85 Flatbush RHO Hotel LLC ("Hotel") and 85 Flatbush RHO Residential LLC ("Residential").    Hotel and Residential collectively own the property located at 85 Flatbush Extension, Brooklyn, New York, ("Property").    The Property is a 132,641 square foot, twelve-story, mixed-use property consisting of a 174-room boutique hotel on the first six (6) floors known as the Tillary Hotel Brooklyn, a 58,652 square foot 64-unit luxury multi-family building and a 5,642 square foot parking garage (together, "Hotel Property").    The residential component of the Property has nine (9) studios, twenty-six (26) one-bedroom units, and twenty-nine (29) two-bedroom units (together, "Residential Property").    Of the sixty-four (64) units, currently, five (5) are occupied.  [Docket No. 103].

6.      On December 18, 2020 ("Petition Date"), the Debtors filed separate voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Together with their petitions for relief, the Debtors have filed their schedules of assets and liabilities and lists of creditors and executory contracts required under § 521 and Bankruptcy Rule 1007.

7.      No committee, trustee, or examiner has been appointed in the Debtors' cases.

8.      The Debtors' cases are jointly administered for procedural purposes only under an order entered on December 28, 2020.  [Docket No. 20].

9.      On September 21, 2021, the Court entered an *Order Extending Exclusive Right to File a Plan of Reorganization and to Solicit Acceptances for the Debtors' Plan and For Related Relief* [Docket No. 125] (the "Exclusivity Order").    On November 24, 2021, the

US_Active\120425544\V-1

Debtors filed their *Plan of Reorganization of 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 142] (the "Debtors' Plan"); however, to date, they have not filed a Disclosure Statement or otherwise solicited acceptance of the Debtors' Plan or sought other relief with respect to Debtors' Plan or any extension of the exclusive period to solicit ballots with respect to the Debtors' Plan.  The Exclusivity Order provided that the Disclosure Statement was to be filed by January 24, 2022 and therefore, the Debtors' exclusivity periods have now expired.

### IV.    Plan Summary

10.    The Plan contemplates classifying holders of Claims and Interests into the following Classes of Claims and Interests for all purposes, including with respect to voting on and distributions under the Plan, pursuant to § 1126:[4]

| Class | Designation | Treatment | Entitled to Vote |
|-------|-------------|-----------|------------------|
| 1 | 85 Flatbush RHO Hotel Other Priority Claims | Unimpaired | No (presumed to accept) |
| 2 | 85 Flatbush RHO Residential Other Priority Claims | Unimpaired | No (presumed to accept) |
| 3 | TH Holdco Secured Claim | Impaired | Yes |
| 4 | 85 Flatbush RHO Hotel Other Secured Claims | Impaired | Yes |
| 5 | 85 Flatbush RHO Residential Other Secured Claims | Impaired | Yes |

---

[4] The Plan constitutes a separate Chapter 11 plan for each Debtor.  The classifications set forth in Classes shall be deemed to apply to each Debtor identified, except that Class 3 shall apply to each Debtors.  TH Holdco reserves the right to proceed to seek confirmation with respect to the Plan as to each Debtor separately and to proceed to confirm the Plan with respect to some but not all of the Debtors.

10

| 6 | 85 Flatbush RHO Hotel General Unsecured Claims | Impaired | Yes |
|---|---|---|---|
| 7 | 85 Flatbush RHO Hotel Existing Equity Interests | Impaired | Yes |
| 8 | 85 Flatbush RHO Residential General Unsecured Claims | Impaired | Yes |
| 9 | 85 Flatbush RHO Residential Existing Equity Interests | Impaired | Yes |
| 10 | 85 Flatbush Mezz Other Priority Claims | Impaired | Yes |
| 11 | 85 Flatbush Mezz Claim | Impaired | Yes |
| 12 | 85 Flatbush Mezz Other Secured Claims | Impaired | Yes |
| 13 | 85 Flatbush Mezz General Unsecured Claims | Impaired | Yes |
| 14 | 85 Flatbush Mezz Existing Equity Interests | Impaired | No (Deemed to Reject) |

11.    TH Holdco proposes to solicit votes to accept or reject the Plan from holders of Claims and Interests in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 (the "Voting Classes"). TH Holdco will not solicit votes to accept or reject the Plan from holders of Claims and Interests in Classes 1, 2, and 14 (collectively, the "Non-Voting Classes").

