Jerry Montag
SEYFARTH SHAW LLP
620 8th Avenue
New York, NY 10018
Telephone: (212) 218-4646
Facsimile: (917) 344-1339
Email: jmontag@seyfarth.com

M. Ryan Pinkston (*pro hac vice* pending)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 544-1013
Facsimile: (415) 397-8549
Email: rpinkston@seyfarth.com

*Attorneys for 85 Flatbush Mezz LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 85 FLATBUSH RHO MEZZ LLC, *et al.*,[1] | Case No. 20-23280 (RDD) |
| Debtors. | Jointly Administered |

**SECURED CREDITOR 85 FLATBUSH MEZZ LLC'S OBJECTION TO
TH HOLDCO LLC'S MOTION TO APPROVE (I) THE ADEQUACY OF INFORMATION
IN DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE PROCEDURES, (III)
FORMS OF BALLOTS, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Secured creditor 85 Flatbush Mezz LLC ("Mezzanine Lender"), through its undersigned counsel, hereby objects to the Motion to Approve (I) the Adequacy of Information in Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto (Dkt. No. 158) (the "Motion") filed by creditor TH Holdco LLC (the "New Senior Lender"), as assignee of the Debtors' prepetition senior mortgage lender, 85 Flatbush Avenue 1 LLC (the "Original Senior Lender"), and hereby states as follows:

---

[1] The debtors in these chapter 11 cases are 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC (collectively, the "Debtors").

1.      As set forth in greater detail the adversary complaint (Dkt. No. 159) (the "Complaint") filed by the Mezzanine Lender against the New Senior Lender,[2] in 2019, the Debtors refinanced their hotel operations and real estate development project with separate, but interconnected, mortgage loans and mezzanine financing provided by the Original Senior Lender and the Mezzanine Lender, respectively. (*See also* Disclosure Statement, at 7.) The rights of the Original Senior Lender and the Mezzanine Lender vis-à-vis one another are set forth in a certain intercreditor agreement, dated September 19, 2019 (the "ICA"), a copy of which is annexed to the Complaint as Exhibit A. (*See id.*)

2.      Paramount among the rights provided to the Mezzanine Lender in the ICA, and of utmost importance here, are the Original Senior Lender's obligations to provide the Mezzanine Lender of notice of any "Purchase Option Event" and an opportunity to the Mezzanine Lender to elect to purchase the Original Senior Lender's "Senior Loan" for the "Loan Purchase Price" upon the occurrence of a "Purchase Option Event" (all terms not defined herein as defined in the ICA).

3.      As set forth in the Complaint, not only did the Original Senior Lender fail to provide the Mezzanine Lender with the required notices of Purchase Option Events on three separate occasions—on July 16, 2020, August 20, 2020, and December 18, 2020—but also the Original Senior Lender negotiated and consummated a sale and assignment of its Senior Loan to the New Senior Lender *without any prior notice whatsoever to the Mezzanine Lender*. As such, the Original Senior Lender's sale and assignment of its Senior Loan to the New Senior Lender constituted a breach of the ICA and seeks to improperly deprive the Mezzanine Lender of its absolute right to exercise its option to purchase the Senior Loan.

---

[2] A copy of the Complaint and exhibits thereto are annexed hereto as Exhibit 1, and the Complaint and the exhibits thereto are incorporated herein by reference.

4. On that backdrop, it is abundantly clear that the New Senior Lender's Motion cannot be granted and that the Court must not approve the New Senior Lender's recently filed disclosure statement (Dkt. No. 152) (the "Disclosure Statement") in support of the New Senior Lender's plan of liquidation (Dkt. No. 151) (the "Plan"). The Motion, the Disclosure Statement, and the Plan are all based on the false premise that the New Senior Lender's purchase and assignment of the Senior Loan is not subject to the Mezzanine Lender's purchase option rights. To the contrary, as set forth in the Complaint, the Mezzanine Lender is entitled to an adjudication of its claims for declaratory relief and specific performance with respect to the ICA and to exercise its option to purchase the Senior Loan pursuant to the express terms of the ICA.

5. The Court necessarily must adjudicate the Mezzanine Lender's and the New Senior Lender's respective rights regarding the Senior Loan and resolve the Mezzanine Lender's recently filed adversary proceeding *before* the Court should permit the New Senior Lender proceed toward approval of its Disclosure Statement or solicitation of acceptance of its Plan. Indeed, the New Senior Lender's Disclosure Statement cannot possibly meet the requirement that it include "adequate information" as required by Bankruptcy Code Section 1125 given that it is silent regarding the Mezzanine Lender's purchase option rights and the present controversy between the Mezzanine Lender and the New Senior Lender. *See, e.g.*, *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999) ("[W]e cannot overemphasize the [proponent]'s obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'") (quotation omitted).

6. Furthermore, the New Senior Lender's Plan, premised upon that party's purported standing to enforce rights under the Senior Loan that belong instead to the Mezzanine Lender, is patently unconfirmable as a matter of law. *See, e.g.*, *In re Quigley Co.*, 377 B.R. 110, 115-116 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to

3

approve the disclosure statement must be denied, as solicitation of the vote would be futile."). A plan proposed by a purported creditor that has no legitimate interest to enforce in the case certainly cannot be confirmed.

7. No amendment of the Disclosure Statement or the Plan will cure the material defect at issue, and simple disclosure of the instant dispute will fail to provide the Debtors, creditors, and other parties in interest with adequate information regarding which party, the Mezzanine Lender or the New Senior Lender, has superior rights in the Senior Loan. Accordingly, the Mezzanine Lender submits that the Court should deny the Motion and stay any further consideration of the New Senior Lender's Disclosure Statement and Plan until such time as the Mezzanine Lender's Complaint has been fully and finally resolved.

8. For the avoidance of doubt, the Mezzanine Lender hereby reserves all rights, including, without limitation, its right to object to approval of the New Senior Lender's Disclosure Statement on additional grounds, to oppose confirmation of the New Senior Lender's Plan, and to object to any amendments or revisions to either the Disclosure Statement or the Plan.

| | |
|---|---|
| Dated: March 24, 2022<br>San Francisco, California | SEYFARTH SHAW LLP<br><br>By: /s/ *M. Ryan Pinkston*<br>M. Ryan Pinkston (*pro hac vice* pending)<br>SEYFARTH SHAW LLP<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105<br>Telephone:  (415) 544-1013<br>Facsimile:  (415) 397-8549<br>Email:  rpinkston@seyfarth.com<br><br>Jerry A. Montag<br>SEYFARTH SHAW LLP<br>620 8th Avenue<br>New York, NY  10018<br>Telephone:  (212) 218-4646<br>Facsimile:  (917) 344-1339<br>Email:  jmontag@seyfarth.com<br><br>*Attorneys for 85 Flatbush Mezz LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, I caused a true and correct copy of the foregoing **Secured Creditor 85 Flatbush Mezz LLC's Objection To TH Holdco LLC's Motion To Approve (I) The Adequacy Of Information In Disclosure Statement, (II) Solicitation And Notice Procedures, (III) Forms Of Ballots, And (IV) Certain Dates With Respect Thereto** to be served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

                          /s/ *M. Ryan Pinkston*
                          M. Ryan Pinkston

81006719v.1