# **EXHIBIT B**

# **Liquidation Analysis**

**Exhibit B**

**Updated Liquidation Analysis for Debtors**

TH Holdco LLC ("TH Holdco") has prepared this updated liquidation analysis of the hypothetical recoveries under a Chapter 7 scenario (the "Liquidation Analysis") to help holders of Claims and Interests in each of the Debtors' Estates decide whether to accept or reject the Plan.[1] The Liquidation Analysis indicates the values which may be obtained by Classes of Claims if all of the assets of the applicable Debtor are sold pursuant to a Chapter 7 liquidation, as an alternative to the Plan. The Liquidation Analysis is based on the assumptions discussed below.

Even if a plan is accepted by the holders of each class of claims and interests, the Bankruptcy Code requires a bankruptcy court to determine that such plan is in the best interests of all holders of claims or interests that are impaired by that plan and that have not accepted that plan. The "best interests" test, as set forth in § 1129(a)(7) of title 11 of the United States Code, §§ 101, *et seq*. (the "Bankruptcy Code"), requires a bankruptcy court to find either that (a) members of an impaired class of claims or interests have accepted the plan, or (b) that the plan will provide a party who has not accepted the plan with a recovery of property of a value, as of the effective date of the plan, that is not less than the amount that such holder would recover if the applicable debtor were liquidated under Chapter 7 of the Bankruptcy Code.

The Liquidation Analysis below reflects TH Holdco's estimates of the proceeds that would be realized if each of the Debtors were to be liquidated in accordance with Chapter 7 of the Bankruptcy Code. The Liquidation Analysis is based on the Debtors' projected assets as of January 31, 2022 (the latest Monthly Operating Reports filed by the Debtors) and the Debtors' own liquidation analysis at pages 52 and 53 of the Debtors' Disclosure Statement filed on March 30, 2022. Underlying the Liquidation Analysis are a number of estimates and assumptions that, although developed and considered reasonable by management, are inherently subject to significant economic and competitive uncertainties and contingencies beyond the control of the Debtors' and their management or TH Holdco and its management, and are based upon assumptions with respect to liquidation decisions which could be subject to change.

**AS ANY ANALYSIS OF A HYPOTHETICAL LIQUIDATION IS NECESSARILY SPECULATIVE, THERE CAN BE NO ASSURANCE THAT THE VALUES REFLECTED IN THE LIQUIDATION ANALYSIS WOULD BE REALIZED IF THE DEBTORS WERE, IN FACT, TO UNDERGO SUCH A LIQUIDATION, AND ACTUAL RESULTS COULD VARY MATERIALLY FROM THOSE SHOWN HERE. FURTHERMORE, NEITHER THE ANALYSIS, NOR THE FINANCIAL INFORMATION ON WHICH IT IS BASED, HAS BEEN EXAMINED OR REVIEWED BY INDEPENDENT ACCOUNTANTS IN ACCORDANCE WITH STANDARDS**

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in TH Holdco's *Amended Disclosure Statement Relating to the Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. __] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") or *Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. __] (as may be amended, supplemented, or modified from time to time, the "Plan"), respectively.

120373495\V-6

**PROMULGATED BY THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS.**

The Liquidation Analysis prepared by TH Holdco is based in part on the Debtors' Schedules and filed proofs of claim, the Debtors' Disclosure Statement and filed monthly operating reports. TH Holdco did not conduct any independent review or analysis of the Debtors' Schedules, monthly operating reports, and filed proofs of claims, and any objections to such claims have not been filed and/or fully litigated. Therefore, there can be no assurances of the amount of the Allowed Claims at this time, and the actual amount of the Allowed Claims may be greater or lower than estimated. To calculate the probable distribution to holders of each impaired class of claims and interests if a debtor was liquidated under Chapter 7, a bankruptcy court must first determine the aggregate dollar amount that would be generated from a debtor's assets if its Chapter 11 case were converted to or filed as a Chapter 7 case under the Bankruptcy Code.

The Liquidation Analysis also assumes that the liquidation of each of the Debtors would commence under the direction of a Court-appointed Chapter 7 trustee and continue for six (6) months (but with no material going concern operations during the Chapter 7 period), during which time all of the Debtors' major assets (mainly consisting of the Hotel Property and Residential Property real estate) either would be sold or conveyed to the applicable lien holders and the cash proceeds, net of liquidation-related costs, would be distributed to creditors. Although some assets might be liquidated in less than six (6) months, other assets would be more difficult to collect or sell, thus potentially requiring a liquidation period longer than six (6) months. There would be certain holding costs such as real estate and other taxes, utilities and maintenance until the real estate is sold.

Costs of liquidation under Chapter 7 of the Bankruptcy Code would include the compensation of a Chapter 7 trustee, as well as compensation of counsel and other professionals retained by the Chapter 7 trustee, asset disposition expenses, all unpaid expenses incurred by the Debtors in their Chapter 11 Cases (such as compensation of attorneys, financial advisors, and accountants) that are allowed in the Chapter 7 cases, litigation costs, and holding and other costs of the Estates during the pendency of the Chapter 11 Cases. There may be additional marketing expenses and "learning curve" time if these Chapter 11 Cases were converted to Chapter 7. The Chapter 7 trustee may also attempt to assert a claim to a trustee's percentage fees.

