| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date and Time:<br>May 16, 2022 at 10:00 |

In re:

85 FLATBUSH RHO MEZZ LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 20-23280 (RDD)

Jointly Administered

**SECURED CREDITOR 85 FLATBUSH MEZZ LLC'S OBJECTION TO
TH HOLDCO LLC'S SECOND AMENDED DISCLOSURE STATEMENT**

Secured creditor 85 Flatbush Mezz LLC ("Mezzanine Lender"), through its undersigned counsel, hereby objects to the Second Amended Disclosure Statement (ECF No. 193) (the "Amended Disclosure Statement") filed by creditor TH Holdco LLC (the "New Senior Lender"), as assignee of the Debtors' prepetition senior mortgage lender, 85 Flatbush Avenue 1 LLC (the "Original Senior Lender"), and hereby states as follows:

1. In the Mezzanine Lender's view, the Amended Disclosure Statement continues to contain a structural flaw relating to the timing of an auction sale in juxtaposition to the determination of the Mezzanine Lender's pending Adversary Proceeding concerning enforcement of certain purchase option rights under the parties' Intercreditor Agreement ("ICA"). As noted in the Amended Disclosure Statement, the Mezzanine Lender has commenced suit seeking declaratory judgment and an award of specific performance directing the New Senior Lender to sell and assign the Senior Loans to the Mezzanine Lender based upon a Loan Purchase Price calculated as of July 16, 2020, when the first Purchase Option Notice should have been issued.

2. The Mezzanine Lender previously filed an Objection (ECF No. 160) to the original Plan and Disclosure Statement, contending that the Adversary Proceeding should be adjudicated in advance of permitting the New Senior Lender to proceed with confirmation. The Objection was

---

[1] The debtors in these chapter 11 cases are 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC (collectively, the "Debtors").

overruled in favor of allowing the Adversary Proceeding and plan confirmation process to proceed on dual tracks. The Court observed that the Adversary Proceeding can be addressed as part of the auction process. This point was noted on the record on page 15 as follows:

> I don't see it as, again, a bar to proceeding with the disclosure statement, which both paragraph 11 of the Debtor's objection and paragraphs six and seven of the MEZZ lender's objection contends. I just don't see it. I think that it can be dealt with, as Mr. Nash says, in the auction process so –

3.  Consistent with the Court's observation, the Mezzanine Lender made various comments to the draft Amended Disclosure Statement providing that while all marketing and noticing could and should occur during the pendency of the Adversary Proceeding, the auction itself would not occur until after conclusion of the Adversary Proceeding. The Adversary Proceeding can and should be litigated expeditiously so as to not unnecessarily delay the process. These comments were transmitted to counsel for the New Secured Lender in blackline form, and were summarily disregarded. Instead, the Amended Disclosure Statement as filed merely states that the New Senior Lender disagrees and will seek a determination on this point from the Court.

4.  Moreover, the Amended Disclosure Statement fails to discuss the potential repercussions of the Adversary Proceeding. If the Mezzanine Lender is successful and obtains a judgment of specific performance for the exercise of its purchase option right, it will effectively step into the shoes of the New Senior Lender as the secured creditor of the Debtor. At that time, it will make its own determination of whether to proceed with the auction sale, if so, whether it will credit bid, and, if the Mezzanine Lender decides to credit bid, how it will address the other classes of creditors. The Amended Disclosure Statement does not provide any information whatsoever to creditors regarding the possibility that the New Senior Lender's Plan may be substantially modified or even withdrawn by the Mezzanine Lender after the conclusion of the Adversary Proceeding.

5. For the Court's ready reference, the Mezzanine Lender's proposed changes to the Amended Disclosure Statement are attached hereto, redlined as best as we are able to the filed document.

6. The Mezzanine Lender has important and legitimate claims under the ICA which should be resolved before the Property is actually sold. Accordingly, the Mezzanine Lender urges that the Court not approve the Amended Disclosure Statement without the proposed changes sought by the Mezzanine Lender, as well as corresponding changes to the Second Amended Plan.

Dated: New York, NY
       May 10, 2022

                                  Goldberg Weprin Finkel Goldstein LLP
                                *Attorneys for the Mezzanine Lender*
                                1501 Broadway, 22nd Floor
                                New York, NY 10036

                                By:    /s/ Kevin J. Nash, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2021, I caused a true and correct copy of the foregoing **Secured Creditor 85 Flatbush Mezz LLC's Objection to Debtors' Second Amended Disclosure Statement** to be served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

*/s/ J. Ted Donovan*