**Hearing Date: May 16, 2022, at 10:00 a.m. (prevailing Eastern Time)**

Lauren Macksoud
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
Email: lauren.macksoud@dentons.com
          sarah.schrag@dentons.com


Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>Debtors | Case No. 20-23280 (RDD)<br>Chapter 11<br><br><br>(Jointly Administered) |

**TH HOLDCO LLC'S REPLY TO THE DEBTORS' OBJECTION AND THE MEZZ
LENDER'S OBJECTION TO TH HOLDCO LLC'S
<u>SECOND AMENDED DISCLOSURE STATEMENT</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include:  85 Flatbush RHO Mezz LLC (6184) (the "<u>Mezz Debtor</u>"); 85 Flatbush RHO Hotel LLC (5027) (the "<u>Hotel Debtor</u>"); and 85 Flatbush RHO Residential LLC (2261) and (the "<u>Residential Debtor</u>", and together with the Mezz Debtor and the Hotel Debtor, the "<u>Debtors</u>").

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................................................ iii

**INTRODUCTION** ........................................................................................................... 1

**ARGUMENT** ................................................................................................................ 7

    **A.**    **To the Extent TH Holdco is Unable to Resolve the Debtors' Objection, the Court Should Overrule Such Objections and Approve TH Holdco's Motion**.................................................................................................... 7

    **B.**    **To the Extent TH Holdco is Unable to Resolve the Mezz Lender's Objection, the Court Should Overrule Such Objections and Approve TH Holdco's Motion.** ............................................................................... 10

**CONCLUSION** ............................................................................................................. 14

US_Active\121411880\V-5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
   361 B.R. 337 (S.D.N.Y. 2007) ...................................................................................... 11, 12

*Am. Civil Liberties Union v. Clapper*,
   785 F.3d 787 (2d Cir. 2015) ................................................................................................ 12

*In re: AMR Corp.*,
   502 B.R. 23 (Bankr. S.D.N.Y. 2013) ................................................................................... 13

*In re AMR Corp.*,
   No. 11-15463 (SHL), 2015 WL 2414750 (Bankr. S.D.N.Y. May 19, 2015) ......................... 13

*In re Brown*,
   No. 18-10617 (JLG), 2020 WL 3264057 (Bankr. S.D.N.Y. June 10, 2020) .................... 11, 12

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*,
   598 F.3d 30 (2d Cir.2010) .................................................................................................... 13

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
   559 F.3d 110 (2d Cir. 2009) ................................................................................................. 13

*In re Gen. Motors Corp.*,
   409 B.R. 24 (Bankr. S.D.N.Y. 2009) .................................................................................... 11

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*,
   596 F.2d 70 (2d Cir.1979) .................................................................................................... 12

*In re Lindsay*,
   No. 20-10339, 2021 WL 6137243 (Bankr. S.D.N.Y. Dec. 28, 2021) .................................... 11

*In re Lyondell Chem. Co.*,
   402 B.R. 571 (Bankr. S.D.N.Y. 2009) .................................................................................. 12

*In re MF Glob. Holdings Ltd.*,
   562 B.R. 55 (Bankr. S.D.N.Y. 2017) .................................................................................... 12

*In re Purdue Pharms. L.P.*,
   619 B.R. 38 (S.D.N.Y. 2020) ............................................................................................... 12

*In re Sabine Oil & Gas Corp.*,
   551 B.R. 132 (Bankr. S.D.N.Y. 2016) .............................................................................. 11, 12

iii

*In re Soundview Elite Ltd.*,
   543 B.R. 78 (Bankr. S.D.N.Y. 2016) .............................................................. 12, 13

*In re Turner*,
   207 B.R. 373 (B.A.P. 2d Cir. 1997) ...................................................................... 11

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ...................................... 12, 13

*In re World Trade Ctr. Disaster Site Litig.*,
   503 F.3d 167 (2d Cir. 2007) ................................................................................. 11

## Rules and Statutes

Fed. R. Bankr. P. 7065 ............................................................................................ 12

Fed. R. Bankr. P. 8007 ............................................................................................ 10

