**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>Debtors | Case No. 20-23280 (RDD)<br>Chapter 11<br><br><br>(Jointly Administered) |

### ORDER GRANTING TH HOLDCO LLC'S MOTION TO APPROVE
### (I) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT,
### (II) SOLICITATION AND NOTICE PROCEDURES,
### (III) FORMS OF BALLOTS, AND (IV) CERTAIN DATES WITH RESPECT THERETO

Upon the motion [Docket No. 158] (the "Motion")[2] of TH Holdco LLC ("TH Holdco") as creditor for entry of an order under §§ 1125, 1126, and 502(c) of title 11 of the United States Code, §§ 101, *et seq.* (the "Bankruptcy Code")[3] and Rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1, 3018-1, and 3020-1 of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") (I) approving the adequacy of a disclosure statement for TH Holdco's proposed Chapter 11 plan, (II) approving solicitation, notice, and voting procedures, (III) approving the forms of Ballots, and (IV) approving certain dates with respect thereto, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York,* dated January 31, 2012; and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice [*see* Docket Nos. 168 and 172] of the Motion was due and sufficient and that no other or further notice need be provided; and upon any objections [*see e.g.*, Docket Nos. 160, 166, 198, and 199] to the Motion and TH Holdco's reply [Docket Nos. 173 and 200] in support of the Motion; and upon the record of the Disclosure Statement Hearing held before this Court on April 6, 2022 and continued on May 16, 2022; and after due deliberation and for the reasons stated by it at the Disclosure Statement Hearing, the Court having determined that TH Holdco adequately addressed any questions and comments raised at the Disclosure Statement Hearing and made any changes to the proposed disclosure statement represented to have been agreed to, the Court would approve the amended disclosure statement;[4] and TH Holdco having subsequently filed its *Second Amended Disclosure Statement Relating to the Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85*

---

[1] The Debtors (as defined) in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: 85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Unless otherwise specifically stated, all references to "§" or "section" herein are to a section of the Bankruptcy Code.

*Flatbush RHO Residential LLC,* dated May 20, 2022 (the "Disclosure Statement") for the *Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC,* dated May 20, 2022 (the "Plan"); and the Court having determined that the Disclosure Statement sufficiently addresses its foregoing questions and comments and, therefore, that the Disclosure Statement contains adequate information for purposes of § 1125 of the Bankruptcy Code; and the Court having further determined that the proposed Sale and Bid Procedures are proper and sufficient under the circumstances to encourage competitive bidding for the Debtors' Properties under the Plan and that TH Holdco is entitled to seek acceptances and confirmation of the Plan as set forth in this Order; and this Court having found that the relief granted herein is in the best interests of the Debtors' estate, its creditors, and other parties in interest, it is

**HEREBY FOUND AND DETERMINED THAT:**

1. *Notice*. The Disclosure Statement Hearing Notice [Docket Nos. 158 and 196] was served in accordance with the Motion and all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules on all known creditors and interest holders and constitutes due and proper notice of the Disclosure Statement Hearing, Objection Deadline, and the relief requested in the Motion [*see* Docket Nos. 168,172, 182, 197], and it appears that no other or further notice need be provided.

2. *Adequacy of Information in the Disclosure Statement*. The Disclosure Statement contains "adequate information" under § 1125 of the Bankruptcy Code.

3. *Solicitation and Voting Procedures*. The proposed Solicitation and Voting Procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan, in the form annexed hereto as **Exhibit 1**, provide for a fair and equitable voting process and are consistent with § 1126 of the Bankruptcy Code and Bankruptcy Rule 3018.

4. *Ballots*. The Ballots, in the form annexed hereto as **Group Exhibit 2**, are substantially consistent with Official Form No. 314, adequately address the particular needs of this case, and are appropriate for the holders of Claims in such Voting Classes.

