# **Revised Exhibit 1**

## **Solicitation and Voting Procedures**

Lauren Macksoud
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
Email: lauren.macksoud@dentons.com
         sarah.schrag@dentons.com

Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>Debtors | Case No. 20-23280 (RDD)<br>Chapter 11<br><br><br>(Jointly Administered) |

## SOLICITATION AND VOTING PROCEDURES

On May __, 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the ***Order Granting TH Holdco LLC's Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto*** [Docket No. __] (the "Disclosure Statement Order") that, among other things:  (a) approved the adequacy of the *Second Amended Disclosure Statement Relating to the Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC,*

---

[1] The Debtors (as defined) in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: 85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

and *85 Flatbush RHO Residential LLC* [Docket No. ___] (the "Disclosure Statement") filed in support of the *Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related To 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. ___] (the "Plan")[2]; (b) authorized TH Holdco (the "TH Holdco") to solicit acceptances or rejections of the Plan from holders of impaired Claims or Interests who are (or may be) entitled to receive distributions under the Plan; and (c) approving the form of Ballots and these Solicitation Procedures.

I.   **The Voting Record Date**

The Court has approved **May 25, 2022** as the record date for purposes of determining which holders of Claims and Interests in the Voting Class are entitled to vote on the Plan (the "Voting Record Date").

II.  **The Voting Deadline**

The Court has approved **June 22, 2022 at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline (the "Voting Deadline") for the Plan. TH Holdco may extend the Voting Deadline, in its discretion and subject to Court approval. To be counted as votes to accept or reject the Plan, all ballots sent to registered holders of Claims and Interests ("Ballots") must be properly executed, completed, and delivered to TH Holdco's attorney (a) electronically via email to 85FlatbushRHOballots@dentons.com or (b) by mail or courier to Dentons US LLP – 85 Flatbush Balloting, 1221 Avenue of the Americas, New York, NY 10020, Attn: Sarah M. Schrag, in each case so that they are actually received no later than the Voting Deadline. Delivery of a Ballot to TH Holdco other than as specified in this paragraph will not be valid.

III. **Form, Content, and Manner of Notices**

    A.   **The Solicitation Package**

The following materials will constitute the solicitation package (the "Solicitation Package"):

(a)   the Solicitation and Voting Procedures;

(b)   the Confirmation Hearing Notice;

(c)   the Disclosure Statement (and exhibits thereto, including the Plan);

(d)   the Disclosure Statement Order (without exhibits);

(e)   a Ballot together with detailed voting instructions and a pre-addressed, postage pre-paid return envelope; and

(f)   such other materials as the Court may direct to include in the Solicitation Package.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

### B. Distribution of the Solicitation Package

The Solicitation Package will provide the Disclosure Statement, the Plan, the Solicitation and Voting Procedures, the Ballot, and all other contents of the Solicitation Package in paper format. Any holder of a Claim or Interest may obtain at no charge a copy of the documents otherwise provided by calling TH Holdco's attorneys at (212) 768-6808 or by emailing 85FlatbushRHOballots@dentons.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at www.nysb.uscourts.gov. TH Holdco will serve, or cause to be served, all of the materials in the Solicitation Package except the Ballots on: (i) the Office of the United States Trustee, (ii) the Internal Revenue Service, and (iii) all parties that have requested service of papers in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

### C. Resolution of Disputed Claims for Voting Purposes

If a Claim in the Voting Class is subject to an objection that is filed with the Court by **May 25, 2022** (the "Deadline to Object to Voting Claims"), if the Claim was filed by the Bar Date, then the holder of such Claim will be entitled to vote to accept or reject the Plan on account of such Claim only up to the undisputed amount, unless: (a) an order of the Court is entered allowing such Claim pursuant to § 502(b) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"), after notice and a hearing; (b) an order of the Court is entered temporarily allowing such Claim for *voting purposes only* pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (c) a stipulation or other agreement is executed between the holder of such Claim and TH Holdco and the Debtors jointly, or with the approval of the Court, temporarily allowing such Claim in an agreed upon amount; or (d) the pending objection is voluntarily withdrawn by the objecting party no later than two (2) days following the occurrence of an event resolving a Disputed Claim, TH Holdco will cause its attorneys to distribute electronically via email, hand delivery, or overnight courier service a Solicitation Package to the relevant holder. Each holder of a Disputed Claim will receive a Notice to Holders of Disputed Claims, substantially in the form annexed to the Disclosure Statement Order as **Exhibit 5.**

