LEECH TISHMAN ROBINSON BROG PLLC
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300
Fred B. Ringel, Esq.
*Proposed Attorneys for the Debtors and*
*Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

**85 FLATBUSH RHO MEZZ LLC,** *et al.*,[1]

                        Debtors.
---------------------------------------------------------X

Chapter 11

Case No.: 20-23280 (RDD)
(Jointly Administered)

### APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF LEECH TISHMAN ROBINSON BROG PLLC AS SUBSTITUTE BANKRUPTCY COUNSEL TO THE DEBTORS EFFECTIVE AS OF MAY 16, 2022

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

85 Flatbush RHO Mezz LLC ("Flatbush Mezz"), 85 Flatbush RHO Hotel LLC ("Flatbush Hotel") and 85 Flatbush RHO Residential LLC ("Flatbush Res" collectively with Flatbush Hotel and Flatbush Res, "Debtors") in support of this application ("Application") for authority to retain Leech Tishman Robinson Brog PLLC as substitute bankruptcy counsel to the Debtors, state as follows:

### INTRODUCTION

1. On December 18, 2020 ("Petition Date"), the Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are 85 Flatbush RHO Mezz LLC. (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

("Bankruptcy Code") in this Court.

2. On March 19, 2021, the Court authorized the retention of Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("RBLGGG" or "Robinson Brog") as attorneys for the Debtors.

3. On May 16, 2022, RBLGGG combined its practice with Leech Tishman Fuscaldo & Lampl, LLC and began practicing under the name Leech Tishman Robinson Brog PLLC ("LTRB") in the state of New York. RBLGGG is no longer practicing law in the state of New York and continues to exist only to wind up its affairs, liquidate its assets and pay its liabilities. Accordingly, it can no longer continue to represent the Debtors in these jointly administered cases.

4. David Goldwasser, the managing member of GC Realty Advisors LLC, the Debtors' manager, wishes to retain LTRB as Debtors' substitute counsel. All of the attorneys in the bankruptcy practice group employed by Robinson Brog have joined LTRB and therefore there will be continuity regarding the continued representation of the Debtors by its proposed substitute counsel.

## JURISDICTION

5. Jurisdiction over this application is vested in the United States District Court for this District pursuant to Sections 1334 of Title 28 of the United States Code ("Judicial Code").

6. This application has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the Standing Order of Reference Regarding Title 11 (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

7. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. §§157(b)(2). The statutory predicates for the relief sought herein are Sections 327 and 1107 of the Bankruptcy Code.

8. Venue of this motion in this district is proper pursuant to Section 1409 of the Judicial Code.

## RELIEF REQUESTED

9. By this Application, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to Sections 327(a) and 329 of the Bankruptcy Code, approving the retention of LTRB as the Debtors' substitute bankruptcy counsel effective as of May 16, 2022. The Debtors request that LTRB be retained to perform the services described in this Application on the terms set forth herein. The Debtors request that the retention of substitute counsel be effective as of May 16, 2022, the date on which the Debtors' prior counsel could no longer continue to provide services.

## BASIS FOR RELIEF

A.  SELECTION OF LTRB

10. The Debtors request that LTRB substitute as counsel for Robinson Brog because a corporation cannot proceed in Chapter 11 without counsel. The Debtors selected LTRB to serve as its substitute bankruptcy counsel in part because of the recognized expertise of the attorneys who have joined LTRB in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code and the continuity of service they would provide given their prior

{01152022.DOC;3 }

retention in this case while employed at Robinson Brog.  LTRB has just begun to represent the Debtors, but the team of attorneys on this matter have represented the Debtors since the engagement of Robinson Brog and are intimately familiar with Debtors' business.  LTRB is well qualified to serve as bankruptcy counsel to the Debtors because of its familiarity with the Debtors, their business and its attorneys' experience in the fields of debtor and creditor rights, bankruptcy, debt restructuring, corporate reorganization, real estate law and litigation.  LTRB has an extensive bankruptcy practice, having represented debtors, creditors, landlords and other parties in interest in numerous proceedings under chapter 11 of the Bankruptcy Code in New York, Delaware and other jurisdictions throughout the country.

