Jerry Montag
SEYFARTH SHAW LLP
620 8th Avenue
New York, NY  10018
Telephone:  (212) 218-4646
Facsimile:  (917) 344-1339
Email: jmontag@seyfarth.com

M. Ryan Pinkston (*pro hac vice*)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:  (415) 544-1013
Facsimile:  (415) 397-8549
Email:  rpinkston@seyfarth.com

Kevin J. Nash
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
1501 Broadway, 22nd Floor
New York, New York 10036
Telephone : (212) 221-5700
Facsimile: (212) 221-6532
Email: kjnash@gwfglaw.com

*Attorneys for 85 Flatbush Mezz LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re:<br><br>85 FLATBUSH RHO MEZZ LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-23280 (RDD)<br><br>Jointly Administered |
|---|---|

### SECURED CREDITOR 85 FLATBUSH MEZZ LLC'S OBJECTION TO TH HOLDCO LLC'S SECOND AMENDED CHAPTER 11 PLAN

Secured creditor 85 Flatbush Mezz LLC ("Mezzanine Lender"), through its undersigned counsel, hereby objects to the Second Amended Chapter 11 Plan (Dkt. No. 211) (the "Plan") filed

---

[1] The debtors in these chapter 11 cases are 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC (collectively, the "Debtors").

by Creditor TH Holdco LLC (the "New Senior Lender"), as assignee of the Debtors' prepetition senior mortgage lender, 85 Flatbush Avenue 1 LLC (the "Original Senior Lender"), and hereby states as follows:

**Overview**

1. The Mezzanine Lender holds a claim against the lead Debtor (85 Flatbush RHO Mezz LLC) in the total sum of $7,787,500 and provided mezzanine financing to supplement the simultaneous senior mortgage loan originally made by the Original Senior Lender. In conjunction with the mezzanine loan, the Mezzanine Lender and Original Senior Lender executed a certain Intercreditor Agreement, dated September 19, 2019 (the "ICA"), thereby providing the Mezzanine Lender with limited, but important, purchase option rights to acquire the senior mortgage loan based upon the occurrence of various events.

2. In recent months, disputes have arisen between the Mezzanine Lender and the New Senior Lender relating to the prior failure of the Original Senior Lender to issue required purchase notices beginning in July 2020. As a result, the Mezzanine Lender instituted an adversary proceeding, *see 85 Flatbush Mezz LLC v. TH Holdco LLC*, Adv. No. 22-07022-rdd, and contends that the New Senior Lender is in default and can no longer stifle the Mezzanine Lender's ability to separately vote and object to the New Senior Lender's Plan. Under the New Senior Lender's Plan, the Mezzanine Lender is effectively being shut out and denied any opportunity for a recovery. Obviously, the Mezzanine Lender is not prepared to forfeit its claim and is filing this Objection in an effort to at least adjourn any confirmation hearing so that the Court may consider a competing amended plan of reorganization anticipated to be filed by the Debtors themselves, based upon a recapitalization of the enterprise that will satisfy the secured claim of the New Senior Lender and also provide for better treatment of the Mezzanine Lender's claim.

3.    By the same token, the Mezzanine Lender recognizes that the Court must determine whether the Mezzanine Lender has standing to separately object and vote its claims, despite the provisions of Section 9 of the ICA.  For the reasons set forth below, the New Senior Lender cannot enforce the terms of the ICA to silence the Mezzanine Lender from pursuing its own rights in bankruptcy in view of the prior defaults under the ICA committed by the Original Senior Lender.

### The Prior Defaults under the ICA Free Up the Mezzanine Lender

4.    It is well settled under New York law that "when a party to a contract materially breaches that contract, it cannot then enforce that contract against a non-breaching party." *Nadeau v. Equity Residential Properties Mgmt. Corp.*, 251 F. Supp. 3d 637, 641 (S.D.N.Y. 2017) (citing *In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997)); *Marisa Christina, Inc. v. Freis*, 646 F. Supp. 252, 254 (S.D.N.Y. 1986) (party cannot insist upon enforcement of contract following such party's breach); *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007) (same).

