**LEECH TISHMAN ROBINSON BROG PLLC**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtors and Debtors in*
*Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

85 FLATBUSH RHO MEZZ LLC, *et al.*,[1]

                              Debtors.
-------------------------------------------------------X

Chapter 11

Case No.:  20-23280-rdd

(Jointly Administered)

## MOTION FOR ORDER (I) PRELIMINARILY APPROVING DISCLOSURE STATEMENT AND (II) SCHEDULING HEARING ON THE DEBTORS' MOTION FOR AN ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTORS' PLAN OF REORGANIZATION

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

      **85 Flatbush RHO Mezz LLC** ("Mezz"), **85 Flatbush RHO Hotel LLC** ("Hotel")

and **85 Flatbush RHO Residential LLC** ("Residential," and with Mezz and Hotel,

"Debtors"), by their attorneys, **Leech Tishman Robinson Brog, PLLC**, respectfully

set forth and allege:

      1.      On December 18, 2020 ("Petition Date"), the Debtors filed voluntary

petitions for relief pursuant to Chapter 11 of 11 U.S.C. §101 et seq. ("Bankruptcy

Code") and have remained in possession of their property and the management of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 85 Flatbush RHO Mezz LLC. (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

4887-6800-7717, v. 3

their business as debtors in possession under sections 1107 and 1108 of the

Bankruptcy Code.

## BACKGROUND

2.      Mezz is the 100% owner of Hotel and Residential. Hotel and

Residential collectively own the property located at 85 Flatbush Avenue Extension,

Brooklyn, New York ("Property"). The Property is a 132,641 square foot, twelve-

story, mixed-use property consisting of a 174-room boutique hotel on the first six

floors known as the Tillary Hotel Brooklyn, a 58,652 square foot 64-unit luxury

multi-family building and a 5,642 square foot parking garage (together, "Hotel

Property"). The residential component of the Property has nine studios, 26 one-

bedroom units, and 29 two-bedroom units (together, "Residential Property"). Of the

64 units, currently, two are occupied.  At the time of the acquisition of the Property,

the intention was to convert the residential units into condominiums

3.      No Committee of Unsecured Creditors has been appointed in this case.

4.      Jurisdiction over this motion is vested in the United States District

Court for this District pursuant to Sections 1334 of Title 28 of the United States

Code ("Judicial Code").

5.      This application has been referred to this Court for consideration

pursuant to §157 of the Judicial Code and the Standing Order of Reference

Regarding Title 11 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

6.      This is a core proceeding arising under Title 11 of the United States

Code. *See*, 28 U.S.C. §157(b)(1).  The statutory predicates for the relief sought

2

herein are Sections 105, 1121, 1125, 1126, 1128 and 1129 of the Bankruptcy Code and Rules 2002, 3016, 3017, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

7.    Venue of this motion in this district is proper pursuant to Section 1409 of the Judicial Code.

8.    This motion ("Combined Hearing Motion") seeks preliminary approval of the Disclosure Statement for Second Amended Chapter 11 Plan of Reorganization of 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel, LLC and 85 Flatbush RHO Residential LLC ("Disclosure Statement") and confirmation of the Second Amended Chapter 11 Plan of Reorganization of 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel, LLC and 85 Flatbush RHO Residential LLC ("Debtors' Plan") on an expedited basis, as more fully set forth below and in the motion to shorten time ("Motion to Shorten Time") being filed contemporaneously herewith.

9.    The Debtors filed the Disclosure Statement and Debtors' Plan on June 23, 2022. The Debtors' Plan provides for a reorganization and the continuing operation of the Hotel Property and Residential Property. The Debtors' Plan is premised upon an investment of not less than $96,775,000 which Debtors submit is an amount that is in excess of the amounts required to fund Plan payments. Under the Debtors' Plan, all creditors will be paid in full on account of their Allowed Claims on the Effective Date. The Debtors' Plan provides for payment to all unsecured creditors, including the unsecured creditors of Mezz and insider general unsecured claims, in full on the Effective Date. TH Holdco's plan provides for

4887-6800-7717, v. 3

payment to unsecured creditors to be paid over time, but no later than one year from its effective date. TH Holdco's plan does not however provide for payment in full to the Mezz Lender or to insider general unsecured claims and is a liquidating plan that will result in equity losing their entire investment and having their interests canceled. Under the Debtors' Plan, Hotel and Residential will be reorganized with Mezz retaining its membership interest. The Debtors' Plan investor, in exchange for the investment of not less than $96,775,000 will be admitted as an additional equity member of Mezz.

