**LEECH TISHMAN ROBINSON BROG PLLC**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

85 FLATBUSH RHO MEZZ LLC, *et al.*,[1]

                             Debtors.
---------------------------------------------------------X

Chapter 11

Case No.: 20-23280-rdd

(Jointly Administered)

**MOTION PURSUANT TO BANKRUPTCY RULE 9006(c) FOR ORDER
SHORTENING NOTICE ON DEBTORS' MOTION FOR ORDER
PURSUANT TO 11 U.S.C. SECTION 363(K) DISQUALIFYING TH HOLDCO LLC
FROM CREDIT BIDDING AND GRANTING RELATED RELIEF**

TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE:

**85 Flatbush RHO Mezz LLC** ("Mezz"), **85 Flatbush RHO Hotel LLC** ("Hotel") and **85 Flatbush RHO Residential LLC** ("Residential," and with Mezz and Hotel, "Debtors"), the debtors and debtors in possession, hereby file this motion ("Motion to Shorten Time"), pursuant to Bankruptcy Rule 9006(c) for entry of an Order Shortening Notice on the Debtors' Motion for Order (1) pursuant to 11 U.S.C. § 363(k) disqualifying TH Holdco LLC ("TH Holdco") from credit bidding at the auction sale for the Debtors' Property (as defined herein) in connection with TH Holdco's proposed sale based plan or any subsequent plan proposed by the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 85 Flatbush RHO Mezz LLC. (6184); 85 Flatbush RHO Hotel LLC (5027);

4891-9647-7733

(the "Disqualify Motion"). In further support hereof, the Debtors respectfully set forth as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory and legal predicates for this relief are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002 and Local Bankruptcy Rule 9006-1.

2. Bankruptcy Rule 2002(a)(2) requires 21 days' notice of a proposed use, sale or lease of property of the estate unless the Court for cause shortens the time or directs another method of giving service.

3. Bankruptcy Rule 9006(c) provides that when an act must be done within a specified time by the Bankruptcy Rules, "… the court for cause shown may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c).

4. As more fully outlined in the Disqualify Motion and in the Combined Hearing Motion[2] both of which are being filed contemporaneously with this Motion to Shorten Time, the Debtors seek expedited relief on the Disqualify Motion and Combined Hearing Motion due to the fact that TH Holdco's Plan is scheduled for a confirmation hearing on June 30, 2022. The Debtors submit that this Court should not confirm the TH Holdco Plan because, amongst other reasons: (1) TH Holdco should be disqualified from credit bidding in connection with the sale under its plan

---

and 85 Flatbush RHO Residential LLC (2261).
[2]All capitalized terms used but not defined below shall have the meanings ascribed to such terms in

or any subsequent plan proposed by Debtors; (2) TH Holdco's credit bid under the TH Holdco Plan is in an amount that is more than the appraised value of the Property; and (3) Debtors have proposed an amended plan ("Debtors' Plan") that they submit provides for payment of all Allowed Claims in full on its effective date, which results in better treatment to creditors than as proposed in the TH Holdco Plan. The Debtors' Combined Hearing Motion requests, among other things, that this Court preliminarily approve the Debtors' Disclosure Statement and schedule a hearing to approve the Disclosure Statement on a final basis and confirm the Debtors' Plan by June 30, 2022 as well.

5.     During these cases, TH Holdco acquired the secured debt on the Property, and proposed the TH Holdco Plan which is implemented by the sale of the Property. TH Holdco's opening credit bid is in the amount of $90,000,000, which is far more than the $72,000,000 appraised value of the Property. Debtors attached the appraisal to its objection to the TH Holdco Plan (ECF Docs. 229-231).

6.     The Debtors have filed the Debtors' Plan, which is to be funded by Available Cash and an investment of not less than $96,775,000 which Debtors submit is an amount that is in excess of the amounts required to fund payments required under the Debtors' Plan. Under the Debtors' Plan, all creditors will be paid in full on account of their Allowed Claims on the Effective Date. TH Holdco's Plan provides for payment to Hotel and Residential unsecured creditors to be paid over time, but no later than one year from its effective date. TH Holdco's Plan does not however provide for payment in full to the Mezz Lender or to insider general

---

the Combined Hearing Motion.

unsecured claims and is a liquidating plan that will result in equity losing their entire investment and having their interests canceled. Under the Debtors' Plan, Hotel and Residential will be reorganized with Mezz retaining its membership interest. The Debtors' Plan investor, in exchange for the investment of not less than $96,775,000 will be admitted as an additional equity member of Mezz.

7. The TH Holdco Plan is scheduled for confirmation on June 30, 2022. However, the Debtors submit for the reasons set forth in their objection to confirmation of the TH Holdco Plan and the Disqualify Motion that the Court should not confirm the TH Holdco Plan. In order to enable the Court to consider the Disqualify Motion at or before it considers confirmation of the TH Holdco Plan, it is necessary to shorten the time for the hearing on the Disqualify Motion, and as such, Debtors request the time be shortened so the hearing can be held on June 30, 2022.

8. Should the Disqualify Motion not be heard at or prior to confirmation of the TH Holdco Plan and the TH Holdco Plan is confirmed, TH Holdco is likely to acquire the Property based on a credit bid that is overvalued and was acquired in bad faith, at the expense of the Debtors' other creditors and the Debtors' equity holders. It is further necessary for the Court to rule on the Disqualify Motion, in connection with the Debtors' seeking to confirm the Debtors' Plan which is premised on the basis of paying all Allowed Claims in full, including TH Holdco's Allowed Claim, albeit, the Debtors recognize, in an amount that is lower than what TH Holdco is claiming.

9. Under the local rules of this Court and the Bankruptcy Rules, parties

in interest are required to receive 21 days' notice of any motion to use, sale or lease of property of the estate. In order to have the Disqualify Motion heard along with their Combined Hearing Motion, the notice period under the Bankruptcy Rules must be shortened. Accordingly, Debtors seek to shorten the time for the hearing on the Disqualify Motion from the twenty-one day notice period to seven (7) days so that the hearing on the Disqualify Motion can be heard simultaneous with the hearing on confirmation of the TH Holdco Plan on June 30, 2022.

10. The Debtors submit that no parties will be prejudiced by shortening notice for the Disqualify Motion because if the Debtors' Plan is confirmed, creditors will be paid the full amount of their Allowed Claims on the Effective Date of the Debtors' Plan.

11. Based on the above, the Debtors request the Court's permission to schedule the hearing on the Disqualify Motion for June 30, 2022 which would then be followed by a hearing for final approval of their Disclosure Statement and confirmation of the Debtors' Plan.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order (i) shortening notice on the Disqualify Motion and setting the hearing date for June 30, 2022, (ii) setting such objection deadlines as the Court deems appropriate, and (iii) granting the Debtors such further relief as is just and proper.

**DATED:**  New York, New York
June 23, 2022

                LEECH TEISHMAN ROBINSON BROG, PLLC
*Attorneys for the Debtors*
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: /s/ A. Mitchell Greene
    A. Mitchell Greene