**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>85 FLATBUSH RHO MEZZ LLC, *et al.*,<br><br>Debtors | Case No. 20-23280 (RDD)<br>Chapter 11<br><br><br>(Jointly Administered) |

# DECLARATION OF FRANCO FAMULARO IN SUPPORT OF
# TH HOLDCO LLC'S REQUEST FOR CONFIRMATION OF
# SECOND AMENDED CHAPTER 11 PLAN

I, Franco Famularo, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and state as follows:

1. I am a partner and Chief Investment Officer at Ohana Real Estate Investors ("Ohana"). I am a resident of the State of California and am over the age of 18. TH Holdco LLC ("TH Holdco") is an affiliate of Ohana. I submit this declaration ("Declaration") in support of TH Holdco's request for an order confirming the *Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 211] (as the same has been or maybe amended, modified, supplemented, or restated, the "Plan")[1] pursuant to Section 1129 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").

2. I have reviewed, and I am generally familiar with, the terms and provisions of the Plan, the documents comprising the Plan Supplement, the Disclosure Statement relating to the Plan, and the requirements for confirmation of the Plan under Section 1129 of the Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan (defined herein).

121678590\V-4

Code.  I was personally involved in the development and negotiations regarding the Plan and its related documents.

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my discussion with TH Holdco's counsel regarding applicable law, or my opinions based upon my experience, knowledge, and information concerning the Debtors' operations and the multifamily residential real estate industry.  If called upon to testify, I could and would testify to the facts set forth herein.  I am authorized to submit this Declaration on behalf of TH Holdco.

4. 85 Flatbush RHO Mezz LLC ("85 Flatbush RHO Mezz" or the "Mezz Debtor") is the 100% owner of 85 Flatbush RHO Hotel LLC ("85 Flatbush RHO Hotel") and 85 Flatbush RHO Residential LLC ("85 Flatbush RHO Residential").  The property is located at 85 Flatbush Extension, Brooklyn, New York (the "Property").  The Property is a 132,641 square foot, twelve story, mixed-use property consisting of a 174-room boutique hotel on the first six (6) floors known as the Tillary Hotel Brooklyn, a 58,652 square foot 64-unit luxury multi-family building and a 5,642 square foot parking garage (together, the "Hotel Property").  The residential component of the Property has nine (9) studios, twenty-six (26) one-bedroom units, and twenty-nine (29) two bedroom units (together, the "Residential Property").  Of the sixty-four (64) units, currently, up to five (5) are occupied.  [Docket No. 103].

5. 85 Flatbush RHO Hotel owns and operates the Tillary Hotel Brooklyn, a 174 room boutique hotel located at 85 Flatbush Avenue Extension, Brooklyn, New York at the intersection of Tillary Street and Flatbush Extension, just off the base of the Manhattan Bridge.  The Property is a 12-story mixed use property consisting of the hotel, a sixty-four (64) unit luxury multifamily building and a parking garage.  The hotel operates from the first six (6) floors of the property.  The

2

hotel is a full service upper upscale boutique hotel which also features a business center, fitness center, meeting space, restaurant, café and bar. 85 Flatbush RHO Hotel is the fee owner of the six (6) floors it occupies, and 85 Flatbush RHO Residential owns the other six (6) floors.

6. I have been advised that on September 19, 2019, 85 Flatbush Mezz LLC (the "Mezz Lender") advanced a loan to 85 Flatbush RHO Mezz in the original principal amount of $6,000,000 secured by the 85 Flatbush Hotel Pledge Agreement and 85 Flatbush Residential Pledge Agreement (the "85 Flatbush Mezz Loan Agreement"). 85 Flatbush Avenue 1, LLC ("85 Flatbush Avenue") as the original senior lender and the Mezz Lender as the mezzanine lender are party to an Intercreditor Agreement dated September 19, 2019 and amended as of July 23, 2020 (the "Intercreditor Agreement"), which set forth certain rights between the two lenders. 85 Flatbush Avenue's interest and rights under the Intercreditor Agreement are now assigned to TH Holdco.