**V.    Basis for Relief**

**A.  The Court Should Approve the Disclosure Statement.**

**i.    The Standard of Approval for a Disclosure Statement.**

12.    Pursuant to § 1125, the proponent of a proposed Chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, § 1125(a)(1) states, in relevant part, as follows:

11

"[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

13.     A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties" (internal citation omitted)); *see also In re Amfesco Indus., Inc.*, No. CV-88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); *BSL Operating Corp. v. 125 E Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how-to-inform' section . . . . A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negation process between informed interested parties."). "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See*

12

US_Active\120425544\V-1

*Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *see also First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("the information required will necessarily be governed by the circumstances of the case").

14.     This Court and others acknowledge that determining what constitutes "adequate information" for the purpose of satisfying § 1125 resides within the broad discretion of the court. *See, e.g.*, *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a):  'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case.'" (quoting H.R. Rep. No. 595, at 408–09 (1977)); *see also In re River Village Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (same); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) (internal citations omitted) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis, with the determination being largely

13

within the discretion of the bankruptcy court."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507

(D. N.J. 2005) ("The information required will necessarily be governed by the circumstances

of the case.").

      15.    In making a determination as to whether a disclosure statement contains

adequate information as required by § 1125, courts typically look for disclosures related to

topics such as:

    a.    the events that led to the filing of a bankruptcy petition;

    b.    the relationship of the debtor with its affiliates;

    c.    a description of the available assets and their value;

    d.    the company's anticipated future;

    e.    the source of information stated in the disclosure statement;

    f.    the debtors' condition while in Chapter 11;

    g.    claims asserted against the debtor;

    h.    the estimated return to creditors under a chapter 7 liquidation;

    i.    the future management of the debtor;

    j.    the Chapter 11 plan or a summary thereof;

    k.    financial information, valuations, and projections relevant to a creditor's decision to accept or reject the Chapter 11 plan;

    l.    information relevant to the risks posed to creditors under the plan;

    m.    the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

    n.    litigation likely to arise in a nonbankruptcy context; and

    o.    tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424– 25 (Bankr. E.D. Tex. 1996); *see also In re*

*Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors

14

courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).

16.    Disclosure regarding all topics is not necessary in every case. *See In re U.S. Brass Corp.*, 194 B.R. at 424; *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

### ii.    The Disclosure Statement Contains Adequate Information in Accordance with § 1125.

17.    The Disclosure Statement provides "adequate information" to allow holders of Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains or will contain a number of categories of information that courts consider "adequate information," including:

| Topic | Summary | Location in Disclosure Statement |
|---|---|---|
| History of the Debtors and the Bankruptcy Filing | An overview of the Debtors' history, business, and capital structure, as well as an overview of the events leading to the Debtors' Chapter 11 filing. | Article II |
| Postpetition Developments | An overview of the material developments during these Chapter 11 Cases. | Article III |
| The Chapter 11 Plan Filed by TH Holdco | An overview of the classification and treatment of claims under TH Holdco's Chapter 11 Plan, with an explanation of the means for implementation of the Plan, including a description of the mechanics of funding the Plan, the distribution process, the proposed sale, the closing of the Chapter 11 Cases and the wind down process, the assumption and rejection of Executory Contracts and Unexpired Leases, as well as conditions precedent for and the effect of Confirmation of the Plan. . | Article IV |
| Mechanics of How the Plan May Be Accepted or Rejected | A description of the procedures for soliciting votes to accept or reject the Plan and for voting on the Plan, as well as an overview of Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan. | Article V |

US_Active\120425544\V-1

| U.S. Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | Article VI |
|---|---|---|
| Alternatives to the Plan | A description of the alternatives to the Plan that may be available to creditors, including a Chapter 7 liquidation or confirmation of an alternative plan such as the Debtor's Plan. | Article VII |
| Conclusion | A recommendation by TH Holdco that holders of Claims in the Voting Classes should vote to accept the Plan. | Article IX |

18.     Based on the foregoing, TH Holdco submits that the Disclosure Statement complies with all aspects of § 1125 and addresses the information set forth above in a manner that provides adequate information to holders of Claims entitled to vote to accept or reject the Plan.   Accordingly, TH Holdco submits that the Disclosure Statement contains "adequate information" and therefore should be approved.