Both the Plan proposed by TH Holdco and the Debtors' Plan provides that the transfer of the real property shall be exempt from transfer, stamp or similar taxes pursuant to § 1146(a) of the Bankruptcy Code. That exemption is not available in a Chapter 7 case and TH Holdco believes the need to pay transfer taxes in a Chapter 7 transfer of the Hotel Property and Residential Property would materially impact net proceeds or price versus a sale pursuant to a confirmed Chapter 11 plan.

# LIQUIDATION ANALYSIS
## COMPLETED BY TH HOLDCO

| Plan Proponent - Liquidation Analysis COMPLETED BY TH HOLDCO | |
|---|---|
| **Assets** | |
| Hotel and Residential Property, less holding costs | $75,000,000 |
| Estimated Cash on Hand and Other Assets | $1,000,000 |
| **Total Assets for Distribution in a Chapter 7 Case** | **$76,000,000** |
| **Liabilities** | |
| **Senior Mortgage Claim** | $85,158,815.99 (Pre-Petition Portion Only) |
| **Other Secured Claims Against Hotel and Residential** | $0 |
| **Chapter 7 Administrative Expenses** | $500,000.00 - $1,000,000.00 |
| **Net Proceeds After Secured Claims at Hotel and Residential & Chapter 7 Admin. Fees** | **($0.00)** |
| Chapter 11 Administrative Expenses | $400,000.00 - $500,000.00 |
| **Net Proceeds After Chapter 11 Admin. Fees** | **($0.00)** |
| **Mezz Secured Debt (if Pledged Equity has Value)** | $7,787,500.00 (Subject to Intercreditor Agreement with Senior Mortgage Claim) |
| **Chapter 11 Priority Claims** | $2,578,563.12 (Mezz Priority Claims are subordinate to all Hotel & Residential Claims) |
| **Chapter 11 Unsecured Claims** | $4,912,227.01 (Mezz Unsecured Claims are subordinate to all Hotel & Residential Claims) |
| **Total Chapter 11 Priority Claims** | $2,578,563.12 |
| **Remaining Proceeds** | $0.00 |
| **Total Chapter 11 Unsecured Claims** | $4,912,227.01 |
| **Remaining Proceeds** | $0.00 |
| **Estimated Liquidation Recovery** | **0%** |
| **Hotel Claims** | |
| Priority Claims | $859,710.68 |
| Secured Claims | $85,158,815.99 |
| Other Unsecured Claims | $2,570,342.13 |
| **Residential Claims** | |
| Priority Claims | $0.00 |
| Secured Claims | $85,158,815.99 |
| Other Unsecured Claims | $1,175,320.00 |
| **Mezz Claims** | |
| Priority Claims | $1,119,193.86 |
| Secured Claims | $7,787,611.90 |
| Other Unsecured Claims | $1,166,564.88 |

| Summary by Class of Distribution in Chapter 7 Liquidation vs. Chapter 11 Plan | | | | |
|---|---|---|---|---|
| | Estimated Liquidation Proceeds | Estimated Liquidation Recovery | Estimated Chapter 11 Proceeds | Estimated Chapter 11 Recovery |
| **Class 1  (85 Flatbush RHO Hotel Other Priority Claims)** | | 0% | **Plan Fund** | **100%** |
| **Class 2  (85 Flatbush RHO Residential Other Priority)** | | 0% | **Plan Fund** | **100%** |
| **Class 3  (TH Holdco Secured Claim)** | **$76 million** | **86% of pre-petition amount** | **Credit Bid** | **More than 100% of pre-petition amount** |
| **Class 4  (85 Flatbush RHO Hotel Other Secured Claims)** | | No Claims | No Claims | 100% |
| **Class 5  (85 Flatbush RHO Residential Other Secured Claims)** | | No Claims | No Claims | 100% |
| **Class 6  (85 Flatbush RHO Hotel General Unsecured Claims)** | $0.00 | 0% | **$1,250,000 Dedicated Fund (for Classes 6 and 8) plus payment in full by first anniversary of the Effective Date** | **100%** |
| **Class 7  (85 Flatbush RHO Hotel Existing Equity Interests)** | $0.00 | 0% | $0 | 0% |
| **Class 8  (85 Flatbush RHO Residential General Unsecured Claims)** | $0.00 | 0% | **$1,250,000 Dedicated Fund (for Classes 6 and 8) plus payment in full by first anniversary of the Effective Date** | **100%** |
| **Class 9  (85 Flatbush RHO Residential Existing Equity Interests)** | $0.00 | 0% | $0 | 0% |
| **Class 10  (85 Flatbush Mezz Other Priority Claims)** | $0.00 | 0% | $0 | 0% |
| **Class 11  (85 Flatbush Mezz Claims)** | $0.00 | 0% | $0 | 0% |
| **Class 12  (85 Flatbush Mezz Other Secured Claims)** | $0.00 | 0% | $0 | 0% |
| **Class 13  (85 Flatbush Mezz General Unsecured Claims)** | $0.00 | 0% | $0 | 0% |
| **Class 14 (Insider General Unsecured Claims)** | $0,00 | 0% | $0 | 0% |
| **Class 15  (85 Flatbush Mezz Existing Equity Interests)** | $0.00 | 0% | $0 | 0% |

120373495\V-6