Fed. R. Bankr. P. 8007 ............................................................................................ 10

Fed. R. Civ. P. 65 ............................................................................................... 12, 13

Fed. R. Civ. P. 65(c) ............................................................................................... 13

11 U.S.C. § 1125 ............................................................................................. 4, 7, 10

TH Holdco LLC ("TH Holdco") hereby files this reply (the "Reply") to (a) the objection [Docket No. 198] (the "Debtors' Objection") filed by the Debtors, and (b) the objection [Docket No. 199] (the "Mezz Lender's Objection") filed by 85 Flatbush Mezz LLC (the "Mezz Lender"), both of which oppose TH Holdco's continued motion [Docket No. 158] (the "Motion") seeking, *inter alia*, approval of the adequacy of TH Holdco's Second Amended Disclosure Statement filed on April 26, 2022 [Docket No. 193] (as may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement"),[2] and approval of updated solicitation packages, procedures, and ballots for voting on the Second Amended Plan filed on April 26, 2022 [Docket No. 190] (as may be amended, modified, and/or supplemented from time to time, the "Plan"). In support of the Motion, this Reply incorporates by reference TH Holdco's original Combined Response and all arguments stated therein [Docket No. 173] (the "Original Reply"), as well as the record in these cases including in the Adversary Proceeding, and respectfully states as follows:

## **INTRODUCTION**

1.      This is a relatively straight forward real estate case which has now been pending for seventeen (17) months. While the Debtors and their insiders continue to want yet more time for an insider transaction, and while the Mezz Lender is hoping to extract hold-up value, the market has spoken. Jones Lang LaSalle and the Debtors have conducted an extensive marketing process and have been unable to ascertain an offer in excess of TH Holdco's secured claim. If a better offer is available, such an offer can be presented at the Auction. But TH Holdco's Plan is a viable one, and it proposes to pay unsecured creditors in full. TH Holdco's Plan can be confirmed by June of 2022 and can go effective by late July or early August 2022. Given the facts and

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement.

circumstances of this case, any further delay in getting creditors paid is unwarranted and unproductive.

2. After the hearing on the Motion held on April 6, 2022, TH Holdco promptly addressed the Court's comments and the objections raised by the Debtors and the Mezz Lender, and then provided two rounds of updated drafts to the Debtors, the Mezz Lender, and other parties in interest before filing the Disclosure Statement on April 26, 2022. Despite TH Holdco's demonstrated intent to move full-speed ahead, neither the Debtors nor the Mezz Lender have moved forward with an alternative plan or shown any ability or willingness to fund a feasible and confirmable alternative plan.

3. Specifically, the Debtors have not filed any amendments in response to the Court's comments at the hearing on April 6, 2022 to the Debtors' plan [Docket No. 161] (the "Debtors' Plan") or disclosure statement [Docket No. 162] (the "Debtors' Disclosure Statement"), nor have they addressed TH Holdco's objections to the same (*see* the Original Reply). Instead, in the Debtors' Objection, they state that they are still "working to secure" a long-term lease from the New York City Department of Homeless Services ("DHS") (Objection at ¶ 7) and do not state anything about where the Debtors stand on obtaining a financing commitment letter or commitments for the proposed new value under the Debtors' Plan. The Debtors' counsel has stated this week to TH Holdco's counsel that the Debtors are not ready to move forward with the Debtors' Plan but "have not given up on it".

4. TH Holdco has shared a revised version of the Disclosure Statement and Plan with the Debtors in response to the Debtors' latest objection and then had meet and confer calls with the Debtors' counsel and received further comments by email from Debtors' counsel, which seem to have resolved most of the Debtors' Objections to the TH Holdco Disclosure Statement. A

2

current version of that Disclosure Statement and Plan, including redlines of the further minor changes since the currently filed versions, is being filed separately today.