5. Each holder of an Allowed Claim in Class 3 (TH Holdco Secured Claim), Class 4 (85 Flatbush RHO Hotel Other Secured Claims), Class 5 (85 Flatbush RHO Residential Other Secured Claims), Class 6 (85 Flatbush RHO Hotel General Unsecured Claims), Class 7 (85 Flatbush RHO Hotel Existing Equity Interests), Class 8 (85 Flatbush RHO Residential General Unsecured Claims), Class 9 (85 Flatbush RHO Residential Existing Equity Interests), Class 10 (85 Flatbush Mezz Other Priority Claims), Class 11 (85 Flatbush Mezz Claims), Class 12 (85 Flatbush Mezz Other Secured Claims), Class 13 (85 Flatbush Mezz General Unsecured Claims), and Class 14 (Insider General Unsecured Claims) shall receive a Ballot and shall be entitled to vote on the Plan.

6. Ballots need not be provided to the holders of Claims in Class 1 (85 Flatbush RHO Hotel Other Priority Claims) or Class 2 (85 Flatbush RHO Residential Other Priority Claims), because the Plan provides that the Claims in such Classes are not impaired under § 1124 of the

Bankruptcy Code and therefore such Class is conclusively presumed under § 1126 of the Bankruptcy Code to accept the Plan.

7. Ballots need not be provided to holders of Interests in Class 15 (85 Flatbush Mezz Existing Equity Interests) because the Plan provides that the holders of Interests in such Class will not receive or retain any property under the Plan on account of such Interests, are impaired, and therefore deemed under § 1126 of the Bankruptcy Code to reject the Plan.

8. ***Non-Voting Status Notices.*** Each holder of a Claim in a Non-Voting Class shall receive either an Unimpaired Non-Voting Status Notice, substantially in the form annexed hereto as **Exhibit 3**, or an Impaired Non-Voting Status Notice, substantially in the form annexed hereto as **Exhibit 4**, or Notice to Holders of Disputed Claims, substantially in the form annexed hereto as **Exhibit 5**.

9. For good cause shown, the proposed period during which TH Holdco may solicit acceptances of the Plan is reasonable and adequate for creditors to make an informed decision to accept or reject the Plan.

10. ***Solicitation Packages.*** The Solicitation Packages that will be sent to, among others, holders of Claims entitled to vote to accept or reject the Plan, comply with Bankruptcy Rules 3017(d) and 2002(b).

11. ***Confirmation Hearing Notice.*** The Confirmation Hearing Notice, substantially in the form annexed hereto as **Exhibit 6**, and the procedures set forth below for providing such notice to creditors and equity security holders constitute adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto.

12. ***Plan Supplement Notice.*** The Plan Supplement Notice, substantially in the form annexed hereto as **Exhibit 7**, constitutes adequate and sufficient notice of such supplements to the Plan.

13. ***Assumption and Rejection Notices.*** The Assumption Notice and the Rejection Notice to be sent to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected, as appropriate, and pursuant to the Plan, substantially in the forms annexed hereto as **Exhibits 8 and 9**, respectively, constitute adequate and sufficient notice of the respective treatment under the Plan to each holder of an Executory Contract or Unexpired Lease.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as addressed in the Disclosure Statement, all written or oral objections to the Motion are overruled.

3. ***Disclosure Statement.*** The Disclosure Statement is approved.

4. *Confirmation Timeline*.  For good cause shown, the following dates and deadlines, subject to modification as necessary, are approved in connection with solicitation and confirmation of the Plan:

| Event | Date | Description |
| --- | --- | --- |
| Deadline to Object to Voting Claims | May 25, 2022 | Date by which TH Holdco or the Debtors must file with the Court an objection or request for estimation to a Claim or Interest, for voting purposes only. |
| Voting Record Date | May 25, 2022 | Date for determining (i) which holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim (the "Voting Record Date"). |
| Solicitation Deadline | May 25, 2022 | Date by which TH Holdco must distribute Solicitation Packages, including Ballots, to holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline"). |
| Publication Deadline | May 31, 2022 | Date by which the TH Holdco will submit the Confirmation Hearing Notice in a format modified for publication (the "Publication Notice"). |
| Resolution Event Deadline | No later than 3 business days prior to the Voting Deadline | Date by which the holder of a Disputed Claim in the Voting Class must resolve (each, a "Resolution Event") any pending objection or request for estimation to the claim or interest in order to be eligible to vote. |
| Plan Supplement Filing Deadline | No later than 15 days prior to the Confirmation Hearing | Deadline to file the compilation of documents and information, if any, required to be disclosed in accordance with § 1129(a)(5); provided that, through the Effective Date, the Debtors and TH Holdco shall have the right to amend any schedules, exhibits, and the other documents contained in, and exhibits to, the Plan Supplement. |
| Voting Deadline | June 22, 2022, at 4:00 p.m., prevailing Eastern Time | Deadline by which **all** Ballots must be Properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by counsel to TH Holdco as balloting agent. |