### D. Distribution of Materials to Holders of Unclassified Claim and Claims and Interests in Non-Voting Classes

Certain holders of Claims that are not classified in accordance with § 1123(a)(1) of the Bankruptcy Code, who are not entitled to vote because the Claims are not Impaired or are otherwise presumed to accept the Plan under § 1126(f) of the Bankruptcy Code, or who are not entitled to vote because the Claims and Interests are Impaired and presumed to reject the Plan under § 1126(g) of the Bankruptcy Code will receive an Unimpaired Non-Voting Status Notice or an Impaired Non-Voting Status Notice, substantially in the form annexed as **Exhibits 3 and 4** to the Disclosure Statement Order.

## IV. Voting and Tabulation Procedures

### A. Holders of Claims and Interests Entitled to Vote

Only the following holders of Claims and Interests in the Voting Class (the "Voting Classes") will be entitled to vote on the Plan with regard to such Claims and Interests:

(a) all persons and entities identified in the Debtors' schedules of liabilities filed pursuant to § 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as modified before the Voting Record Date (as defined herein), the "Schedules") as holding liquidated, non-contingent, and undisputed Claims in the Voting Classes in an amount greater than zero dollars, excluding scheduled Claims that have been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Bankruptcy Court, superseded by filed Proofs of Claim or disallowed or expunged by an order of the Court (including the Disclosure Statement Order) before the Voting Record Date;

(b) 85 Flatbush RHO Mezz as the holder of the Interests in 85 Flatbush RHO Hotel and 85 Flatbush RHO Residential;

(c) all persons and entities in the Voting Classes that timely filed Proofs of Claim that allege dollar amounts greater than zero to the extent their Claims have not been disallowed or expunged by an order of the Court (including the Disclosure Statement Order) before the Voting Record Date; and

(d) transferees and assignees of any creditor described in clauses (a) or (b) above, but only to the extent that the relevant transfer or assignment has been properly noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Voting Record Date. If a Claim has been temporarily disallowed for voting purposes pursuant to an order of the Court as of the Voting Record Date, the holder of such Claim shall not be entitled to receive a Solicitation Package.

### B.   General Voting and Ballot Tabulation Procedures

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance or distribution, and without prejudice to the rights of TH Holdco, the Debtors, or any other party in interest in any other context, each holder of a Claim or Interest in the Voting Classes shall be entitled to vote the amount of such Claim or Interest as set forth in the Schedules (as they may be amended from time to time) unless such holder has timely filed a Proof of Claim, in which event such holder would be entitled to vote the amount of such Claim or Interest as set forth in such Proof of Claim, *provided* that:

(a) except as otherwise provided herein, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by TH Holdco, subject to Court approval), TH Holdco will reject such Ballot as invalid and, therefore, will not count it in connection with confirmation of the Plan;

(b) TH Holdco will date-stamp all Ballots when received and will retain the original Ballots and an electronic copy of the same for a period of one (1) year after the Effective Date of the Plan, unless otherwise ordered by the Court;

(c) consistent with the requirements of Local Bankruptcy Rule 3018-1, TH Holdco will file with the Court, on or before **June 24, 2022**, a certification of votes (the "Voting Report"). The Voting Report will, among other things, certify to the Court in writing the amount and number of Allowed Claims in each Voting Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including,

but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or other electronic means not specified herein, or damaged ("Irregular Ballots"). The Voting Report will indicate TH Holdco's intentions with regard to each such Irregular Ballot. The Voting Report will be served upon the Office of the United States Trustee and the Debtors' counsel with a copy to the Court's chambers;

(d)     the method of delivery of Ballots to TH Holdco is at the risk of each holder, and except as otherwise provided, a Ballot will be deemed delivered only when TH Holdco (through its counsel as indicated herein) actually receives the executed Ballot in accordance with paragraph (e) below;