## B. SERVICES TO BE RENDERED

11. The employment of LTRB under a general retainer is necessary to assist the Debtors in executing their duties as Debtors-in-possession and implementing the reorganization of the Debtors' financial affairs. Subject to further order of this Court, LTRB will be required to render, among others, the following services to the Debtors:

   a. providing advice to the Debtors with respect to its powers and duties under the Bankruptcy Code in the continued operation of their business and the management of their property;

   b. negotiating with creditors of the Debtors, preparing a plan of reorganization and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations with respect to financing a plan;

   c. negotiating with taxing authorities to work out a plan to pay tax claims in installments;

{01152022.DOC;3 }

  d. preparing on the Debtors' behalf necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

  e. appearing before this Court to protect the interests of the Debtors and their estates, and representing the Debtors in all matters pending before this Court;

  f. performing all other legal services for the Debtors that may be necessary herein; and

  g. assisting the Debtors in connection with all aspects of these Chapter 11 cases

  12. It is necessary and essential that the Debtors, as Debtors in possession, employ attorneys under a general retainer to render the foregoing professional services.

  13. Subject to the Court's approval of this Application, LTRB has indicated a willingness to serve as the Debtors' counsel and to perform the services described above.

## C. DISINTERESTEDNESS OF PROFESSIONALS

  14. To the best of the Debtors' knowledge, except as set forth herein and in the Declaration of Fred B. Ringel ("Ringel Declaration") attached hereto as **<u>Exhibit B</u>**, the members, counsel and associates of LTRB: (a) do not have any connection with the Debtors, their affiliates, creditors or any other party in interest, or their respective attorneys and accountants, the United States Trustee or any person employed thereby, (b) are "disinterested persons," as the term is defined in Section 101(4) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the Debtors' estates.

  15. As further set forth in the Ringel Declaration:

{01152022.DOC;3 }

5

      a.    Neither Ringel nor any attorney at the LTRB firm is a creditor, an equity security holder or an insider of the Debtors.

      b.    Neither Ringel nor any attorney at the LTRB firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtors.

      c.    Neither Ringel nor any attorney at the LTRB firm has an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason

## C.    PROFESSIONAL FEES AND EXPENSES

16.    LTRB's fees for professional services are based upon its standard hourly rates, which are periodically adjusted. Presently, the hourly rates which the firm charges are within the following ranges: from $495 to $800 for members and counsel, $400 to $500 for associates, and $175 to $315 for paraprofessionals. The Debtors are advised that the hourly rates set forth above are subject to periodic increases in the normal course of business, often due to increased experience of a particular professional.

17.    Consistent with the firm's policy with respect to its other clients, LTRB will continue to charge the Debtors for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for long distance phone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings as more fully detailed in its engagement letter with the Debtors.

18.    LTRB intends to apply to the Court for allowance of compensation for

professional services rendered and reimbursement of expenses incurred in the Debtors' Chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York and the orders of this Court. LTRB will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors at the then current standard rates charged for such services on non-bankruptcy matters as referenced above. LTRB has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in the Chapter 11 cases.

19. Other than as set forth above and in the Ringel Declaration, no arrangement is proposed between the Debtors and LTRB for compensation to be paid in these Chapter 11 cases.

## NOTICE

20. Notice of this Application has been provided to the United States Trustee, and to all parties who receive service via the Court's ECF system.

WHEREFORE, the Debtors respectfully request that this Court enter an order pursuant to sections 327(a) and 329 of the Bankruptcy Code authorizing the Debtors to employ Leech Tishman Robinson Brog PLLC as its substitute bankruptcy counsel during their Chapter 11 cases and grant the Debtors such other and further relief as is just and proper.

DATED:    New York, New York
          June 2, 2022

                    85 FLATBUSH RHO MEZZ LLC
                    85 FLATBUSH RHO HOTEL LLC
                    85 FLATBUSH RHO RESIDENTIAL LLC
                    By:  GC REALTY ADVISORS, LLC, MANAGER


                    By:  _____/s/ David Goldwasser_____
                         DAVID GOLDWASSER
                         MANAGING MEMBER