5.    As detailed in the adversary proceeding commenced by the Mezzanine Lender, the Original Senior Lender materially breached the ICA by, *inter alia*, failing to provide the Mezzanine Lender with required notices of Purchase Option Events on three separate occasions—on July 16, 2020, August 20, 2020, and December 18, 2020—and also by negotiating and consummating a sale and assignment of its Senior Loan to the New Senior Lender *without any prior notice whatsoever to the Mezzanine Lender*.[2]  It is undisputed that the foregoing notices were never provided, and it is beyond legitimate dispute under the express, unambiguous terms of the ICA that the Original Senior Lender's actions constituted a breach of the ICA.  Accordingly, the New Senior Lender is not entitled to enforce the terms of the ICA against the Mezzanine Lender.

---

[2] All terms not defined herein have the meaning ascribed to them in the ICA, a copy of which is attached to the Mezzanine Lender's adversary complaint as Exhibit A.

6. Consistent with the foregoing, although the New Senior Lender purported to exercise its right pursuant to Section 9(d) of the ICA to vote the Mezzanine Lender's secured claim, the purported exercise of such right is invalid and of no effect. The Mezzanine Lender has, simultaneous with the filing of this objection, tendered to the New Senior Lender a copy of the Mezzanine Lender's Ballot for Voting to Accept or Reject TH Holdco's Chapter 11 Plan in which the Mezzanine Lender votes to reject the New Senior Lender's Plan.[3]

### The New Senior Lender's Plan Cannot be Confirmed under 11 U.S.C. § 1129

7. One consequence of the Mezzanine Lender's vote to reject the Plan is that the Plan may not be confirmed because it fails to comply with the plan-confirmation requirements set forth in Bankruptcy Code Section 1129. In particular, Section 1129(a)(8) requires that each class of claims or interests under the Plan either accept the Plan or is not impaired under the Plan. *See* 11 U.S.C. § 1129(a)(8). The Plan fails to satisfy this requirement because the Mezzanine Lender's secured claim is classified in Class 11 and is impaired under the Plan, but the Mezzanine Lender has voted to reject the Plan.

8. Although it is true that the Court may, in appropriate circumstances, confirm a plan notwithstanding the plan's failure to satisfy Section 1129(a)(8), the "cramdown" provision in Section 1129(b) is unavailable here for at least two reasons. First, the Plan also fails to comply with Section 1129(a)(10), which requires that at least one impaired class of claims accept the Plan. *See* 11 U.S.C. § 1129(a)(10). For multi-debtor plans like the Plan at issue here, absent substantive consolidation (which is not occurring or appropriate here), at least one impaired class *per debtor* must accept the plan. *See, e.g.*, *In re Tribune Co.*, 464 B.R. 126, 182-83 (Bankr. D. Del. 2011); *In re Jer/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 302 (Bankr. D. Del. 2011). The Mezzanine

---

[3] A copy of the Mezzanine Lender's ballot is attached hereto as Exhibit 1.

4

Lender believes that it is the only impaired class with respect to 85 Flatbush RHO Mezz LLC that contains a claim, and the Mezzanine Lender has voted to reject the Plan.  As such, no impaired class with respect to 85 Flatbush RHO Mezz LLC has accepted the Plan.

9.      Second, even if the New Senior Lender could satisfy Section 1129(a)(10), the New Senior Lender cannot carry its burden to establish that the Plan complies with Section 1129(b).  Section 1129(b) provides, in pertinent part, that "if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court . . . shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1129(b)(1).  The condition that a plan be "fair and equitable," in turn, requires that secured creditors under the plan "retain the liens securing such claims," receive "cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property," for the sale of "any property that is subject to the liens securing such claims" with such liens "attach[ing] to the proceeds of such sale," or "for the realization by such holders of the indubitable equivalent of such claims." *Id.* at (b)(2)(A).  Here, the New Senior Lender has failed to come forward with any evidence to establish that the Plan does not discriminate unfairly and is fair and equitable with respect to the Mezzanine Lender.  Rather than comply with Section 1129(b)(2)(A), the Plan, in Section 11.2, provides that the Mezzanine Lender's rights under its lien "shall pass to TH Holdco or any other Purchaser pursuant to the Sale Transaction on a free and clear basis," but the Plan fails to provide for any corresponding distribution to the Mezzanine Lender.