## COMBINED HEARING

10.    The Debtors' Plan provides for a 100% distribution to all creditors on account of their Allowed Claims and therefore no solicitation of votes. Therefore, the Debtors request a combined hearing on approval of the Disclosure Statement followed by confirmation of the Debtors' Plan. The Debtors' Plan will be funded from Available Cash and the Hagler Funding in the amount of not less than $96,775,000, as defined under the Plan. By this Combined Hearing Motion, the Debtors seek an order (a) preliminarily approving the Disclosure Statement and (b) authorizing the Debtors to proceed with the combined disclosure statement and confirmation hearings at a date to be scheduled by the Court ("Scheduling Order"). Debtors submit that this Court has authority to approve the requested combined hearing process pursuant to Section 105(d)(2)(B)(vi) of the Bankruptcy Code.

11.    The Debtors' Plan as proposed does not require solicitation of votes as all creditors will be paid in full on account of their Allowed Claims. Accordingly, all

classes of claims and interests are unimpaired and therefore deemed to have accepted the Plan. The Debtors submit that scheduling the combined Disclosure Statement hearing and confirmation hearing will not prejudice any party, and in fact, will benefit all parties as the Debtors' estates will not have to expend additional resources preparing for and attending two separate hearings – one to approve the Disclosure Statement and one to confirm the Debtors' Plan.

12.    The Debtors believe that the requested combined hearing will afford every party in this case with a full and fair opportunity to review the Disclosure Statement, and if necessary, object to the Disclosure Statement or confirmation of the Plan while balancing the interests of all parties in an expeditious confirmation process followed by the infusion of funds into the Debtors' estates in order to make payment of all allowed claims in full.

## THE DISCLOSURE STATEMENT HEARING

13.    Bankruptcy Code Section 1125(b) provides:

"an acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the Court as containing adequate information…"

14.    A copy of the Plan and Disclosure Statement will be served with this Combined Hearing Motion upon all creditors, interest holders and other parties in interest in accordance with the Motion to Shorten Time.

15.    "Adequate information," is defined by the Bankruptcy Code as:

"information of kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan..."

U.S.C. Section 1125(a); *See also, In re Scioto Valley Mortgage Company,* 88 B.R. 168,170 (Bankr. S.D. Ohio 1988) ("The Disclosure Statement was intended by Congress to be the primary source of information upon which creditors and shareholders could rely in making an informed judgment about the plan"); *Oneida Motor Freight, Inc. the United Jersey Bank*, 848 F.2d 414, 417 3d Cir.), *cert. denied*, 488 U.S. 967 (1988) ("The importance of full disclosure is undelayed by the reliance placed upon a disclosure statement by creditors and the Court. Given this reliance, we cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the Code's standard of "adequate information").

16.    Case law under Section 1125 of the Bankruptcy Code has produced a list of factors, which, under the facts and circumstances of a particular case, may be necessary to meet the statutory requirements of section 1125. *In re Metrocraft Publishing Services Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984). However, disclosure of all of the factors is not necessary in every case. *Id.* Conversely, the list is not exhaustive and a case may arise in which disclosure of all of the enumerated factors is still not sufficient. *Id.* The relevant factors are:

(1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the

disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

39 B.R. at 568; *See also, In Re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr.

S.D. Ohio 1990) (*citing In Re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-171

(Bankr. S.D. Ohio 1988)).

17.     The definition of "adequate information" is generally applied on a case-by-case basis.   The Debtors believe the Disclosure Statement addresses the majority of the relevant factors identified herein and submits that the Disclosure Statement contains adequate information with respect to the Debtors and the treatment of its creditors and should be approved by this Court.   The Debtors request that the confirmation hearing be scheduled to proceed directly subsequent to the Disclosure Statement Hearing.