7. Prior to the bankruptcy filing, a Uniform Commercial Code foreclosure auction of the pledge equity interest was scheduled by the Mezz Lender for December 15, 2020, and then, at the Debtors' request, was rescheduled on two occasions with a final sale date of December 18, 2020.

8. On December 18, 2020, the Debtors filed their chapter 11 petitions (the "Petition Date") and the automatic stay prevented the foreclosure sale from going forward. These Chapter 11 Cases are being jointly administered.

9. Pursuant to the Plan, holders of Allowed Claims will receive creditor distributions on account of their Allowed Claims from the Plan Fund to be established and funded by the TH Holdco Additional Consideration (as defined in the Plan), the Sale Proceeds (if any), and the Debtors' available cash, which shall be distributed in accordance with the Plan and in accordance with the priorities established by the Bankruptcy Code. The Plan contemplates a pro rata

3

distribution to unsecured creditors with unsecured claims in Classes 6 and 8 ultimately being paid in full with interest by the first anniversary of the Effective Date.

10. TH Holdco filed a series of plan and disclosure statements starting on February 20, 2022, when *TH Holdco filed the Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 151] and the accompanying *Disclosure Statement* [Docket No. 152].

11. On February 24, 2022, TH Holdco filed its *Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto*. [Docket No. 158].

12. On April 4, 2022, TH Holdco filed its *Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 175] and the accompanying *Amended Disclosure Statement*. [Docket No. 177].

13. On May 26, 2022, TH Holdco filed its *Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 211] (the "Plan") and the accompanying *Second Amended Disclosure Statement* [Docket No. 212] (the "Disclosure Statement").

14. On May 26, 2022, the Court entered the *Order Granting TH Holdco LLC's Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto, approving, among other things, the Sale and Bid Procedures for the Properties and the form of Purchase Agreement* [Docket No. 210] (the "Disclosure Statement Order").

15. The Disclosure Statement Order approved the Disclosure Statement as containing

adequate information in accordance with Section 1125 of the Bankruptcy Code, directed TH Holdco to solicit ballots accepting or rejecting the Plan, set deadlines for the filing of ballots and objections to the Plan, and approved and directed the form and manner of service of notice thereof. TH Holdco's counsel thereafter proceeded to commence the process of soliciting votes with respect to the Plan.

16. The Plan and Disclosure Statement provide, *inter alia,* for the sale of the Properties under the Purchase Agreement. The Purchase Agreement provides for the Properties to be sold (i) to TH Holdco for the purchase price consisting of the TH Holdco Credit Bid or, in the event that another bidder submits a higher and better bid at the Auction which is approved by the Bankruptcy Court, (ii) to the rival Purchaser for such amount.

17. As set forth in the *Affidavit of Publication* filed on May 31, 2022 [Docket No. 214], the notice of sale (the "Notice of Sale") for the Debtors' Properties was published in the *Wall Street Journal (National Edition)* print edition for a period beginning on May 31, 2022. The Notice of Sale will also be published in *Green Street's Commercial Mortgage Alert* on July 1, 2022.

18. Jones Lang LaSalle, as broker (the "Broker"), initially marketed the Properties commencing in October of 2021. Following entry of the Disclosure Statement Order, the Broker resolicited offers to acquire the Properties from a wide variety of parties. The Broker will conduct an Auction for the Properties, in accordance with the terms of the Sale and Bid Procedures, if one or more Qualified Competing Bid (as such term is defined in the Sale and Bid Procedures) is received in accordance with the terms of the Sale and Bid Procedures.

19. I was advised by TH Holdco's counsel that the Disclosure Statement Order, Plan, Disclosure Statement, and an appropriate ballot or notification of non-voting status (the "Solicitation Package") was served upon all interested parties in accordance with the Disclosure

Statement Order and applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). [Docket No. 216].