### B. The Court Should Approve the Solicitation Materials and Timeline for Soliciting Votes on the Plan.

### i. The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline.

19.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."   Fed. R. Bankr. P. 3017(d).   Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a).   Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan.   *See* Fed. R. Bankr. P. 3017(c).

US_Active\120425544\V-1

20.     TH Holdco requests that the Court exercise its authority under Bankruptcy

Rules 3017(d) and 3018(a) to establish **April 7, 2022** as the Voting Record Date,

**April 11, 2022** as the Solicitation Deadline, and **May 11, 2022, at 4:00 p.m., prevailing**

**Eastern Time** as the Voting Deadline.  Moreover, TH Holdco proposes that, with respect to

any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if

the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account

of such Claim **only if**:  (a) all actions necessary to effectuate the transfer of the Claim

pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or

(b) the transferee files by the Voting Record Date (i) the documentation required by

Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor

supporting the validity of the transfer.  In the event a Claim is transferred after the Voting

Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the

holder of such Claim as of the Voting Record Date.

21.     TH Holdco requests that, after it distributes Solicitation Packages to holders of

Claims entitled to vote on the Plan by the Solicitation Deadline, the Court require that all

holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots so

that they are **actually received** by the undersigned counsel for TH Holdco or such other

balloting agent as may be designated by the Bankruptcy Court, on or before the Voting

Deadline.  Counsel for TH Holdco shall maintain a file of all original ballots received which

shall be available for inspection by counsel for the Debtors or any other party of record or the

Office of the United States Trustee upon request.

22.     The foregoing timing and materials will afford holders of Claims entitled to

vote on the Plan at least 28 days within which to review and analyze such materials and

subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline, consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the plan proponent must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims). Accordingly, TH Holdco requests that the Court approve the form of, and TH Holdco's proposed procedures for distributing, the Solicitation Packages to the holders of Claims in the Voting Classes.

### ii.    The Court Should Approve the Forms of the Ballots.

23.    In accordance with Bankruptcy Rule 3018(c), TH Holdco has prepared and customized the Ballots. Although based on Official Form No. 314, the Ballots have been modified to address the particular circumstances of these Chapter 11 Cases and include certain additional information that is relevant and appropriate for Claims in certain of the Voting Classes. The proposed form Ballots for each Voting Class are annexed as **Group Exhibit 2** to the Order, respectively. TH Holdco respectfully submits that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

### iii.   The Court Should Approve the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.

24.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d).

25.    In accordance with this requirement, TH Holdco proposes to send the Solicitation Packages to provide holders of Claims in the Voting Classes with the information

18

they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, on or before the Solicitation Deadline, TH Holdco will cause the Solicitation Packages to be distributed through the undersigned counsel for TH Holdco (by first-class U.S. mail) to those holders of Claims in the Voting Classes.   Each Solicitation Package will include the following materials:

     a.     a copy of the Solicitation and Voting Procedures;

     b.     a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope;

     c.     the Cover Letter;

     d.     the Disclosure Statement (and exhibits thereto, including the Plan);

     e.     the Order (without exhibits, except the Solicitation and Voting Procedures);

     f.     the Confirmation Hearing Notice; and

     g.     such other materials as the Court may direct.

26.    TH Holdco will distribute the Plan, the Disclosure Statement, the Order (without exhibits, except the Solicitation and Voting Procedures) to holders of Claims entitled to vote on the Plan in paper format, along with the Ballots, the Cover Letter, the Solicitation and Voting Procedures, and the Confirmation Hearing Notice.

27.    Additionally, TH Holdco will provide complete Solicitation Packages (excluding the Ballots) to the U.S. Trustee and all parties on the Bankruptcy Rule 2002 list (the "2002 List") as of the Voting Record Date.   TH Holdco is not required to mail Solicitation Packages or other solicitation materials to holders of Claims that have already been paid in full during these Chapter 11 Cases.

28.    TH Holdco respectfully requests that the undersigned counsel for TH Holdco

19

be authorized (to the extent not authorized by another order of the Court) to assist TH Holdco

in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots

cast to accept or reject the Plan by holders of Claims against the Debtors; (c) responding to

inquiries from holders of Claims and Interests and other parties in interest relating to the

Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other documents

and matters related thereto, including the procedures and requirements for voting to accept or

reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if

necessary, contacting creditors regarding the Plan.