5.     The Mezz Lender's Objection, which was filed late, is a clear violation of its obligations under the Intercreditor Agreement and should be stricken or disregarded.  The Mezz Lender's argument, that the Adversary Proceeding must be fully resolved with a final, non-appealable order before the Auction can commence, is an attempt to use the Adversary Proceeding to enjoin TH Holdco from going effective on its Plan and implementing its credit bid for months and perhaps years.  The Mezz Lender should not get a free injunction or free stay pending appeal.

6.     Although the Mezz Lender has made numerous statements that it intends to prosecute the Adversary Proceeding with haste, the Mezz Lender's pace has been anything but speedy.  Moreover, although the Mezz Lender's position in its original objection [Docket No. 160] (the "Mezz Lender's Original Objection") was that resolution of the Adversary Proceeding was a gating issue to approval of the Motion, which the Court summarily rejected (Transcript at 12 ("I'm just saying, I don't see how it's a gating item for pursuit of TH Holdco's plan.")), the Mezz Lender has since refused to move forward promptly, and has maintained that the Adversary Proceeding must be resolved by a final, non-appealable order before an Auction can take place.  The Mezz Lender's position is baseless and solely intended to extract hold-up value from TH Holdco, in violation of the Intercreditor Agreement.  TH Holdco, therefore, requests the Court approve the Disclosure Statement, including the proposed timeline for voting, confirmation, and the Auction set forth in the proposed Bid Procedures.  TH Holdco will continue to work diligently to resolve the Adversary Proceeding, but it cannot be underscored more:  at this point, the delay has been solely caused by the Mezz Lender.  Based on the Mezz Lender's actions to date, there is a real potential for the Mezz Lender to drag out the Adversary Proceeding for many months and perhaps

3

years, which is obviously untenable and does not benefit the Debtors' Estates or its many creditors besides the Mezz Lender.

7.      Additionally, it must be noted that the Mezz Lender sat on its purported rights for almost two years before commencing the Adversary Proceeding, and only did so as TH Holdco sought to move forward with confirmation of the Plan.  If there is insufficient time prior to an Auction to resolve the Mezz Lender's claims, that is solely of the Mezz Lender's own doing.  Further, to the extent that there are other forms of relief available to the Mezz Lender, nothing prevents the Mezz Lender from pursuing such relief after the Auction.

8.      The Debtors' Objection argues that TH Holdco's Disclosure Statement fails to contain adequate information under § 1125 of the Bankruptcy Code related to:  (a) the timeline for the auction process; (b) the basis for TH Holdco's Plan providing that the treatment, *i.e.*, payment, of the TH Holdco Secured Claim (Class 3) may potentially apply against the Mezz Debtor; (c) whether TH Holdco intends to "confirm the Mezz component of the Plan"; (d) the basis for TH Holdco asserting any unsecured deficiency claim against the Debtors or contributing any amount it would receive on account of its deficiency claim "if TH is taking title to the Property subject to its mortgage"; and (e) whether TH Holdco has the financial wherewithal to ensure plan funding obligations are met.  TH Holdco has addressed each of these issues with the Debtors' counsel and has made changes to the Disclosure Statement and the Plan to accommodate each issue.  To the extent the Debtors continue to object on any of these points, they should be overruled.

9.      Additionally, the Court should overrule the Mezz Lender's Objection.  The Mezz Lender argues that:  (i) the Auction cannot proceed before a final, non-appealable order is issued in the Adversary Proceeding, and (ii) TH Holdco is required to include a discussion of the "repercussions" of losing the Adversary Proceeding.