4

| | | |
|---|---|---|
| Plan Objection Deadline | June 22, 2022, at 4:00 p.m., prevailing Eastern Time | Deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline"). |
| Deadline to File Voting Report | On or before June 24, 2022 | Date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Deadline to File the Confirmation Brief and Plan Objection Reply | June 27, 2022, at 4:00 p.m., prevailing Eastern Time | Date by which TH Holdco shall file its brief in support of Confirmation (the "Confirmation Brief Deadline"), as well as the replies to objections to the Plan must be filed with the Court (the "Plan Objection Reply Deadline"). |
| Cure Obligation Objection Deadline | No later than 10 days after service of Assumption Notice | Date by which applicable counterparties to the Executory Contracts and Unexpired Leases must file an objection to assumption and/or the Cure Obligation proposed by TH Holdco or the Debtors (the "Cure Obligation Objection Deadline"). |
| Confirmation Hearing Date | June 30, 2022, at 10:00 a.m., prevailing Eastern Time, or the soonest date the Court is available thereafter | Date for the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing Date"). |
| Auction Date | August 5, 2022 at 11:00 a.m. | Date for the auction for the sale of the Hotel Property and/or Residential Property to be held in accordance with the Sale and Bid Procedures (the "Auction") |
| Effective Date | Date by August, 2022 to be determined at the Confirmation Hearing | Date on which all conditions to the effectiveness of the Plan set forth in Section 10 of the Plan have been satisfied or waived in accordance with the terms of the Plan. |
| Rejection Damages Bar Date | 14 days following the Effective Date or the effective date of rejection, whichever is earlier | Deadline for filing a claim for Rejection Damages |
| Administrative Expense Claims Bar Date | 30 days following the Confirmation Date | Deadline for filing a claim for Administrative Expense |
| Professional Fee Claim Bar Date | 30 days following the Effective Date | Deadline for filing a final application for any Professional Person seeking allowance of a Professional Fee Claim for allowance of compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date and in connection with the preparation and prosecution of such final application |

5

| Claims Objection Bar Date | 60 days following the Effective Date | Deadline for filing an objection to any Claim for all purposes (other than for voting purposes) unless otherwise ordered by the Court |
|---|---|---|
| Administrative Expense Claims Objection Bar Date | 60 days following the Effective Date | Deadline for filing an objection to a claim for Administrative Expense |
| Professional Fee Claim Objection Bar Date | 60 days following the Effective Date | Deadline for filing an objection to a Professional Fee Claim |

5. **Solicitation Packages.** The Solicitation Packages shall contain (a) the Confirmation Hearing Notice; (b) the Disclosure Statement (and exhibits thereto, including the Plan and Bidding Procedures) (c) this Order (without exhibits, except the Solicitation and Voting Procedures); (d) a copy of the Solicitation and Voting Procedures; (e) a Ballot, together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope; and (f) such other materials as the Court may direct to include in the Solicitation Packages.