(e)     an executed and completed Ballot is required to be submitted by the entity submitting such Ballot. Subject to the other procedures and requirements herein, completed, executed Ballots may be submitted by (a) email to 85FlatbushRHOballots@dentons.com or (b) mail or courier to Dentons US LLP – 85 Flatbush Balloting, 1221 Avenue of the Americas, New York, NY 10020, Attn: Sarah Schrag, in each case so that they are actually received no later than the Voting Deadline. Ballots submitted in a manner other than as specified in this paragraph will not be accepted;

(f)     no Ballot should be sent to the Debtors, the Debtors' agents, or the Debtors' financial or legal advisors or to TH Holdco, TH Holdco's agents, or TH Holdco's financial or legal advisors (other than TH Holdco's counsel at the addresses provided above), and if so submitted will not be counted;

(g)     if the Debtors or TH Holdco have filed an objection by May 25, 2022 to a timely filed Claim (see deadline set forth in the Bar Date Order [Docket No. 58]), the holder of such Claim shall be allowed to vote only up to the undisputed amount and not disallowed for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection or as otherwise ordered by the Bankruptcy Court;

(h)     if a Claim has been "disallowed" by agreement of the holder or order of the Court at any time before the Voting Deadline, such Claim shall be disallowed for voting purposes;

(i)     if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only;

(j)     if a Claim is listed in the Schedules as contingent, unliquidated, or disputed, or undetermined in amount or for $0.00, and a Proof of Claim was not (i) filed by the applicable bar date established by the Court, or (ii) deemed timely filed by an order of the Court before the Voting Deadline, then, unless TH Holdco has consented in writing or the holder of such Claim obtains an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes, such Claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(k)     Claims filed for $0.00 are not entitled to vote;

(l) if a Claim is partially liquidated and partially unliquidated and (x) no objection to it has been filed by the Deadline to Object to Voting Claims and (y) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be allowed for voting purposes only in the liquidated amount;

(m) if a Claim for which a Proof of Claim has been timely filed is wholly contingent or unliquidated or filed in unknown or undetermined amounts and (x) no objection to it has been filed by the Deadline to Object to Voting Claims and (y) no order pursuant to Bankruptcy Rule 3018(a) temporarily allowing it for voting purposes in an amount greater than $1.00 has been entered by the Court, in each case before the Voting Deadline, such Claim shall be temporarily allowed for voting purposes only and not for purposes of allowance or distribution, at $1.00, and the Ballot mailed to the holder of such Claim shall be marked as voting at $1.00;

(n) if a Proof of Claim has been amended by a later-filed Proof of Claim, the later-filed amending claim will be entitled to vote to the extent consistent with the tabulation rules set forth the Disclosure Statement Order, and the earlier filed claim will not be entitled to vote;

(o) for purposes of the numerosity requirement of § 1126(c) of the Bankruptcy Code, separate Claims or Interests held by a single creditor in a particular Class (as reasonably determined by TH Holdco, subject to Court approval) shall be aggregated as if such creditor held one Claim or Interest in such Class, and the votes related to such Claims or Interests shall be treated as a single vote to accept or reject the Plan;

(p) neither TH Holdco nor any other entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

(q) a creditor with multiple Claims or Interests in a Voting Class must vote all such Claims or Interests within such Voting Class either to accept or reject the Plan and may not split its votes;

(r) the following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is properly completed and executed and timely returned to TH Holdco (through its counsel as indicated herein), but does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan; (ii) any Ballot received by TH Holdco (through its counsel as indicated herein) after the Voting Deadline, unless TH Holdco, subject to Court approval, shall have granted in writing (including by email from TH Holdco's counsel or other informal means) an extension of the Voting Deadline for such Ballot; (iii) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iv) any Ballot cast by a person or entity that does not hold a Claim or Interest in a Voting Class; (v) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (vi) any unsigned Ballot, including any Ballot transmitted to TH Holdco (through its counsel as indicated herein) by facsimile or other electronic means not specified herein; (vii) any Ballot sent to any party other than TH Holdco (through its counsel as indicated herein); (viii) any Ballot cast for a Claim that has been disallowed (for voting purposes or otherwise); and (ix) any Ballot cast in a currency other than U.S. Dollars; provided

that, subject to contrary Bankruptcy Court order, TH Holdco may waive any requirements set forth in clauses (i) through (ix).

### C. Amendments to the Plan and Solicitation Procedures

TH Holdco reserves the right to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, the Ballots, the Non-Voting Status Notices, the Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any other materials in the Solicitation Package.