5

10. Additionally, the New Senior Lender's Plan fails to account for the Mezzanine Lender's right to purchase the Senior Loan Documents, which right has been ignored by the Original Senior Lender and the New Senior Lender. Confirmation of the Plan and consummation of the contemplated sale will irreparably harm the Mezzanine Lender and irretrievably impair the Mezzanine Lender's rights under the ICA. Accordingly, any confirmation hearing and auction should await resolution of the adversary proceeding, such that the Mezzanine Lender's rights vis-à-vis the New Senior Lender and the Senior Loan Documents are known to all.

11. The even better course of action is to adjourn the New Senior Lender's confirmation hearing to permit competing plans of reorganization to proceed simultaneously, so that the Mezzanine Lender and other parties in interest have an opportunity to consider both plans, recognizing that under 11 U.S.C. § 1129(c), the Court may taken into consideration the preference of the creditors and equity holders when reviewing competing, equally confirmable plans submitted by a debtor and a creditor. *In re Milford Connecticut Assocs., L.P.*, 389 B.R. 303, 304 (Bankr. D. Conn. 2008), *aff'd*, 404 B.R. 699 (D. Conn. 2009) ("[U]nder the terms of Section 1129(c), the Court may only confirm one plan, and in doing so, must consider the preferences of creditors and equity security holders") (internal quotation marks omitted); *In re Internet Navigator Inc.*, 289 B.R. 128, 131 (Bankr. N.D. Iowa 2003) ("If the requirements of subsections (a) and (b) of [§ 1129] are met with respect to more than one plan . . . the court considers: '(1) the type of plan; (2) the treatment of creditors and equity security holders; (3) the feasibility of the plan; and (4) the preferences of creditors and equity security holders.'").

WHEREFORE, the Mezzanine Lender respectfully prays for the entry of an Order consistent with the foregoing.

| | |
|---|---|
| Dated: June 22, 2022<br>San Francisco, California | SEYFARTH SHAW LLP<br><br>By: /s/ *M. Ryan Pinkston*<br>M. Ryan Pinkston (*pro hac vice*)<br>SEYFARTH SHAW LLP<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105<br>Telephone: (415) 544-1013<br>Facsimile: (415) 397-8549<br>Email: rpinkston@seyfarth.com<br><br>Jerry A. Montag<br>SEYFARTH SHAW LLP<br>620 8th Avenue<br>New York, NY 10018<br>Telephone: (212) 218-4646<br>Facsimile: (917) 344-1339<br>Email: jmontag@seyfarth.com<br><br>Kevin J. Nash<br>GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP<br>1501 Broadway, 22nd Floor<br>New York, New York 10036<br>Telephone : (212) 221-5700<br>Facsimile: (212) 221-6532<br>Email: kjnash@gwfglaw.com<br><br>*Attorneys for 85 Flatbush Mezz LLC* |

# EXHIBIT 1

## HOW TO VOTE

1. COMPLETE ITEMS 1 AND 2.

2. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 3.

3. **SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

4. YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 11 (85 FLATBUSH MEZZ CLAIMS) *EITHER* TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

5. **ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED.**

6. IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR SIGNED BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY RECEIVED BY TH HOLDCO (THROUGH ITS COUNSEL AS INDICATED HEREIN) NO LATER THAN **JUNE 22, 2022 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

7. TO SUBMIT YOUR BALLOT, YOU MUST SEND THE BALLOT (a) electronically via email to 85FLATBUSHRHOBALLOTS@DENTONS.COM or (b) by mail or courier to Dentons US LLP - 85 Flatbush Balloting, 1221 Avenue of the Americas, 25th Floor, New York NY 10020, Attn: Sarah M. Schrag.