18.     With respect to the approval of a disclosure statement, the Bankruptcy Rules provide that:

Except as provided in Rule 3017.1, after a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the

disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan. Objections to the disclosure statement shall be filed and served on the debtor, the trustee, any committee appointed under the Code, and any other entity designated by the court, at any time before the disclosure statement is approved or by an earlier date as the court may fix. In a Chapter 11 reorganization case, every notice, plan, disclosure statement, and objection required to be served or mailed pursuant to this subdivision shall be transmitted to the United States Trustee within the time provided in this subdivision.

Fed. R. Bankr. P. 3017(a).

19.     Further Rule 3017(d), which provides for the transmission of a plan

and disclosure statement in a Chapter 11 case, provides as follows:

Upon approval of a disclosure statement, - except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders-the debtor...shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States Trustee (1) the plan or a court-approved summary of the plan; (2) the disclosure statement approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b)…

Fed. R. Bankr. P. 3017(d).

20.     The Debtors are seeking to proceed with a combined hearing on the

adequacy of the information contained in their Disclosure Statement, and thereafter

confirmation of the Debtors' Plan. As this timeframe is less than 28 days from the

filing of this Combined Hearing Motion, the Debtors are seeking to shorten the time

4887-6800-7717, v. 3

periods set forth in Bankruptcy Rules 2002 and 3017 by separate Motion to Shorten Time.

## THE CONFIRMATION HEARING

21.     The Bankruptcy Rules provide that "on or before approval of a disclosure statement, the court…may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).  If no objections to the adequacy of the information contained in the Disclosure Statement are filed, or if objections are filed and overruled by the Court, the Debtors request that the confirmation hearing commence immediately upon the conclusion of the Disclosure Statement Hearing. In the event that timely objections to the adequacy of the information contained in the Disclosure Statement are filed and sustained by the Court at the Disclosure Statement Hearing, the Debtors request that the Court at that time consider a manner in which the Debtors can appropriately modify the Disclosure Statement so as to be able to proceed with the confirmation hearing or to otherwise reschedule the confirmation hearing on as expedited a basis as is practicable.

22.     This Combined Hearing Motion, the Plan, Disclosure Statement and any and all exhibits thereto will be served in accordance with the Scheduling Order upon:

    a.  all creditors listed in the Debtor's Schedules filed pursuant to Bankruptcy Rule 1007;

    b.  all parties who have formally appeared and requested notice in this case;

    c.  all parties who have filed proofs of claim in this case;

    d.  the United States Trustee;

e.  all parties to executory contracts and unexpired leases; and

f.  all governmental agencies specified in Bankruptcy Rule 2002(j).

23.    The Debtors submits that such notice is appropriate under the applicable Bankruptcy Rules.

## NOTICE

24.    Contemporaneously with the filing of this Combined Hearing Motion, the Debtors have also filed the Motion to Shorten Time.  Notice of this Combined Hearing Motion will be provided pursuant to the Motion to Shorten Time and any scheduling order entered in connection therewith.

25.    No previous application for the relief sought herein has been made to this Court or any other Court.

4887-6800-7717, v. 3

**WHEREFORE**, for all of the foregoing reasons, the Debtors seek the entry of

an order, without the need for a hearing, pursuant to §§105, 1121, 1125, 1126, 1128

and 1129 of the Bankruptcy Code and Bankruptcy Rules 2002, 3016, 3017, 3020 and

9006 (a) preliminarily approving the Debtors' Disclosure Statement; and (b)

scheduling a hearing to approve the Disclosure Statement on a final basis and to

confirm the Plan and for such other and further relief as is just and proper.

**Dated:**  New York, New York
       June 23, 2022

            **LEECH TISHMAN ROBINSON BROG, PLLC**
            **Attorneys for the Debtors**
            875 Third Avenue, 9th Floor
            New York, New York 10022
            Tel. No.:  212-603-6301


            By:  /s/ A. Mitchell Greene
                A. Mitchell Greene

4887-6800-7717, v. 3