20. I have been provided with copies of the ballots cast by Classes 3 and 11[2] creditors voting to accept the Plan, along with *TH Holdco LLC's Voting Record Certifying Acceptances and Rejections of TH Holdco LLC's Second Amended Plan* [Docket No. 252] (the "Certification of Ballots"). I am advised that, pursuant to the Plan, TH Holdco is to request that Classes 6-10 and 12-14, who failed to cast any ballots in connection with the Plan, be deemed by the Court to have accepted the Plan. Counsel further advises that in the event the Court declines to deem Classes 6-10 and 12-14 and/or Class 11 as accepting impaired voting classes, that the Debtors shall request confirmation of the Plan to proceed pursuant to Section 1129(b) of the Bankruptcy Code.

21. TH Holdco's counsel advises that the deadline to cast a ballot to accept or reject the Plan or to object to confirmation of the Plan was fixed at Wednesday, June 22, 2022 and that three objections were filed, one of which was resolved by inserting requested language into the Confirmation Order, and the other two of which are meritless.

22. On the basis of my responsibilities on behalf of TH Holdco, my participation in the Plan process, and my regular discussions with TH Holdco's counsel, I believe that the Plan which TH Holdco has requested be confirmed has been proposed in good faith. I strongly support confirmation of the Plan over any other alternatives that have been considered to date and to the best of my knowledge and understanding, the provisions of the Plan are in compliance with the applicable laws and orders of this Court.

---

[2] TH Holdco, as agent and holder of power of attorney for the Mezz Lender, cast a Class 11 ballot to accept the Plan on May 27, 2022, and then sent the Mezz Lender notice of the same (the "Class 11 Notice"). *See* **Exhibit 1B** attached to the Certification of Ballots. TH Holdco also received an ineligible Class 11 ballot cast by the Mezz Lender in the amount of $7,787,500.00 on June 22, 2022. *See* **Exhibit 1C** attached to the Certification of Ballots. This ineligible Class 11 ballot purported to reject the Plan. As advised by TH Holdco's counsel, Class 11 is or should be deemed to accept the Plan.

121678590\V-4

23. I have reviewed the Certification of Ballots filed in connection with the Confirmation Hearing. As set forth in the Certification of Ballots, 8 claims and 3 classes of interests are impaired by the Plan. As set forth in the Certification of Ballots, the Plan has been accepted or deemed accepted by the holders of the impaired claims of creditors classified in Classes 1-14.

24. I have been advised by TH Holdco's counsel that the 85 Flatbush RHO Hotel Other Priority Claims in Class 1, the 85 Flatbush RHO Residential Other Priority Claims in Class 2, the 85 Flatbush RHO Hotel Other Secured Claims in Class 4, and the 85 Flatbush RHO Residential Other Secured Claims in Class 5 are unimpaired and therefore votes for these classes of claims were not solicited. I am also advised that Classes 3, 6, 7, 8, 9, 10, 11, 12, 13, and 14 impaired and were provided with a ballot to accept or reject the Plan. I am further advised that Class 15 (85 Flatbush Mezz Existing Equity Interests) are not receiving any distribution under the Plan and are deemed to have rejected the Plan. I understand that the Plan has been accepted by voting creditors in Classes 3 and 11 and that the court may deem the Classes 6-10 and 12-14 to be accepting impaired classes. I am informed that in the event the Court declines to deem Classes 6-10 and 12-14 and/or Class 11 as accepting impaired voting classes, that notwithstanding the rejection of the Plan by Class 15, that the Plan can be confirmed and that TH Holdco may proceed with confirmation of the Plan because, to the best of my knowledge as informed by counsel for TH Holdco, the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims as required by Section 1129(b)(1) of the Bankruptcy Code.