### iv. The Proposed Notice of the Confirmation Hearing is Reasonable and Appropriate.

29.    TH Holdco will serve the Confirmation Hearing Notice on all known holders

of Claims and Interests and the 2002 List (regardless of whether such parties are entitled to

vote on the Plan) by no later than **April 11, 2022**.  The Confirmation Hearing Notice will

include the following:  (a) instructions as to how to view or obtain copies of the Disclosure

Statement (including the Plan and the other exhibits thereto), the Order, and all other

materials in the Solicitation Package (excluding Ballots) from the Court's website via

PACER; (b) notice of the Voting Deadline; (c) notice of the date by which TH Holdco will

file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the

Confirmation Hearing Date and information related thereto.

30.    Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it

finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed.

R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Confirmation

Hearing Notice, TH Holdco will publish the Publication Notice one time on or before the

Publication Deadline (*i.e.*, **April 15, 2022**) in the *Wall Street Journal (National Edition)*.  TH

Holdco believes that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail. Additionally, service and publication of the Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

### v.   The Proposed Plan Supplement Notice is Reasonable and Appropriate.

31.    The Plan defines "Plan Supplement" to mean a supplemental appendix to the Plan, which shall be filed with the Bankruptcy Court prior to the Confirmation Hearing, and additional documents filed with the Bankruptcy Court prior to the Effective Date as amendments to the Plan Supplement.  TH Holdco shall have the right to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date.  *See* Plan at Sections 1.65 and 13.3(b).  The Plan Supplement will include the following materials in connection with confirmation (each as defined in the Plan):  (a) the Assumed Executory Contract and Unexpired Lease List (the "Assumption Schedule"), if any; (b) the Rejected Executory Contract and Unexpired Lease List (the "Rejection Schedule"), if any; and (c) such other documents or modified documents or exhibits that will not be included in the Solicitation Package.

32.    To ensure that all holders of Claims receive notice of TH Holdco filing of the Plan Supplement, TH Holdco proposes to send the Plan Supplement Notice on the date TH Holdco files the Plan Supplement, or as soon as practicable thereafter.  Accordingly, the Plan Supplement Notice should be approved.

### vi.   The Proposed Form of Notices to Non-Voting Classes are Reasonable and Appropriate.

33.    As discussed above, the Non-Voting Classes are **not** entitled to vote on the

21

Plan.   As a result, they will **not** receive Solicitation Packages and, instead, TH Holdco proposes that such parties receive a Non-Voting Status Notice.   Specifically, in lieu of solicitation materials, TH Holdco proposes to provide the following to holders of Claims and Interests in Non-Voting Classes:

   a.   ***Unimpaired Claims—Conclusively Presumed to Accept.***   Holders of Claims in Classes 1 and 2 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.   As such, holders of such Claims will receive a notice, substantially in the form attached to the Order as **Exhibit 3**, in lieu of a Solicitation Package.

   b.   ***Interests in Debtors—Deemed to Reject.***   Holders of Interests in Class 14 are receiving no recovery under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to the Order as **Exhibit 4**, in lieu of a Solicitation Package.

   c.   ***Disputed Claims.***   Holders of Claims that are subject to a pending objection by the Debtors or TH Holdco are not entitled to vote the disputed portion of their Claim, unless the Bankruptcy Court allows them to vote in a separate order.   As such, holders of such Claims will receive a notice, substantially in the form attached to the Order as **Exhibit 5**.

34.   Each of the Non-Voting Status Notices will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) the Court's website via PACER; (b) notice of the Plan Objection Deadline; and (c) notice of the Confirmation Hearing Date and information related thereto.

22

US_Active\120425544\V-1

35.    TH Holdco believes that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Accordingly, unless the Court orders otherwise, TH Holdco does not intend to distribute Solicitation Packages to holders of Claims and Interests in the Non-Voting Classes.