4

10.     First, the Mezz Lender's position that the Auction cannot move forward until after a final, non-appealable order is entered in the Adversary Proceeding is based on a misinterpretation of the Court's statement at the April 6, 2022 hearing.  In a discussion on the timing for the Adversary Proceeding, the Court commented that "I think that it can be dealt with, as Mr. Nash says, in the auction process so -- ".  Transcript at 15.  TH Holdco interpreted this to mean that the Adversary Proceeding could likely be resolved in conjunction with the Auction process and believes that the Court's comment was premised on the Mezz Lender's affirmative statement that it intended to move quickly to resolve the Adversary Proceeding, which the Mezz Lender has not done.  The Court's statement did not appear to be a mandate that the Auction could not proceed until after resolution of the Adversary Proceeding, as such a mandate would essentially give the Mezz Lender a free injunction and a free stay pending appeal.  Indeed, in April, counsel for the Mezz Lender confirmed with counsel for TH Holdco that the discovery process could be completed within 60 days (by mid-June, 2022).  However, while TH Holdco has clearly demonstrated its interest in moving the Adversary Proceeding along at a quick pace (*e.g.*, TH Holdco answered the complaint and issued notices of deposition and discovery requests to the Mezz Lender on April 4, 2022, the latter of which were never answered by the Mezz Lender, forcing TH Holdco to adjourn the aforementioned depositions (see May 11, 2022 letter to the Mezz Lender's counsel attached hereto as **Exhibit A**), the Mezz Lender's failure to reciprocate (*e.g.*, the Mezz Lender failed to issue discovery requests until May 4, 2022) shows that the Mezz Lender's promises to "litigate[] expeditiously so as to not unnecessarily delay the process" (Mezz Lender's Objection at ¶ 3) are hollow and that the Mezz Lender is simply interested in extracting hold-up value from TH Holdco.

11.     Not only is this untenable and in violation of the Intercreditor Agreement

US_Active\121411880\V-5

(Intercreditor Agreement at Section 1 (*see e.g.* Paragraph 26 of TH Holdco's Original Reply and definition of Mezzanine Lender Intercreditor Event of Default, at Section 9(d), and at Section 31), but it also delays and endangers distributions to the taxing authorities, the Chapter 11 Administrative Expenses, and the General Unsecured Claims. There is no other current viable plan that pays those Claims and there is no assurance there will be any such rival plan in the future that pays those Claims. If the current Plan as proposed by TH Holdco is not permitted to proceed to a prompt confirmation and closing, TH Holdco reserves the right to pursue a modified Plan or other relief such as a lift stay motion or a motion to convert or dismiss.

12.     Likewise, the Mezz Lender wrongfully attempts to disincentivize voters and thereby jeopardizes TH Holdco's chances at a successful Plan confirmation through the insertion of certain language in the Disclosure Statement discussing the "potential repercussions of the Adversary Proceeding." Mezz Lender's Objection at ¶ 4; Exhibit 1 of Mezz Lender's Objection at 6-8, 31, and 44. TH Holdco should not be required to insert the proposed "repercussions" language, which is clearly not supported by and indeed is contrary to the terms of the Intercreditor Agreement. *See e.g.*, Intercreditor Agreement at Section 9. This language, and the other Mezz Lender's remaining comments, are unacceptable and violate the Intercreditor Agreement.

13.     It is TH Holdco's Plan, and the Mezz Lender cannot amend it by fiat. TH Holdco is not willing to accept the Mezz Lender's changes to the TH Holdco Plan. The Mezz Lender can raise whatever confirmation objections it has (to the extent they do not violate the Intercreditor Agreement) and those confirmation objections do not need to be resolved at the adequacy of the Disclosure Statement hearing. Thus, the Mezz Lender's Objection should be overruled altogether.

14.     As such, TH Holdco asks that the Court overrule all objections, grant the Motion, allow TH Holdco to proceed with solicitation of its Plan now and set a confirmation hearing date

for June 2022.

## **ARGUMENT**

A.   **To the Extent TH Holdco is Unable to Resolve the Debtors' Objection, the Court
Should Overrule Such Objections and Approve TH Holdco's Motion.**

15.     The majority of the Debtors' arguments regarding their allegation that TH Holdco

has failed to provide adequate information are found in ¶ 16 of the Objection.  While TH Holdco

believes it has consensually resolved most of those adequacy objections with Debtors' counsel,

TH Holdco has already met its burden to provide adequate information in accordance with § 1125

of the Bankruptcy Code as discussed above and in TH Holdco's Original Reply.