6. TH Holdco is directed to distribute (or cause to be distributed) the Solicitation Packages, including the applicable Ballots, to (a) all persons and entities in the Voting Classes identified in the Schedules as holding liquidated, non-contingent, and undisputed Claims in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full during these Chapter 11 Cases, superseded by filed Proofs of Claim or disallowed or expunged by an order of the Court (including this Order) before the Voting Record Date; (b) all persons and entities in the Voting Classes that timely filed Proofs of Claim that allege dollar amounts greater than zero to the extent their Claims have not been disallowed or expunged by an order of the Court (including this Order) before the Voting Record Date; and (c) transferees and assignees of any creditor described in clauses (a) or (b) above, but only to the extent that the relevant transfer or assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date. If a Claim has been temporarily disallowed for voting purposes pursuant to an order of the Court as of the Voting Record Date, the holder of such Claim shall not be entitled to receive a Solicitation Package.

7. Non-Voting Status Notices, substantially in the forms annexed hereto as **Exhibits 3, 4, and 5**, shall be distributed, as applicable, to (a) the holders, as of the Voting Record Date, of unimpaired Claims in Class 1 (85 Flatbush RHO Hotel Other Priority Claims) and Class 2 (85 Flatbush RHO Residential Other Priority Claims), which are conclusively presumed to accept the Plan; (b) the holders, as of the Voting Record Date, of Interests, as applicable, in Class 15 (85 Flatbush Mezz Existing Equity Interests), which are deemed to reject the Plan; and (c) the holders, as of the Voting Record Date of Disputed Claims, as applicable.

8. For addresses where a Disclosure Statement Hearing Notice was distributed and returned by the United States Postal Service as undeliverable, TH Holdco is excused from distributing Solicitation Packages, Ballots, Non-Voting Status Notices, or any similar materials to the entities listed at such addresses unless TH Holdco is provided with accurate addresses for such entities before the Solicitation Date.

9. TH Holdco need not re-mail Solicitation Packages or any other undeliverable solicitation-related materials that were returned as undeliverable by the United States Postal Service unless TH Holdco is provided with accurate addresses for the relevant persons or entities

at least seven (7) calendar days prior to the Voting Deadline. TH Holdco shall advise the Debtors and the Office of the United States Trustee of any Solicitation Packages which are returned as undeliverable.

10. TH Holdco shall send, by first class mail, and shall distribute (a) the Solicitation Packages without the Ballots to (i) the Office of the United States Trustee, (ii) the Internal Revenue Service, and (iii) all parties that have requested service of papers in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (b) Confirmation Hearing Notice only to (i) holders of Claims that have not been classified in the Plan pursuant to § 1123(a)(1) other than Administrative Claims, and (ii) all other parties included in the Debtors' creditor matrix or the Schedules that do not fall within any of the categories described above.

11. To be counted as a vote to accept or reject the Plan, each Ballot must be properly executed and completed and the original thereof delivered to TH Holdco *(only* through its counsel as indicated herein) so as to be actually received by TH Holdco *(only* through its counsel as indicated herein) no later than the Voting Deadline (*i.e.,* **4:00 p.m. (prevailing Eastern Time) on June 22, 2022**).

12. Conforming Ballots shall be accepted (a) if submitted electronically via email to 85FlatbushRHOballots@dentons.com or (b) if mailed to

> Dentons US LLP - 85 Flatbush Balloting
> 1221 Avenue of the Americas
> New York, NY 10020
> Attn: Sarah M. Schrag

and, in each case sent so as to be actually received no later than the Voting Deadline. Ballots may not be submitted in any other manner. An executed Ballot shall be submitted by the entity submitting such Ballot. Each entity submitting a Ballot shall bear the risk of submission to TH Holdco's counsel. Ballots shall be deemed delivered only when TH Holdco, through its counsel, actually receives the properly executed Ballot via the specifically approved method of submission.

13. Solely for purposes of voting to accept or reject the Plan, and not for the purpose of allowance or distribution, and without prejudice to the rights of TH Holdco, the Debtors, or any other party in any other context, each holder of a Claim in the Voting Classes shall be entitled to vote the amount of such Claim as set forth in the Schedules (as they may be amended from time to time) unless such holder has timely filed a Proof of Claim, in which event such holder would be entitled to vote the amount of such Claim as set forth in such Proof of Claim; *provided* that:

(i) if a Claim is deemed "allowed" pursuant to an agreement with the Debtors or an order of the Court, such Claim shall be allowed for voting purposes in the "allowed" amount set forth in such agreement or in the Court's order;