   Item 1. **Amount of Class 11 (85 Flatbush Mezz Claims) Voted.** The undersigned certifies that, as of June 22, 2022, the undersigned held Class 11 (85 Flatbush Mezz Claims) in the following aggregate unpaid amount, which arose before the Debtor's Petition Date:

   $7,787,500.00

   Item 2. **Vote.** The holder of the Class 11 (85 Flatbush Mezz Claims) identified in Item 1 votes as follows (check one box only—if you do not check a box or if you check both boxes, your vote will not be counted):

   ☐ Accept the Plan OR      ☒ Reject the Plan

**Except as otherwise provided in the Plan, upon the Effective Date, in consideration of the Cash and other property to be distributed to or on behalf of the holders of Claims and Interests under the Plan, the Plan shall be deemed to resolve all disputes and constitute a settlement and release, between and among the Debtors, on the one hand, and each Creditor and Interest Holder, on the other, from any claim or liability, whether legal, equitable, contractual, secured, unsecured, liquidated, unliquidated, disputed, undisputed, matured,**

84579955v.1

**Interest Holders ever had or now have through the Effective Date in connection with their Claim or Interest (including, without limitation, any claims the Debtors may assert on their own behalf or on behalf of Creditors or Interest Holders pursuant to §§ 510 and 542 through 553 of the Bankruptcy Code, any claims Creditors or Interest Holders may have asserted derivatively on behalf of the Debtors absent bankruptcy, any claims based on the conduct of the Debtors' business affairs prior or subsequent to the commencement of the Cases or any claims based on the negotiation, submission and confirmation of the Plan.**

**IN CONNECTION WITH THE FOREGOING, PLEASE CAREFULLY REVIEW THE FOLLOWING:**

Item 3.   **Certification.**  By returning this Ballot, the holder of the Class 11 (85 Flatbush Mezz Claims) identified in Item 1 certifies that (a) this Ballot is the only legitimate Ballot submitted for the Class 11 (85 Flatbush Mezz Claims) identified in Item 1, (b) it has full power and authority to vote to accept or reject the Plan for the Class 11 (85 Flatbush Mezz Claims) identified in Item 1, (c) the holder was the holder of the Class 11 (85 Flatbush Mezz Claims) identified in Item 1 as of June 22, 2022, and (d) that the holder has received a copy of the Solicitation Package and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

Name of Creditor:

85 Flatbush Mezz LLC
(Print or Type)

Social Security or Federal Tax ID No.: _____

Signature: _____

Print Name: Eli Tabak

Title: Chief Executive Officer
(If Appropriate)

Street Address: 225 Broadway, 32nd Floort

City, State, Zip Code: New York, New York 10007

Telephone Number: (212) 991-6600

Email Address: etabak@bluestonegrp.com

Date Completed: June 22, 2022

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

2

84579955v.1

☐ Future notice mailings in this Chapter 11 Case; and/or

☐ Distributions, if any, upon your Claim in this Chapter 11 Case This Ballot shall not constitute or be deemed a Proof of Claim or Equity Interest, an assertion of a Claim or Equity Interest, or the allowance of a Claim or Equity Interest.

**YOUR VOTE MUST BE SENT IN AMPLE TIME TO BE RECEIVED BY TH HOLDCO, THROUGH ITS COUNSEL AS INDICATED HEREIN, BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JUNE 22, 2022, OR YOUR VOTE WILL NOT BE COUNTED.**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT TH HOLDCO'S ATTORNEYS AT (212) 768-6808 OR EMAIL 85FLATBUSHRHOBALLOTS@DENTONS.COM. PLEASE NOTE THAT DENTONS US LLP IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I caused a true and correct copy of the foregoing **Secured Creditor 85 Flatbush Mezz LLC's Objection To TH Holdco LLC's Second Amended Chapter 11 Plan** to be served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

    /s/ *M. Ryan Pinkston*
    M. Ryan Pinkston

84595620v.1