**The Plan Satisfies Section 1129 of the Bankruptcy Code**

25. On the basis of my understanding of the Plan, the events that have occurred prior to and during the Debtors' Chapter 11 Cases, and discussions I have had with TH Holdco's counsel regarding various orders entered during these Chapter 11 Cases and the requirements of the

Bankruptcy Code, I believe that the Plan satisfies all of the applicable requirements of Section 1129(a) of the Bankruptcy Code as described in this Declaration.

26. <u>Bankruptcy Code Section 1129(a)(1)</u>. On the basis of my understanding of the Bankruptcy Code, I believe the Plan complies with Section 1129(a)(1) of the Bankruptcy Code because the Plan complies with Bankruptcy Code Sections 1122 and 1123.

27. <u>Bankruptcy Code Section 1122</u>. The Plan designates the classification of Claims. The Plan provides for the separate classification of Claims against and Interests in the Debtors based upon the differences in legal nature and/or priority of such Claims and Interests. In total, there are fifteen (15) Classes of Claims: Class 1 (85 Flatbush RHO Hotel Other Priority Claims); Class 2 (85 Flatbush RHO Residential Other Priority Claims); Class 3 (TH Holdco Secured Claim); Class 4 (85 Flatbush RHO Hotel Other Secured Claims); Class 5 (85 Flatbush RHO Residential Other Secured Claims); Class 6 (85 Flatbush RHO Hotel General Unsecured Claims); Class 7 (85 Flatbush RHO Hotel Existing Equity Interests); Class 8 (85 Flatbush RHO Residential General Unsecured Claims); Class 9 (85 Flatbush RHO Residential Existing Equity Interests); Class 10 (85 Flatbush Mezz Other Priority Claims (if any)); Class 11 (85 Flatbush Mezz Claims); Class 12 (85 Flatbush Mezz Other Secured Claims (if any)); Class 13 (85 Flatbush Mezz General Unsecured Claims); Class 14 (Insider General Unsecured Claims); and Class 15 (85 Flatbush Mezz Existing Equity Interests). Each Class contains only Claims or Interests that are substantially similar to one another. The classification scheme was not proposed to create a consenting impaired Class or to manipulate voting.

28. <u>Bankruptcy Code Section 1123(a)(2)</u>. The Plan identifies each Class of Claims and Interests that is not impaired under the Plan.

29. <u>Bankruptcy Code Section 1123(a)(3)</u>. The Plan sets forth the treatment of impaired

Claims and Interests.

30. <u>Bankruptcy Code Section 1123(a)(4)</u>. The Plan provides that, except as otherwise agreed to by a holder of a particular Claim or Interest, the treatment of each Claim or Interest in each particular Class is the same as the treatment of each other Claim or Interest in such Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.

31. <u>Bankruptcy Code Section 1123(a)(5)</u>. The Plan provides adequate means for implementation of the Plan as required by Section 1123(a)(5) through, among other things, payment of Claims. The Plan also contains miscellaneous provisions to aid in its implementation such as the process for objecting to claims, and assumption or rejection of executory contracts.

32. <u>Bankruptcy Code Section 1123(a)(6)</u>. Under Section 6.1 of the Plan, after the Effective Date, the Debtors will be deemed dissolved. The Debtors will, thus, not be issuing securities. I understand that the requirement under Section 1123(a)(6) of the Bankruptcy Code that the Debtors' organizational documents prohibit the issuance of non-voting equity securities is inapplicable in the Chapter 11 Cases.

33. <u>Bankruptcy Code Section 1123(a)(7)</u>. The Plan complies with Section 1123(a)(7) as it contains only those provisions that are consistent with the interests of creditors and interest holders. The Plan does not provide for the appointment of officers, directors, and trustees of the Debtors; instead, the Plan provides for the dissolution of the Debtors.