36.    TH Holdco further requests that it not be required to mail Solicitation Packages or other solicitation materials to:  (a) holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

### vii.    The Proposed Notices to Contract and Lease Counterparties are Reasonable and Appropriate.

37.    Section 9.1 of the Plan provides that each of the Executory Contracts and Unexpired Leases not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to §§ 365 and 1123, unless such Executory Contract or Unexpired Lease:  (1) is specifically described in the Purchase Agreement as being assumed or assumed and assigned to Purchaser in connection with Confirmation of the Plan or under the Purchase Agreement; (2) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract; (3) was previously assumed or assumed and assigned to a third party during the pendency of the Chapter 11 Cases; or (4) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan.  *See* Plan at Section 9.1.  Additionally, Section 9.2 of the Plan provides that TH Holdco or the Debtors will provide notice of proposed assumption and proposed Cure Obligations to the applicable contract and lease counterparties, together with procedures for

23

objecting thereto and resolution of disputes by the Court. *Id.* at Section 9.2. Furthermore, Sections 9.1 and 9.3 of the Plan provide that TH Holdco or the Debtors will provide notice of the proposed rejection to the applicable contract and lease counterparties, together with procedures for filing proofs of claim based on such rejection and resolution of such claims. *Id.* at Sections 9.1 and 9.3.

38.     To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption or rejection of their Executory Contract or Unexpired Lease (and any corresponding Cure Obligations) pursuant to the Plan, TH Holdco will mail an Assumption Notice or a Rejection Notice, as appropriate, within the time periods specified in the Plan.

## C. The Proposed Solicitation and Voting Procedures are Reasonable and Appropriate.

### i.    The Standard for Approval of Solicitation and Voting Procedures.

39.     Section 1126(c) provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the plan. 11 U.S.C. § 1126(c).

40.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). Consistent with these requirements, TH Holdco proposes to use the Solicitation and Voting Procedures. The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as

24

described below.

### ii.   Completion of Ballots.

41.     To ease and clarify the process of tabulating all votes received, TH Holdco proposes that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Solicitation and Voting Procedures provide that TH Holdco not count a Ballot if it is, among other things, illegible, submitted by a holder of a Claim or Interest that is not entitled to vote on the Plan, unsigned, or not clearly marked. Further, TH Holdco, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

### iii.   General Ballot Tabulation and Voting Procedures.

42.     The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to holders of Claims, and tabulation of such votes.  TH Holdco believes that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the Solicitation and Voting Procedures will clarify any obligations of holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which TH Holdco can determine whether it has satisfied the numerosity requirements of § 1126(c).  Accordingly, TH Holdco submits that the Solicitation and Voting Procedures are in the best interests of the Estates, holders of Claims, and other parties in interest, and that good cause supports the relief requested herein.

### D.  The Proposed Confirmation Hearing Date is Reasonable and Appropriate.

43.     Section 1128 provides that a court shall hold a hearing on confirmation of a

25

plan and provides that parties in interest can object to confirmation. 11 U.S.C. § 1128. Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c). In accordance with Bankruptcy Rule 3017(c) and § 1128, TH Holdco requests that the Court establish **May 23, 2022**, as the initial Confirmation Hearing Date, or the soonest date the Court is available thereafter. TH Holdco further requests that the Confirmation Hearing may be continued from time to time by the Court or TH Holdco without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with the Court and served on the 2002 List.

## VI.    Non-Substantive Modifications

44.    TH Holdco requests authorization to make non-substantive changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Rejection Notices, Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution. Fed. R. Bankr. P. 3019.

## VII.    Motion Practice

45.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this motion. Accordingly, TH Holdco submits that this motion satisfies Local Rule 9013-1(a).

26

## VIII. <u>Notice</u>

46.    TH Holdco has provided notice of this motion to:  (a) the entities on the 2002 List, (b) all creditors listed on the matrix, the schedules, or who has filed a proof of claim in any of the cases and (c) any attorney who has filed a notice of appearance in any of the cases.

## IX. <u>No Prior Request</u>

47.    No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, TH Holdco respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 24, 2022            **DENTONS US LLP**
      New York, New York

                                   */s/ Lauren M. Macksoud*
                                   Lauren M. Macksoud
                                   1221 Avenue of the Americas
                                   25th Floor
                                   New York, New York 10020
                                   Telephone: (212) 768-6700
                                   Facsimile:  (212) 768-6800

                                   *Counsel to TH Holdco LLC*

US_Active\120425544\V-1