16.     For instance, in response to ¶ 16(a) of the Debtors' Objection, TH Holdco has

revised the Plan and Disclosure Statement to clarify that TH Holdco will submit a fully-executed

Purchase Agreement before confirmation of the Plan whereas any other potential purchaser may

be required to provide their fully-executed Purchase Agreement after confirmation, which TH

Holdco proposes be held promptly after the Confirmation Order is entered.  To be clear, it is not

guaranteed an Auction will even take place.  Rather, the Auction is wholly dependent on whether

another qualified bidder presents itself.  TH Holdco has always contemplated holding the Auction

promptly after the Confirmation Hearing, meaning that the Purchase Agreement associated with

the winning bid (whichever that final one was) would be submitted to the Court as the final

Purchase Agreement.  *See, e.g.*, Sections 1.71 and 1.72 (defining "Purchase Agreement" and

"Purchaser").  Thus, as originally drafted, it is both correct that one or more Purchase Agreement(s)

will be submitted before the Confirmation Hearing as part of the bid qualification process (*see*

Section 10.1(a) (discussing a condition precedent to the Confirmation Hearing), and then

afterwards, depending on whether an auction takes place (*see* Sections 1.71 and 1.72).

17.     TH Holdco is willing to propose holding the Auction approximately thirty (30) days

after the Confirmation Hearing to allow a final market test that the TH Holdco Credit Bid is the highest and best bid unless this Court determines at the Confirmation Hearing that a further market test is not needed based on the factual record at the Confirmation Hearing.  That said, TH Holdco firmly believes that the marketing process to date demonstrates that TH Holdco's opening credit bid of $90 million plus the at least $3 million of additional cash and other consideration is by far the best offer the Debtors will receive on the Property.

18.      In ¶ 16(b) of the Debtors' Objection, the Debtors noted that TH Holdco's Plan provides that the treatment, *i.e.*, payment, of the TH Holdco Secured Claim (Class 3) could potentially apply against the Mezz Debtor.  TH Holdco believes there is a potential for recovery from the Mezz Debtor based on the language of the Intercreditor Agreement with the Mezz Lender.  *See* Intercreditor Agreement at Section 9(d).  This potential is the basis for leaving in language to that effect in the Plan.  Plan at 2; at Sections 3.6 and 4.3.  It appears this explanation is satisfactory to the Debtors.

19.      In ¶ 16(c) of the Debtors' Objection, the Debtors question whether TH Holdco will confirm the "Mezz component of the Plan."  TH Holdco confirmed that it does intend to proceed with its Plan in the Mezz Debtor's Estate, provided at least one impaired accepting class in that estate votes for the Plan and the confirmation standards are otherwise met with respect to that Mezz Estate.  TH Holdco reserves the right to vote the secured 85 Flatbush Mezz Claim (Class 11) in favor of its Plan pursuant to the power of attorney set forth in Section 9(d) of the Intercreditor Agreement.  It appears this confirmation is satisfactory to the Debtors.

20.      In ¶ 16(d) of the Debtors' Objection, the Debtors question the language TH Holdco uses to reserve its deficiency claim against guarantors and other non-Debtors.  TH Holdco has revised this language to make clear that TH Holdco will not pursue its deficiency claim to the

8

detriment of unsecured creditors, but that such deficiency claim may still be pursued against guarantors and non-Debtors.

21.    In ¶ 16(e) of the Debtors' Objection, the Debtors seek clarity on whether TH Holdco has the financial wherewithal to ensure plan funding obligations are met.  While TH Holdco is not in a position to provide the requested projections because of uncertainty as to when and how the Hotel Property and the Residential Property will reopen, TH Holdco and its affiliates do have the ability to fund the Plan and will file a form of Guaranty from an Ohana affiliate with substantial net worth.  That Guaranty will be enforceable by the Disbursing Agent or such other agent as may be appointed by this Court at the written direction of at least 50 percent of the holders of unpaid claim in a Class to be paid pursuant to the Guaranty.