(ii) if a Claim for which a Proof of Claim has been timely filed is wholly contingent or unliquidated or filed in unknown or undetermined amounts and (x) no objection to it has been filed by the Deadline to Object to Voting Claims and (y) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been

7

        entered by the Court, in each case before the Voting Deadline, such Claim shall be temporarily allowed for voting purposes only and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00;

(iii)    no Ballot should be sent to the Debtors, the Debtors' agents, the Debtors' financial or legal advisors or TH Holdco, TH Holdco's agents, TH Holdco's financial or legal advisors (other than TH Holdco's counsel, as provided in paragraph 12 above) and, if so submitted, will not be counted;

(iv)    if the Debtors or TH Holdco have filed an objection to a Claim by the Deadline to Object to Voting Claims, the holder of such Claim shall be allowed to vote only up to the undisputed amount unless the holder timely obtains an order allowing such Claim in a greater amount, including as estimated for voting purposes;

(v)    if a Claim has been "disallowed" by agreement of the holder or order of the Court at any time before the Voting Deadline, such Claim shall be disallowed for voting purposes;

(vi)    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

(vii)    if a Claim is listed in the Schedules as contingent, unliquidated, or disputed, or undetermined in amount or for $0.00 and a Proof of Claim was not (x) filed by the applicable bar date established by the Court or (y) deemed timely filed by an order of the Court before the Voting Deadline, then, unless TH Holdco has consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes, such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(viii)    Claims filed for $0.00 are not entitled to vote unless on timely motion allowed, including as estimated for voting purposes;

(ix)    if a Claim is partially liquidated and partially unliquidated and (x) no objection to it has been filed by the Deadline to Object to Voting Claims and (y) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be allowed for voting purposes only in the liquidated amount;

(x)    if a Proof of Claim has been amended by a later-filed Proof of Claim, the later-filed amending claim will be entitled to vote to the extent consistent with the tabulation rules set forth in this paragraph, and the earlier-filed claim will not be entitled to vote;

 (xi) for purposes of the numerosity requirement of § 1126(c), separate Claims held by a single creditor in a particular Class (as reasonably determined by TH Holdco, subject to Court approval) shall be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

 (xii) neither TH Holdco nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification; and

 (xiii) a creditor with multiple Claims in a Voting Class must vote all such Claims within such Voting Class either to accept or reject the Plan and may not split its votes.

14. Without further order of the Court, except as otherwise set forth herein, the following Ballots (the "Defective Ballots") shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

 (i) any Ballot that is properly completed and executed and timely returned to TH Holdco (through its counsel as indicated herein) but does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan;

 (ii) any Ballot received by TH Holdco (through its counsel as indicated herein) after the Voting Deadline, unless TH Holdco shall have granted in writing (including by email from TH Holdco's counsel or other informal means) an extension of the Voting Deadline for such Ballot, subject to Court approval;

 (iii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

 (iv) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

 (v) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed;

 (vi) any unsigned Ballot;

 (vii) any Ballot sent to any party other than TH Holdco (through its counsel as indicated herein);

 (viii) any Ballot cast for a Claim that has been disallowed (including for voting purposes or otherwise); and

 (ix) any Ballot cast in a currency other than U.S. Dollars.

9

15. A holder of a Claim entitled to vote that has timely delivered a valid Ballot may withdraw such Ballot without further order of the Court and in accordance with Bankruptcy Rule 3018(a).

16. Subject to any contrary order of the Court, TH Holdco may reject any and all Ballots the acceptance of which, in the opinion of TH Holdco, would not be in accordance with the provisions of this Order, the Bankruptcy Code, or the Bankruptcy Rules.

17. Subject to any contrary order of the Court, TH Holdco may, in its sole discretion and without notice, waive any defect in any Ballot at any time, whether before or after the Voting Deadline.

18. Neither TH Holdco nor any other person or entity will be under any duty to provide notification of defects or irregularities in any Defective Ballots, nor will any of them incur any liability for failure to provide such notification.