34. <u>Bankruptcy Code Section 1123(b)(1) and (2)</u>. The Plan describes the treatment for the following Unimpaired Classes: Class 1 (85 Flatbush RHO Hotel Other Priority Claims); Class 2 (85 Flatbush RHO Residential Other Priority Claims); Class 4 (85 Flatbush RHO Hotel Other Secured Claims); and Class 5 (85 Flatbush RHO Residential Other Secured Claims). The Plan

9

also describes the treatment for the following Impaired Classes: Class 3 (TH Holdco Secured Claim); Class 6 (85 Flatbush RHO Hotel General Unsecured Claims); Class 7 (85 Flatbush RHO Hotel Existing Equity Interests); Class 8 (85 Flatbush RHO Residential General Unsecured Claims); Class 9 (85 Flatbush RHO Residential Existing Equity Interests); Class 10 (85 Flatbush Mezz Other Priority Claims (if any)); Class 11 (85 Flatbush Mezz Claims); Class 12 (85 Flatbush Mezz Other Secured Claims (if any)); Class 13 (85 Flatbush Mezz General Unsecured Claims); Class 14 (Insider General Unsecured Claims); and Class 15 (85 Flatbush Mezz Existing Equity Interests).

35.  <u>Bankruptcy Code Section 1123(b)(2)</u>.  The Plan provides for the assumption or rejection of executory contracts and unexpired leases that have not been previously assumed or rejected under Section 365 of the Bankruptcy Code.

36.  <u>Bankruptcy Code Section 1123(b)(3)</u>.  The Plan, under Sections 7 and 8, provides for the settlement or adjustment of any rights, Claims, Causes of Action, rights of setoff or recoupment, or other legal or equitable defenses that the Debtors had immediately prior to the Effective Date, except as otherwise provided in the Plan.

37.  <u>Bankruptcy Code Section 1123(b)(5)</u>.  The Plan leaves unaffected the rights of holders of Claims in Class 1 (85 Flatbush RHO Hotel Other Priority Claims); Class 2 (85 Flatbush RHO Residential Other Priority Claims); Class 4 (85 Flatbush RHO Hotel Other Secured Claims); and Class 5 (85 Flatbush RHO Residential Other Secured Claims), and modifies the rights of holders of Claims in Class 3 (TH Holdco Secured Claim); Class 6 (85 Flatbush RHO Hotel General Unsecured Claims); Class 7 (85 Flatbush RHO Hotel Existing Equity Interests); Class 8 (85 Flatbush RHO Residential General Unsecured Claims); Class 9 (85 Flatbush RHO Residential Existing Equity Interests); Class 10 (85 Flatbush Mezz Other Priority Claims (if any)); Class 11

(85 Flatbush Mezz Claims); Class 12 (85 Flatbush Mezz Other Secured Claims (if any)); Class 13 (85 Flatbush Mezz General Unsecured Claims); Class 14 (Insider General Unsecured Claims); and Class 15 (85 Flatbush Mezz Existing Equity Interests).

38. <u>Bankruptcy Code Section 1123(b)(6)</u>. The Plan does not contain third party release provisions. The Plan contains normal and customary exculpation provisions.

39. <u>Bankruptcy Code Section 1123(d)</u>. Under Section 9.1 of the Plan, all executory contracts and unexpired leases not previously rejected, assumed or assumed and assigned will be automatically deemed rejected pursuant to Sections 365 and 1123 of the Bankruptcy Code unless such executory contract or unexpired lease (1) is specifically described in the Purchase Agreement as being rejected under the Plan or the Purchase Agreement; (2) as of the Effective Date is subject to a pending motion to reject such Unexpired Lease or Executory Contract; (3) was previously assumed or assumed and assigned to a third party during the pendency of the Chapter 11 Cases; or (4) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan.

40. Based upon the foregoing, I believe the Plan complies fully with the requirements of Sections 1122 and 1123. Therefore, the Plan satisfies the requirement of Section 1129(a)(1) of the Bankruptcy Code.

41. <u>Bankruptcy Code Section 1129(a)(2)</u>. I believe that TH Holdco has complied with the applicable provisions of the Bankruptcy Code, including Sections 1125 and 1126 of the Bankruptcy Code regarding disclosure and plan solicitation. TH Holdco, with the assistance of its professionals, expended a significant amount of time and effort preparing the Disclosure Statement. On May 26, 2022, the Court approved the Disclosure Statement as having adequate information for a hypothetical investor to make an informed decision regarding the Plan and

11

entered the Disclosure Statement Order.  [Docket No. 210].

42. To the best of my knowledge, information and belief, TH Holdco has also complied with all other orders of the Bankruptcy Court entered during the pendency of these Chapter 11 Cases.

43. In addition, TH Holdco has solicited and tabulated votes with respect to the Plan in accordance with the Disclosure Statement Order.  Accordingly, based on my understanding of the Bankruptcy Code, I believe TH Holdco has complied with Section 1129(a)(2) of the Bankruptcy Code.

44. <u>Bankruptcy Code Section 1129(a)(3)</u>.  I believe the Plan fairly achieves a result consistent with the objectives and purposes of the Bankruptcy Code of maximizing asset values and paying creditors provides independent evidence of TH Holdco's good faith in proposing the Plan.

45. <u>Bankruptcy Code Section 1129(a)(4)</u>.  It is my understanding that all payments for services provided to the Debtors during the Chapter 11 Cases must be approved by the Court as reasonable and the Plan satisfies this requirement.

46. <u>Bankruptcy Code Section 1129(a)(5)</u>.  I believe that the Plan provides adequate, proper, and legal means for the Plan's implementation. as more fully specified in Section 5 of the Plan, as required by Section 1123(a)(5) of the Bankruptcy Code.

47. <u>Bankruptcy Code Section 1129(a)(6)</u>.  There are no rate changes provided for in the Plan, with respect to which rates a governmental regulatory commission has jurisdiction over the Debtors after confirmation pursuant to Section 1129(a)(6) of the Bankruptcy Code.

48. <u>Bankruptcy Code Section 1129(a)(7)</u>.  With respect to each impaired Class of Claims, each holder of a Claim of such Class has accepted the Plan or will receive or retain under

the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date pursuant to Section 1129(a)(7) of the Bankruptcy Code. I believe that the Liquidation Analysis contained in the Disclosure Statement demonstrates that the Plan satisfies the requirements of Section 1129(a)(7) of the Bankruptcy Code. I understand that the Bankruptcy Code requires that, with respect to each impaired Class of Claims and Interests, each holder of a claim or equity interest must either (a) accept the plan, or (b) receive or retain under the plan property having a present value, as of the effective date of the plan, that is not less than the amount such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code. For purposes of determining whether the Plan meets this requirement, TH Holdco filed an estimated liquidation analysis as set forth at Exhibit B of the Disclosure Statement (the "<u>Liquidation Analysis</u>"), which I reviewed and hereby incorporate by reference.

49.     As described in more detail in the Liquidation Analysis, under chapter 7 of the Bankruptcy Code, I believe that the cash available for distribution to creditors would consist of the proceeds resulting from the sale of the Debtors' largest assets (mainly consisting of the Hotel Property and Residential Property) unless TH Holdco submitted a credit bid for the Properties, in which case there would be no cash proceeds from the Properties. Any such cash amount could be reduced by the costs and expenses of the liquidation, including, but not limited to, the appointment of a trustee and the trustee's employment of attorneys and other professionals, and transaction fees related to the sale of the Hotel Property and Residential Property to the extent it determined or agreed that such amounts can be paid before the secureds. The recovery of value under a chapter 7 liquidation may also be limited by projected market impediments, including reduced recoveries

13

from discounts buyers would require given a shorter due diligence period, negative perceptions involved in liquidation sales and the "bargain hunting" mentality of liquidation sales, the current state of the capital markets, and the limited universe of prospective buyers, especially given the large purchase price. Bids for the property would also be less because there would be no exemption from transfer taxes under Section 1146 of the Bankruptcy Code which is not applicable in Chapter 7. The Liquidation Analysis assumes an orderly and expedited liquidation of the Debtors' assets and assumes that the liquidation would occur following the appointment or election of a chapter 7 trustee.

50. As set forth in the Liquidation Analysis, it is my belief the best interests test is satisfied as to every single holder of a Claim against or Interest in the Debtors. Specifically, I believe that the Liquidation Analysis demonstrates that all Classes of Claims or Interests will recover value under the Plan equal to or in excess of what such Claims or Interests would receive in a hypothetical chapter 7 liquidation. Significantly, I believe that its Plan is better for creditor recoveries (especially the General Unsecured Creditors in Classes 6 and 8 due to the $1,250,000 TH Holdco General Unsecured Dedicated Fund to fund an initial distribution to those classes and additional distributions to those classes which are guaranteed by two Ohana affiliates).

51. <u>Bankruptcy Code Section 1129(a)(8)</u>. Holders of Claims in Class 1 (85 Flatbush RHO Hotel Other Priority Claims), Class 2 (85 Flatbush RHO Residential Other Priority Claims) Class 4 (85 Flatbush RHO Hotel Other Secured Claims), and Class 5 (85 Flatbush RHO Residential Other Secured Claims) are not impaired under the Plan and are, therefore, conclusively presumed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code. Additionally, as evidenced by the Certification of Ballots, the Plan has been accepted by more than two-thirds in amount and one-half in number of holders of Claims in Classes 3 and 11 entitled to

vote and who voted on the Plan.  Because no holder of Classes 6-10 and 12-14 voted to accept or reject the Plan, TH Holdco shall request that, at the confirmation hearing, the Bankruptcy Court deem the Plan accepted by the holders of Claims in Class 6-10 and 12-14.  Thus, based on my understanding of the Bankruptcy Code, as to such Classes, the requirements of Section 1129(a)(8) have been satisfied.  Alternatively, TH Holdco would request confirmation of the Plan under 1129(b) notwithstanding the non-acceptance by Classes 6-14, as well as the deemed rejection by Class 15 (85 Flatbush Mezz Existing Equity Interests).

52.    TH Holdco voting the Class 11 Claims in favor of the power of attorney in the Intercreditor Agreement was proper and effective.

53.    Holders of Interests in Class 15 (85 Flatbush Mezz Existing Equity Interests) are impaired, will not receive any distribution under the Plan or retain any interests in the Debtors, and are therefore deemed to have rejected the Plan.  As noted in above, I am advised that despite the deemed rejection by Class 15, TH Holdco may proceed with confirmation of the plan because, to the best of my knowledge, as informed by TH Holdco's counsel, the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims and interests as required by Section 1129(b) of the Bankruptcy Code.

54.    <u>Bankruptcy Code Section 1129(a)(9)</u>.  Based on my understanding of the Bankruptcy Code, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code.  The Plan provides that, holders of allowed Administrative Expense Claims will be paid in full, in Cash, on the later of the Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date such Claim becomes an Allowed Administrative Expense Claim, unless such holder agrees to less favorable treatment.  Moreover, the Plan provides that, unless a holder agrees to different treatment of such Claim, holders of Priority Tax Claims under Section 507(a) of the

15

Bankruptcy will receive, on account of such claim, Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the later of the Effective Date, the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, and the date such Allowed Priority Tax Claim is due and payable in the ordinary course. Based on my understanding of the Bankruptcy Code, I believe, therefore, that the Plan satisfies the requirements of Section 1129(a)(9)(A), -(B), and -(C).

55. <u>Bankruptcy Code Section 1129(a)(10)</u>. I believe that the Plan satisfies Bankruptcy Code Section 1129(a)(10). As set forth in the Certification of Ballots, Class 3 as to the Hotel and Residential Estates and Class 11 as to the Mezz Estate have each voted in favor of the Plan without considering the votes of insiders, and no other creditors voted to reject the Plan or filed an objection to the Plan (besides the NYC Dept. of Finance, which objection is resolved), meaning all impaired Classes of Claims entitled to vote on the Plan accepted or are deemed to have accepted the Plan. TH Holdco had authority to vote the Chapter 11 Claim in favor of the Plan under the Intercreditor Agreement and properly did so and the Class 11 ballot purporting to reject the Plan is ineffective.

56. <u>Bankruptcy Code Section 1129(a)(11)</u>. I believe that the Plan is feasible within the meaning of Section 1129(a)(11) of the Bankruptcy Code in that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan. The further distributions to Classes 6 and 8 under the Plan are guaranteed under the Plan by two Ohana related entities with substantial assets.

57. <u>Bankruptcy Code Section 1129(a)(12)</u>. The Plan provides that the Purchaser shall pay all amounts due the Office of the United States Trustee under 28 U.S.C. § 1930, and any

applicable statutory interest thereon, in cash in full as required by statute and until the closing, conversion, or dismissal of these cases pursuant to Section 1129(a)(12) of the Bankruptcy Code.

58.     <u>Bankruptcy Code Section 1129(a)(13)</u>.  The Debtors have no retiree benefit plans and accordingly, Section 1129(a)(13) is inapplicable.

59.     <u>Bankruptcy Code Section 1129(a)(14)</u>.  The Debtors are not responsible for any domestic support obligations and accordingly, Section 1129(a)(14) is inapplicable.

60.     <u>Bankruptcy Code Section 1129(a)(15)</u>.  The Debtors are not an individual and accordingly, Section 1129(a)(15) is not applicable.

61.     <u>Bankruptcy Code Section 1129(a)(16)</u>.  The Debtors are a moneyed corporation and thus Section 1129(a)(16) is not applicable.

62.     <u>Bankruptcy Code Section 1129(b)</u>.  To the extent the Court does not deem Classes 6-14 Claims to have accepted the Plan and if Classes 6-15 are deemed to have rejected the Plan, I am advised that the requirements of Section 1129(a)(8) are not satisfied.  However, I am advised that the TH Holdco may seek confirmation of the Plan under Section 1129(b) of the Bankruptcy Code.  To the best of my knowledge, as informed by counsel to TH Holdco, the Plan does not discriminate unfairly and is fair and equitable with respect to each class of Claims and interests as required by Section 1129(b) of the Bankruptcy Code.

63.     Specifically, with respect to unsecured creditors, as I am informed by counsel for TH Holdco, "fair and equitable" means that the claimant will receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of the claim or that no class junior to the unsecured creditor class will receive any distribution.

64.     With respect to equity interests, as I am informed by counsel for TH Holdco, "fair and equitable" in in that no junior class of Claims or Interests is receiving a distribution under the

Plan.

65. Based on the foregoing, I believe to the best of my knowledge, information and belief that to the extent applicable, the Plan satisfies the requirements of Section 1129(a) (other than Section 1129(a)(8)) and 1129(b) of the Bankruptcy Code.

66. In summary, to the best of my knowledge, information and belief, TH Holdco has formulated, negotiated, and proposed a Plan that treats all Classes of Claims fairly, equitably, and reasonably, and effectively accomplishes the Auction for the sale of the Hotel Property and/or Residential Property to be held in accordance with the Sale and Bid Procedures, and provides for distributions in accordance with Bankruptcy Code priorities as set forth in the Plan. To the best of my knowledge, information and belief, confirmation and consummation of the Plan is in the best interests of the Debtors' Estates and will maximize the return available to creditors. Accordingly, I respectfully request that the Plan be confirmed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of June 2022.

*/s/ Franco Famularo*
Franco Famularo, Partner and CIO
Ohana Real Estate Investors