22.    Finally, there are two other statements in the Debtors' Objection that warrant a response.  First, the Debtors state without explanation that they "believe that the adversary proceeding needs to be fully adjudicated before TH's Second Amended Plan and any attendant auction sale for the Property can go forward."  Debtors' Objection at ¶ 8.  This position, which piggy-backs on the Mezz Lender's Objection, is meritless.  Either it is asserted in furtherance of the Debtors' general stalling tactics to buy the Debtors' time to attempt to secure the ever-elusive, self-serving insider transaction, or it ignores the fact that the Debtors consented to the terms of the Intercreditor Agreement.

23.    Second, the Debtors state that because the Debtors' Disclosure Statement "is not presently before the Court," then TH Holdco's comparisons in its Disclosure Statement of the Debtors' Plan and TH Holdco's Plan are now inappropriate and "simply attacks on the Debtors' proposed plan and disclosure statement that add nothing to the TH Holdco disclosure and solicitation process."  Debtors' Objection at ¶ 17.  However, until the Debtors' state definitively

on the record that they will not move forward with the Debtors' Disclosure Statement and the Debtors' Plan, this comparison language is not only appropriate but vital to creditors understanding the facts of this case, which is required under § 1125 of the Bankruptcy Code. Alternatively, that language could be eliminated for now but with the right for TH Holdco to include similar language in a letter to be included in any solicitation package which may occur in the future for any plan of the Debtors which this Court allows to be sent out for voting to the creditors.

**B.**     **To the Extent TH Holdco is Unable to Resolve the Mezz Lender's Objection, the Court Should Overrule Such Objections and Approve TH Holdco's Motion.**

24.     As discussed in the Introduction and in TH Holdco's Original Reply, as well as pleadings filed by TH Holdco in the Adversary Proceeding, the Mezz Lender's Objection is without merit and further evidences that the Mezz Lender's desire is to extract hold-up value from TH Holdco. The Mezz Lender's position that the Auction cannot be held until after the Adversary Proceeding is finally resolved and non-appealable is tantamount to demanding that TH Holdco voluntarily consent to a temporary restraining order ("TRO") or preliminary injunction without the Mezz Lender posting any bond; however, the Mezz Lender cannot possibly meet the standards for a TRO or a preliminary injunction. Even assuming *arguendo* the Mezz Lender can establish grounds for injunctive relief (which TH Holdco denies), the Mezz Lender must in these circumstances post a security bond in exchange for any such relief, which the Mezz Lender has failed to do. Instead, the Mezz Lender attempts to sidestep all of the applicable procedural requirements, not to mention the express language of the Intercreditor Agreement.

25.     Rule 8007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides for a stay pending appeal, which is ordinarily subject to a bond or other security interest to protect the non-moving party. Bankruptcy Rule 8007 ("Ordinarily, a party must move first in

the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal . . . ."); *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) ("Moreover, if the movant 'seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement.'"). In the Second Circuit, there are four factors to be considered in issuing a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citations omitted). "Failure to satisfy one prong of this standard for granting a stay will doom the motion." *In re Turner*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997), as amended (Mar. 4, 1997) (citations omitted); *but see In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) ("However, the Second Circuit has never articulated such a rigid rule of law . . . treat[ing] the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed.").

26.     In any event, the movant bears a "heavy" burden, and the "decision . . . to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Gen. Motors Corp.*, 409 B.R. at 30; *see also In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016) (describing a stay as "extraordinary relief"). Indeed, stays pending appeal "are the exception, not the rule, and are granted only in limited circumstances." *In re Brown*, No. 18-10617 (JLG), 2020 WL 3264057, at *5 (Bankr. S.D.N.Y. June 10, 2020) (citations omitted).

27.     Regarding the factors, "the likelihood of success is typically the most important" (*In re Lindsay*, No. 20-10339, 2021 WL 6137243, at *2 (Bankr. S.D.N.Y. Dec. 28, 2021) (citations

11

omitted)), but irreparable harm is a "principal prerequisite" (*In re Brown*, No. 18-10617 (JLG), 2020 WL 3264057, at *6 (Bankr. S.D.N.Y. June 10, 2020)) that "must be neither remote nor speculative, but actual and imminent" (*In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007) (internal citations and quotations omitted)). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury that the plaintiff will suffer absent the stay; in other words, 'more of one excuses less of the other.'" *In re Sabine Oil & Gas Corp.*, 551 B.R. at 146. Additionally, the public interest favors "timely resolution of litigation." *In re Brown*, at *10.

28.    Bankruptcy Rule 7065 makes Federal Rule of Civil Procedure 65 applicable in adversary proceedings. "Injunctions under rule 7065 require a similar showing to that under Federal Rule of Civil Procedure 65: irreparable harm to the [movant] if the injunction does not issue, a likelihood that the injunction will aid the reorganization efforts, a balance of hardships favoring the party seeking relief, and benefits to the public interest." *In re Purdue Pharms. L.P.*, 619 B.R. 38, 45 (S.D.N.Y. 2020) (citing *In re Lyondell Chem. Co.*, 402 B.R. 571, 587-88 (Bankr. S.D.N.Y. 2009)).

29.    However, in the Second Circuit, the court may weigh these factors and must find: "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *In re Soundview Elite Ltd.*, 543 B.R. 78, 116 (Bankr. S.D.N.Y. 2016). (citing *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70 (2d Cir.1979)); *see also In re MF Glob. Holdings Ltd.*, 562 B.R. 55, 64 (Bankr. S.D.N.Y. 2017) (citing *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)).

US_Active\121411880\V-5

The irreparable harm requirement is the "single most important prerequisite," which requires the movant to demonstrate that it will "suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).

30.     Moreover, "the issuance of a preliminary injunction is an equitable remedy and within the discretion of the court." *In re Soundview Elite Ltd.*, 543 B.R. at 116; *see also In re: AMR Corp.*, 502 B.R. 23, 32 (Bankr. S.D.N.Y. 2013) (discussing the "broad level of discretion vested with the trial court"); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 24 ("A preliminary injunction is an extraordinary remedy never awarded as of right."). "[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction." *In re AMR Corp.*, No. 11-15463 (SHL), 2015 WL 2414750, at *1 (Bankr. S.D.N.Y. May 19, 2015). "A party's burden on the first factor [likelihood of succeeding on the merits] may be lessened if the plaintiff shows that 'the balance of hardships tips decidedly in its favor.'" *Id.* (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir.2010)). Nevertheless, "[i]njunctive relief is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *In re AMR Corp.*, at *4 (internal quotations omitted).

31.     Additionally, Rule 65(c) requires the Mezz Lender to provide security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65.

32.     Further, even if the Adversary Proceeding is ruled upon by this Court before the Auction date and the Court rules in favor of TH Holdco, by seeking to add language on that order being final, the Mezz Lender is seeking an advanced stay pending appeal without posting an appeal

bond which has a similar high standard of proof on the party seeking the stay relief.

33.     Thus, the law in the Second Circuit is clear.  Injunctive relief is not granted as a right, but is something the Court must determine *after* the Mezz Lender meets its burden of demonstrating irreparable harm and the likelihood of success on the merits, or at least a sufficiently serious question regarding the merits, and *after* the Mezz Lender submits a security bond with the Court.  The Mezz Lender has not even attempted to meet this heavy burden of proof, nor can it. At this juncture, there is no basis to require TH Holdco to wait to conduct the Auction until after the Adversary Proceeding is finally resolved by a non-appealable order.  This demand by the Mezz Lender is particularly egregious since TH Holdco has done everything within its power to move the Adversary Proceeding forward.

### **CONCLUSION**

This Court should (i) overrule the Debtors' Objection and the Mezz Lender's Objection, to the extent they are not withdrawn or otherwise resolved; (ii) grant TH Holdco's Motion and approve the Disclosure Statement as disclosing adequate information and approve the solicitation packages, procedures, and ballots for voting on the Plan now, (iii) set a confirmation hearing date on the TH Holdco Plan for June 2022; and (iv) grant any other and further relief as this Court deems just.

Dated: May 13, 2022  
      New York, New York

**DENTONS US LLP**

*/s/ Lauren M. Macksoud*  
Lauren M. Macksoud  
1221 Avenue of the Americas  
25th Floor  
New York, New York 10020  
Telephone: (212) 768-6700  
Facsimile:  (212) 768-6800

*Counsel to TH Holdco LLC*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2022, a true and correct copy of the foregoing *TH Holdco LLC's Reply to the Debtors' Objection and the Mezz Lender's Objection to TH Holdco LLC's Second Amended Disclosure Statement* were caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in these cases and by first class U.S. Mail on the parties listed in the attached service list.

/s/ *Lauren M. Macsoud*
Lauren M. Macksoud

15

US_Active\121411880\V-5

## Exhibit A

(May 11, 2022 Letter to the Mezz Lender's Counsel re Adjournment of Depositions
Due to the Mezz Lender's Failure to Respond to Discovery Requests)

**FRIED FRANK**

Fried, Frank, Harris, Shriver & Jacobson LLP

One New York Plaza
New York, New York 10004
Tel: +1.212.859.8000
Fax: +1.212.859.4000
www.friedfrank.com

Direct Line: +1.212.859.8311
Email: emilie.cooper@friedfrank.com

May 11, 2022

**Via Email**

Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
Attention: Kevin J. Nash, J. Ted Donovan
Email: kjnash@gwulaw.com, tdonovan@gwfglaw.com

Seyfarth Shaw LLP
560 Mission Street
Suite 3100
San Francisco, CA 94105
Attention: Ryan Pinkston
Email: rpinkston@seyfarth.com

> Re:  *85 Flatbush Mezz LLC v. TH Holdco LLC*, **Case No. 7:22-ap-07022 (RDD)**
> **(Bankr. S.D.N.Y. Mar. 23, 2022)**

Dear Mr. Nash, Mr. Donovan, and Mr. Pinkston:

As you are aware, on April 22, 2022, on behalf of TH Holdco LLC ("TH Holdco"), we served notices for the depositions of Messrs. Marc Mendelsohn and Eli Tabak, and plaintiff 85 Flatbush Mezz LLC ("Mezz Lender") for May 19, 23, and 25, 2022, respectively. As previously conveyed to you, our selection of these dates was premised upon our expectation that Mezz Lender would comply with its discovery obligations and produce documents in a timely fashion, in accordance with the Federal Rules of Civil Procedure and consistent with Mr. Nash's repeated representations that Mezz Lender intended to move forward with discovery in this matter expeditiously. However, Mr. Nash's representations have proven to be hollow.

Mezz Lender's deadline to respond to Defendant's First Requests for Production, served on April 4, 2022 (the "Requests"), and to produce documents responsive to the Requests, was May 4, 2022. However, as of the date hereof, Mezz Lender has failed to produce a single document and has failed to propound any responses and objections to the Requests. Moreover, Mezz Lender has not committed to any date by which it will produce responsive documents but, instead, has made conflicting representations in this regard. As we explained in our May 6 letter, Mezz Lender is in default of its discovery obligations and has waived its right to interpose any objections to the Requests as a result of its delay. Accordingly, we again demand that Mezz

New York • Washington, DC • London • Frankfurt • Brussels
Fried, Frank, Harris, Shriver & Jacobson LLP is a Delaware Limited Liability Partnership

**Fried, Frank, Harris, Shriver & Jacobson LLP**

May 11, 2022
Page 2

Lender produce **all** documents responsive to the Requests, without objection, immediately and without any further delay.

Moreover, because of Mezz Lender's noncompliance and dilatory tactics, Mezz Lender has frustrated TH Holdco's ability to proceed with the depositions on the noticed dates. As such, TH Holdco has no choice but to adjourn the noticed depositions. We will revert with alternative proposed dates once the Court has resolved the parties' impasse on a proposed schedule for the completion of discovery in this proceeding and/or Mezz Lender has complied with its obligation to produce documents responsive to the Requests.

We remain available to discuss the matters addressed in this letter. TH Holdco reserves all rights.

Sincerely,

Emilie B. Cooper

cc:     Robert Richards, Esq. (*by email*)
        Lauren Macksoud, Esq. (*by email*)

29850712