19. Consistent with the requirements of Local Rule 3018-1, TH Holdco shall file with the Court, with a copy to the Court's chambers, on or before June 24, 2022, a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims in each Voting Class accepting or rejecting the Plan and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile or other electronic means not specified herein, or damaged, including, without limitation, any such Ballots that TH Holdco has nevertheless chosen to count ("Irregular Ballots"). The Voting Report shall indicate TH Holdco's intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Office of the United States Trustee, with a copy to the Court's chambers. The Debtors, the Office of the United States Trustee or any other party in interest can inspect the ballots received upon request to TH Holdco's counsel.

20. The Confirmation Hearing shall be held at **10:00 a.m. (prevailing Eastern Time) on June 30, 2022,** or as soon thereafter as the parties may be heard, subject to the availability of the Court.[5] The Confirmation Hearing may be continued from time to time by the Court or TH Holdco without further notice other than adjournments being announced in open court or through a filing of a notice of adjournment on the Court's docket.

21. The Confirmation Hearing Notice substantially in the form annexed hereto as **Exhibit 6** is approved. The Confirmation Hearing Notice shall be transmitted to all creditors and equity security holders.

22. Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (i) be in writing, (ii) conform to the Bankruptcy Rules and the Local Rules, (iii) state the name and address of the objecting party and the amount and nature of such party's Claim or Interest, (iv) state with particularity the basis and nature of any objection(s) to the Plan and, if

---

[5] Unless notice otherwise is given, the Confirmation Hearing will be held remotely by Zoom and, for those without access to Zoom, telephonically. Sign-in instructions may be found on the Court's website or obtained from the White Plains Division's Clerk's Office.

10

practicable, a proposed modification to the Plan that would resolve such objection, and (v) be filed, together with proof of service, with the Court electronically and served on the parties listed in the Confirmation Hearing Notice, with a copy to the Court's chambers, in each case so as to be actually received on or before **4:00 p.m. (prevailing Eastern Time) on June 22, 2022**. Objections to confirmation of the Plan not timely filed and served in the manner set forth above may not be considered and may be overruled.

23. *Plan Supplement Notice.* The Plan Supplement Notice, substantially in the form annexed hereto as **Exhibit 7**, is approved.

24. *Assumption and Rejection Notices.* The Assumption Notice and the Rejection Notice to be sent to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected, as appropriate, and pursuant to the Plan, substantially in the forms annexed hereto as **Exhibits 8 and 9**, is approved. The Assumption Notice and the Rejection Notice shall be transmitted to all counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected, respectively.

25. *Sale and Bid Procedures.* The Sale and Bid Procedures, in the form attached as **Exhibit E** to the Disclosure Statement, are approved and shall govern the sale of the Properties. JLL shall promptly provide the Sale and Bid Procedures and a model form of Purchase Agreement attached as **Exhibit F** to the Disclosure Statement to potential bidders.

26. *Bid Deadline.* All Bids must be served upon and actually received by JLL, on or before **July 29, 2022 at 4:00 p.m.** (the "Bid Deadline"). TH Holdco may extend the Bid Deadline for the delivery of Bids once or successively, without notice and for one or more bidders after consultation with the Debtors and Broker.

27. *Auction.* The Auction of the Properties, if necessary, shall be conducted at the offices of Dentons US LLP, 1221 Avenue of the Americas, Suite 2500, New York, New York or virtually via Zoom, on **August 5, 2022 at 11:00 a.m**., upon the terms and conditions set forth in the Sale and Bid Procedures; *provided, however*, in the event that no Qualified Bids are received by the Bid Deadline, the Auction shall be cancelled and TH Holdco shall be deemed the Successful Bidder without further order of the Court and in accordance with confirmation of the Plan.

28. TH Holdco is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

29. TH Holdco is authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Non-Voting Status Notices, the Confirmation Hearing Notice, and all exhibits to any of the foregoing without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any other materials in the Solicitation Package before distribution.

11

30. No other or further notice of the Motion or the entry of this Order shall be required.

31. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.


White Plains, New York
Dated: May 26, 2022

/s/ Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE