**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Case No. 20-23280 (RDD) |
| 85 FLATBUSH RHO MEZZ LLC, et al.,[1] | Chapter 11 |
| Debtors | |
| | (Jointly Administered) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
TH HOLDCO LLC'S SECOND AMENDED CHAPTER 11 PLAN**

**RECITALS**

A.       On December 18, 2020 (the "Petition Date"), each of the Debtors[2] filed voluntary

petitions for relief under Chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court");

B.       On March 29, 2021, the Bankruptcy Court entered the *Final Consent Order*

*Authorizing (I) Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting*

*Related Relief* (the "Consent Order") (Docket No. 64);

C.       On February 20, 2022, TH Holdco filed the *Chapter 11 Plan Filed by Creditor TH*

*Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush*

---

[1] The Debtors (as defined) in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include:  85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* dated May 26, 2022.  [Docket No. 211].

*RHO Residential LLC* [Docket No. 151] and the accompanying *Disclosure Statement* [Docket No. 152];

      D.      On February 24, 2022, TH Holdco filed its *Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto* [Docket No. 158];

      E.      On April 4, 2022, TH Holdco filed its *Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 175] and the accompanying *Amended Disclosure Statement* [Docket No. 177];

      F.      On May 26, 2022, TH Holdco filed its *Second Amended Chapter 11 Plan Filed by Creditor TH Holdco LLC Related to 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 211] (the "Plan") and the accompanying *Second Amended Disclosure Statement* [Docket No. 212] (the "Disclosure Statement");

      G.      On May 26, 2022, the Bankruptcy Court entered the *Order Granting TH Holdco LLC's Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots, and (IV) Certain Dates with Respect Thereto*, approving, among other things, the Sale and Bid Procedures for the Properties and the form of Purchase Agreement [Docket No. 210] (the "Disclosure Statement Order");

      H.      The Disclosure Statement Order approved the Disclosure Statement as containing adequate information in accordance with Section 1125 of Bankruptcy Code, directed TH Holdco to solicit ballots accepting or rejecting the Plan, set deadlines for the filing of ballots and objections to the Plan, and approved and directed the form and manner of service of notice thereof;

I.     Pursuant to the Disclosure Statement Order, a hearing (the "Confirmation Hearing") on confirmation of the Plan was scheduled for June 30, 2022;

J.     As set forth in the *Affidavit of Publication* filed on May 31, 2022 [Docket No. 214], the notice of sale (the "Notice of Sale") for the Debtors' Properties was published in the *Wall Street Journal* print edition for the period beginning on May 31, 2022.  The Notice of Sale will also be published in Green Street's Commercial Mortgage Alert on or about July 1, 2022;

K.     As evidenced by the *Affidavit of Service of Solicitation Materials* [Docket No. 216] (the "Solicitation Affidavit"), filed on June 2, 2022, the Disclosure Statement Order, Plan, Disclosure Statement, and an appropriate ballot or notification of non-voting status (the "Solicitation Package") was served upon all interested parties in accordance with the Disclosure Statement Order and applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

L.     On June 24, 2022, TH Holdco caused to be filed the *Certification of Acceptances and Rejections of Plan* [Docket No. 252] (the "Certification of Ballots").  As set forth in the Certification of Ballots, eight (8) classes of claims and three (3) classes of interests are impaired by the Plan.  As set forth in the Certification of Ballots, the Plan has been accepted and/or deemed accepted by the holders of the impaired claims of creditors classified in Classes 1-14;

M.     On June 27, 2022, TH Holdco caused to be filed the Declaration of Franco Famularo, Chief Investment Officer at Ohana Real Estate Investors, an affiliate of TH Holdco (the "Famularo Declaration"), in support of confirmation of the Plan;

N.     On June 15, 2022, TH Holdco caused to be filed the *Notice of Filing of Plan Supplement for Second Amended Chapter 11 Plan Filed By Creditor TH Holdco LLC Related to 85 Flatbush RHO MEZZ, LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC* [Docket No. 223] (the "Plan Supplement") attaching thereto as an exhibit:  (a) the Schedule

3

of Executory Contracts and/or Unexpired Leases to be Rejected, (b) the Schedule of Executory

Contracts and/or Unexpired Leases to be Assumed, and (c) the Proposed form of Confirmation

Order; and

O.    The Confirmation Hearing was held on June 30, 2022.

**NOW, THEREFORE,** it appearing to the Bankruptcy Court that notice of the Confirmation

Hearing and the opportunity for any party in interest to object to confirmation of the Plan as due and

sufficient, adequate, and appropriate; and upon the Bankruptcy Court's review of all objections to the

Plan; and upon the Bankruptcy Court's review of the Certification of Ballots, the relevant certificates

of service, and the form of Purchase Agreement; and upon all of the evidence proffered or adduced

and the arguments of counsel made at the Confirmation Hearing, the Famularo Declaration, and the

entire record of the Debtors' Chapter 11 Cases; and after due deliberation thereon and good cause

appearing therefor, the Bankruptcy Court makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

1.    <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408,</u>

<u>and 1409)</u>.  The Bankruptcy Court has jurisdiction over the Debtors' Chapter 11 Cases and TH

Holdco's request for Confirmation of the Plan pursuant to 28 U.S.C. §§ 157(a-(b) and 1334.  Venue

is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  TH Holdco's

request for Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).  The

Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the

---

[3] In accordance with Bankruptcy Rules 7052 and 9014, the Bankruptcy Court makes the following findings of fact
and conclusions of law which support confirmation of the Plan. To the extent any finding of fact contained herein
shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law
contained herein shall later be determined to be a finding of fact it shall be so deemed.  Each of the Recitals listed
above are findings of fact and are true and correct.

applicable provisions of the Bankruptcy Code and should be confirmed and to enter a final order

with respect to such matters.

2.    <u>Service of Notice and Solicitation Package</u>.  As evidenced by the Solicitation Affidavit

and Certification of Ballots, the Solicitation Package was transmitted and served in compliance with

the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were

adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the other

dates and hearings described in the Disclosure Statement Order was given in compliance with the

Disclosure Statement Order, and no other or further notice is or shall be required.

3.    <u>The Sale of the Properties</u>.

a.    The Plan provides for the sale of the Properties under the Purchase

Agreement.

b.    The Purchase Agreement provides for the Properties to be sold (i) to TH

Holdco[4] for the purchase price consisting of the TH Holdco Credit Bid or, in the event that another

bidder submits a higher and better bid at the Auction, which is approved by the Bankruptcy Court,

(ii) to the Purchaser for such amount.

c.    As evidenced by the affidavits or certificates of service filed with the

Bankruptcy Court:  (i) proper, timely and adequate notice of the Notice of Sale, the Disclosure

Statement Order, and the Purchase Agreement, has been provided in accordance with Bankruptcy

Rules 2002, 6004, 9007 and 9014, (ii) such notice was good, sufficient, and appropriate under the

circumstances, and (iii) no other or further notice of the Sale and Bid Procedures and Purchase

Agreement is necessary or shall be required.

---

[4] TH Holdco includes any nominee, designee, or assignee of TH Holdco to whom TH Holdco has assigned or
transferred its claim, in whole or in part, for purpose of making the TH Holdco Credit Bid or to whom TH Holdco
may assign or transfer its rights as Purchaser, in whole or in part.

US_ACTIVE\121644979\V-5

d. Jones Lang LaSalle, as broker (the "Broker"), initially marketed the Properties commencing in October of 2021. Following entry of the Disclosure Statement Order, Broker resolicited offers to acquire the Properties from a wide variety of parties. The Broker will conduct an Auction for the Properties, in accordance with the terms of the Sale and Bid Procedures, if one or more Qualified Competing Bid (as such term is defined in the Sale and Bid Procedures) is received in accordance with the terms of the Sale and Bid Procedures.

e. The Purchase Agreement and the transactions contemplated by the Purchase Agreement were negotiated and have been and are undertaken by the Debtors and TH Holdco at arm's length, without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Debtors and Purchaser are entitled to the protections of Section 363(m) of the Bankruptcy Code with respect to the Sale Transaction.

f. The Purchase Agreement was negotiated and proposed by the Debtors and TH Holdco without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor TH Holdco have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Section 363(n) of the Bankruptcy Code.

g. The Sale and Bid Procedures were designed to obtain the highest value for the Properties, and the marketing and bidding processes implemented by the Broker were fair, proper, and reasonably calculated to result in the highest and best value received for the Properties.

h. The consideration for the Properties offered by the Purchaser, including the TH Holdco Credit Bid, which serves as the opening bid for the Auction, is fair and reasonable, and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

i. A sale of the Properties other than one free and clear of all Liens, Claims, Interests, and encumbrances, with the exception of the TH Holdco Mortgage (which may be

assigned to a lender by the Purchaser) and the Permitted Exceptions (as defined in the Purchase Agreement) would materially and adversely impact the Debtors' bankruptcy estates, would yield substantially less value for the Debtors' estates, with less certainty than the available alternatives, and thus the alternative would be of substantially less benefit to the Debtors' estates.  Therefore, the sale of the Properties under the Purchase Agreement free and clear of all Liens, Claims, Interests, and encumbrances, with the exception of the TH Holdco Mortgage and the Permitted Exceptions (as defined in the Purchase Agreement) is in the best interests of the Debtors and their estates, creditors, and other parties in interest.

        j.      A reasonable opportunity to object or be heard with respect to the Sale Transaction under the Plan has been afforded to all interested persons and entities, including:  (i) the Office of the United States Trustee; (ii) counsel for TH Holdco; (iii) all entities known to have asserted any Lien in or upon the Properties; (iv) all creditors and parties in interest of the Debtors; (v) all federal, state, and local taxing authorities which have a reasonably known interest in the sale of the Properties; (vi) the Internal Revenue Service; and (vi) all entities that have filed a notice of appearance in these Chapter 11 Cases under Bankruptcy Rule 2002.

        k.      TH Holdco (or its nominee or designee) are not "insiders" of the Debtors, as that term is defined in Section 101(31) of the Bankruptcy Code.

        l.      The transfer of the Properties to the Purchaser will be a legal, valid, and effective transfer of the Properties, and will vest Purchaser with all rights, title, and interests of the Debtors to the Properties free and clear of all Liens, Claims, Interests, and encumbrances, with the exception of the TH Holdco Mortgage (which may be assigned to a lender by the Purchaser) and the Permitted Exceptions (as defined in the Purchase Agreement).

US_ACTIVE\121644979\V-5

m.      TH Holdco would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and creditors, if the sale of the Properties to TH Holdco (or its nominee or designee) were not free and clear of all Liens, Claims, Interests, and encumbrances, other than the TH Holdco Mortgage (which may be assigned to a lender by the Purchaser) and the Permitted Exceptions (as defined in the Purchase Agreement), or if TH Holdco (or its nominee or designee) would, or in the future could, be liable for any of the Liens, Claims, Interests, and encumbrances (other than the TH Holdco Mortgage and the Permitted Exceptions).

n.      The Debtors may sell the Properties free and clear of all Liens of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens who did not object, or which withdrew their objections, to the Sale Transaction are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

o.      The Debtors may sell the Properties free and clear of all Liens, Claims, Interests, and encumbrances, including but not limited to, mortgages, judgments, liens for delinquent real estate taxes, and attachments (other than the TH Holdco Mortgage (which may be assigned to a lender by the Purchaser) and the Permitted Exceptions), with all such Liens, Claims, Interests, and encumbrances to attach to the cash component of the purchase price for the Properties to be paid in accordance with Section 4 of the Plan.

p.      The Purchase Agreement is a legal, valid, and binding contract between the Debtors and Purchaser and is enforceable according to its terms, and the Purchase Agreement is approved in all respects.

US_ACTIVE\121644979\V-5

q.    As of the Closing Date (as defined in the Purchase Agreement), the consummation of the Sale Transaction and the other transactions contemplated by the Purchase Agreement will be legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including Sections 105(a), 363(b), 363(f), 363(m), 365(a), 365(b) and 365(f), 1123 and/or 1129, and 1146 thereof, and all of the applicable requirements of such Sections have been complied with in respect of the transaction.

4.    <u>Conditions Precedent</u>.  All of the conditions precedent to confirmation of the Plan, if any, set forth in the Plan have been met or waived on the record in open court.

5.    <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. U.S.C. § 1129(a))</u>.  As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code.

a.    The Plan properly classifies Claims and Interests as required by Section 1122 of the Bankruptcy Code.

b.    The Claims and Interests within each Class designated under the Plan are substantially similar.

c.    The classification of Claims and Interests was properly made and is appropriate in accordance with the terms of the Plan and the requirements of Section 1122 of the Bankruptcy Code for the purposes of tabulating ballots accepting and rejecting the Plan and for distribution of the consideration to be distributed to holders of Claims and Interests under the Plan.

d.    The Plan specifies the classes of Claims and Interests that are impaired or not impaired under the Plan, as required by Section 1123(a)(2) of the Bankruptcy Code, and

specifies the treatment of each class of Claims and Interests that are impaired under the Plan, as required by Section 1123(a)(3) of the Bankruptcy Code.

       e.      The Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment, as required by Section 1123(a)(4) of the Bankruptcy Code.

       f.      The Plan does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired under the Plan and has not accepted the Plan, as required by Section 1123(a)(4).

       g.      The Plan provides adequate, proper, and legal means for the Plan's implementation, as more fully specified in Section 5 of the Plan, as required by Section 1123(a)(5) of the Bankruptcy Code.

       h.      The Plan provides for its implementation through the sale of the Properties from Debtors to the Purchaser.

       i.      The provisions of Section 9 of the Plan with respect to the assumption and assignment of Executory Contracts and Unexpired Leases in accordance with the Purchase Agreement or rejection of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of Section 365 of the Bankruptcy Code, as required by Section 1123(b)(2) of the Bankruptcy Code.

       j.      The Plan is consistent with the interests of creditors and equity security holders and with public policy as required by Section 1123(a)(7) of the Bankruptcy Code.

       k.      TH Holdco, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in particular with the requirements of Sections 1125 and 1126 of the Bankruptcy Code as follows:  TH Holdco duly and timely served

10

copies of the Solicitation Package on all required parties pursuant to the Disclosure Statement Order.

l.      No creditor, other than TH Holdco has solicited acceptances of the Plan or participated in the offer, issuance, sale, or purchase of securities of the Debtors.

m.      As required by Section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

n.      As required by Section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by TH Holdco, the Debtors or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

o.      The Debtors shall be dissolved promptly after the Effective Date of the Plan. Kroll shall serve as Disbursing Agent to carry out and implement all provisions of the Plan and matters reasonably incidental thereto.  The Disbursing Agent will have all of the rights, powers, and duties necessary to carry out its responsibilities under the Plan.

p.      All Avoidance Actions or Causes of Action of the Estates shall be deemed released as of the Effective Date.  The Adversary Proceeding (as such term is defined in the Disclosure Statement) filed by the Mezz Lender shall remain pending.

q.      There are no rate changes provided for in the Plan, with respect to which rates a governmental regulatory commission has jurisdiction over the Debtors after confirmation pursuant to Section 1129(a)(6) of the Bankruptcy Code.

r.      With respect to each impaired Class of Claims, each holder of a Claim of such Class has accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date pursuant to Section 1129(a)(7) of the Bankruptcy Code.

s.      No holder of an allowed secured claim has made an election under Section 1111(b)(2) of the Bankruptcy Code.

t.      Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that:  (A) the holders of Claims of a kind specified in Section 507(a)(2) of the Bankruptcy Code will receive, on account of such Claims, Cash in an amount equal to such Claim (plus statutory interest on such claim, if applicable), on, or as soon thereafter as is reasonably practicable, the later of (a) the Effective Date, and (b) the first Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim; provided, however, that any Allowed Administrative Expense Claim incurred by any of the Debtors representing liabilities incurred in the ordinary course of business by the Debtors shall be paid by the Debtors (or TH Holdco on behalf of the applicable Estate) in the ordinary course of business, consistent with past practice and in accordance with the terms, and subject to the conditions of any agreement governing, instruments evidencing, or other documents relating to such transactions, and (B) each holder of a Claim of a kind specified in Section 507(a)(8) of the Bankruptcy Code will receive, on account of such claim,

Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the later of the (a) Effective Date, (b) the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, and (c) the date such Allowed Priority Tax Claim is due and payable in the ordinary course.

u.    At least one class of Claims that is impaired under the Plan has accepted the Plan in each Estate, determined without including acceptance of the Plan by any insider holding a Claim in such class, pursuant to Section 1129(a)(10) of the Bankruptcy Code.

v.    The Purchaser shall pay all amounts due the Office of the United States Trustee under 28 U.S.C. §1930, and any applicable statutory interest thereon, in cash in full as required by statute and until the closing, conversion, or dismissal of these Chapter 11 Cases pursuant to Section 1129(a)(12) of the Bankruptcy Code.

w.    The Debtors shall file operating reports and quarterly affidavits of post-confirmation disbursements and provide copies to the Office of the United States Trustee until the closing, conversion, or dismissal of these Chapter 11 Cases.  After the Debtors' estates are fully administered for purposes of Section 350(a) of the Bankruptcy Code, the Debtors or TH Holdco shall file a motion to close such Debtors' Chapter 11 Cases and a Closing Report.

x.    The Debtors do not maintain any "retiree benefits," as that term is defined in Section 1114(a) of the Bankruptcy Code, making Section 1129(a)(13) of the Bankruptcy Code inapplicable.

y.    The Debtors are not subject to any judicial or administrative order, or by statute, to pay any domestic support obligation, making Section 1129(a)(14) of the Bankruptcy Code inapplicable.

US_ACTIVE\121644979\V-5

z.      The Debtors are not an individual, making Bankruptcy Section 1129(a)(15) inapplicable.

aa.     There are no provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust that apply to the Debtors because the Debtors are commercial businesses.  The Plan thus satisfies Section 1129(a)(16) of the Bankruptcy Code.

bb.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.  Accordingly, the Plan complies with Section 1129(d) of the Bankruptcy Code.

cc.     The Plan is feasible as required by Section 1129(a)(11) of the Bankruptcy Code, in that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, except to the extent that such liquidation or reorganization is proposed in the Plan.

dd.     The making and delivery of any instrument of transfer respecting the transfer of any asset pursuant to, under, or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents"), including, but not limited to any transfer of the Properties to the Purchaser, and the execution, delivery, recording, and performance of any of the Transfer Documents, and all of the transactions contemplated under the Plan, including, but not limited to, the deeds conveying the Properties to the Purchaser upon the Effective Date of the Plan, shall be an instrument of transfer, shall be and hereby are fully exempt from the imposition and payment of any and all stamp, transfer or similar taxes within the meaning of Section 1146(a) of the Bankruptcy Code (including, without limitation, mortgage recording taxes,

14

New York City Real Property Transfer Tax and New York State Real Estate Transfer Tax) and shall be accepted for filing without payment of such and constitute "the making or delivery of an instrument of transfer under a plan confirmed under Section 1129" within the meaning of Section 1146 of the Bankruptcy Code and will be free of the imposition of taxes of the kind specified herein and in Section 1146 of the Bankruptcy Code.

6.    There are no valid mechanics Liens against the Properties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

1.    Any and all objections to the Plan not previously resolved or withdrawn, whether filed or not, are overruled.

2.    The Plan, a copy of which is annexed hereto as **Exhibit 1**, is confirmed pursuant to the terms and condition of this Order, and the provisions of the Plan shall bind the Debtors and all creditors and equity security holders of the Debtors.

3.    If no Auction is required pursuant to the Sale and Bid Procedures, the TH Holdco Credit Bid and other consideration to be provided under the Plan is approved and accepted, and TH Holdco can immediately close the Sale Transaction without further order of this Court.

4.    If TH Holdco is the Purchaser, the TH Holdco Mortgage shall survive closing of the Sale Transaction and may be assigned to any lender.

5.    The Plan meets each of the requirements of Section 1129(a) of the Bankruptcy Code other than 1129(a)(8).

6.    The Plan meets the requirements of Sections 1129(b)(1) and 1129(b)(2)(C) of the Bankruptcy Code.

US_ACTIVE\121644979\V-5

7.      Approval of the Sale of the Properties.

a.      The sale of the Properties to the Purchaser under the Purchase Agreement is hereby approved in all respects pursuant to the terms and condition of this Order.  The Purchase Agreement, a copy of which is annexed hereto as **Exhibit 2**, is approved in all respects pursuant to the terms of and conditions of this Order.  The Debtors are authorized and directed to sell the Properties and other purchased assets to the Purchaser and otherwise consummate the Sale Transaction contemplated by the Purchase Agreement.

b.      Pursuant to Sections 105, 363, 365, 1123(b)(4), 1129 and 1146(a) of the Bankruptcy Code, the Debtors and the Purchaser (which may include TH Holdco, its nominee, designee, or assignee, if it is the winning bidder) are authorized and directed to perform their obligations under and comply with the terms of the Purchase Agreement and consummate the sale of the Properties, pursuant to and in accordance with the terms and conditions of the Purchase Agreement.

c.      The Debtors and the Purchaser are authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may be reasonably requested by the Purchaser for the purposes of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession, the Properties, or as may be appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

d.      The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto in accordance with

16

the terms thereof without further order of the Bankruptcy Court; _provided_, that any such modification, amendment, or supplement is not material.

e.      All entities who are presently, or on the Closing Date may be, in possession of any or all of the Properties are directed to surrender possession of such property to the Purchaser on the Closing Date.

f.      The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Properties shall not affect the validity of the sale of the Properties to the Purchaser unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Properties, and the Purchaser therefore is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

g.      The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and creditors, the Purchaser and its respective affiliates, successors and assigns, nominees, designees, and any affected third parties, including, but not limited to, all persons asserting a Lien in or against the Properties to be sold to the Purchaser pursuant to the Purchase Agreement.

h.      The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Bankruptcy Court that the Purchase Agreement be authorized and approved in its entirety.

8.      The transfer of the Properties to the Purchaser and the execution, closing, and consummation of all documents, agreements, and instruments required to be entered into and

17

consummated as described in the Plan, the Purchase Agreement, and this Order are hereby approved under Sections 1123(a)(5)(D), 1123(b)(4), and 1123(b)(5) of the Bankruptcy Code. The Purchaser shall receive title, possession, and control of the Properties on the Closing Date upon such terms. The transfer of the Properties to the Purchaser shall be deemed an absolute and irrevocable transfer thereof, which the Debtors shall have made to the Purchaser for fair consideration and reasonably equivalent value. The transfer of the Properties to the Purchaser shall be, and hereby is, free and clear of all Liens, Claims, Interests, and encumbrances, with the exception of the TH Holdco Mortgage (which may be assigned to a lender by the Purchaser) and the Permitted Exceptions (as defined in the Purchase Agreement), with all such Liens, Claims, Interests, and encumbrances to attach to the cash component of the purchase price of the Properties. The transfer of the Properties to the Purchaser shall not be set aside due to any error in the description thereof.

9.    On the Closing Date, any and all Liens, Claims, Interests, and encumbrances or other matters affecting title to the Properties that have not been expressly preserved under the Plan, including the TH Holdco Mortgage and the Permitted Exceptions (as defined in the Purchase Agreement) shall be deemed extinguished as of such date. Any remaining property of the Estates shall vest in the Purchaser. The Purchaser and/or the Disbursing Agent may operate, buy, use, acquire, and dispose of the property of the Estates and may settle and compromise any claims, interests, and causes of action in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules with any such proceeds to be distributed consistent with and in accordance with the Plan. Notwithstanding any other provision of this order or the Plan, any and all valid liens of the City of New York shall retain their priority, and all real property taxes and charges and water and sewer charges entitled to a lien priority under section 11-301 of the Administrative Code of the City

18

of New York shall be paid upon the closing of the Sale of the Property, subject to any legal right to contest the extent or amount of such charges.

10.    Any Executory Contracts or Unexpired Leases that the Debtors have not assumed and assigned to TH Holdco as Purchaser in accordance with the Plan Supplement and/or the Purchase Agreement are deemed rejected by the Debtors on the Effective Date, and this Order constitutes approval of such rejections pursuant to Sections 365(a) and 1123 of the Bankruptcy Code.  Any Purchaser other than TH Holdco may designate contracts to be assumed and assigned in accordance with the terms of the Sale and Bid Procedures.  Any timely filed rejection damage claims resulting from any such lease rejection shall be the responsibility of the Purchaser.  If TH Holdco is the Purchaser, such claims shall be paid in accordance with the terms of the Plan.  The Debtors are authorized to assume and assign the Executory Contracts and Unexpired Leases designated for assumption in the Plan Supplement and/or the Purchase Agreement, and this Order constitutes approval of such assumptions and assignments pursuant to Sections 365(a) and 1123 of the Bankruptcy Code.  Purchaser on behalf of the applicable Estate can send any termination or nonrenewal notices for postpetition, month to month, or terminable at will Executory Contracts, Unexpired Leases, or other agreements to be effective July 31, 2022.

11.    Except as may be expressly provided for in the Plan or this Order, the Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtors arising under or related to the Properties to the extent allowed by law.  Without limiting the generality of the foregoing, and except as otherwise specifically provided herein and in the Plan, to the extent allowed by law, the Purchaser shall not be liable for any Claims against the Debtors or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any such liability that may be imposed by statute (*e.g.*, under so-called

"bulk sale" laws), or any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Effective Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to the Effective Date.

12.    Pursuant to Section 1142(b) of the Bankruptcy Code, the Debtors and/or the Purchaser are authorized, empowered, and directed to (a) execute and deliver any instrument, agreement, or document, and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized, empowered, and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan, including the closing documents in connection with the sale of the Properties under the Purchase Agreement.

13.    Pursuant to Section 1146(a) of the Bankruptcy Code:  (a) the creation, assignment, or recordation of instruments executed and delivered at the closing of the transfer of the Properties; (b) the making or assignment of any contract, lease, or sublease; (c) the making or delivery of any deed or other instrument of transfer or other consideration under, in the furtherance of, or in connection with the Plan, including, without limitation, the transfer of the Properties, and any other payments and transfers pursuant to the Plan as contemplated by the Purchase Agreement; (d) the delivery of deeds, bills of sale, or other transfers of tangible property; and (e) the making or delivery of any other instrument of transfer under the Plan, including, without limitation, the transfer of the Properties, and any other payments and transfers pursuant to the Plan as contemplated by the Purchase Agreement and subsequent transfers pursuant to and or contemplated by the Plan or this Order, including, but not limited to the deeds conveying the Properties to the Purchaser upon the Effective Date of the Plan shall

be an instrument of transfer under, in connection with, or in furtherance of the Plan, are exempt from and will not be subject to any stamp tax or other similar tax or any tax held to be a stamp tax or other similar tax by applicable law, including, without limitation, New York City Real Property Transfer Tax and New York State Real Estate Transfer Tax. Each and every federal, state, and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Properties as set forth herein, and a copy of this Order may be filed in any place where state, federal, or local law permits filing or recording.

14.      The Purchaser may enter into such agreements as are deemed by them to be necessary to consummate the Plan without further order of the Bankruptcy Court.

15.      Except as specifically provided in the Plan or this Confirmation Order, the Purchaser and the Disbursing Agent are authorized, directed, and empowered to do all things and take all actions reasonably necessary to effectuate the consummation and implementation of the Plan, including, but not limited to, executing all documents, filing all requisite documents with appropriate state and local authorities, establishing all accounts, making all distributions, and paying all costs in connection with consummating the Plan.

16.      Any Liens held against the Properties by any creditor of the Debtors must be released as a condition to payment of any Allowed Claim held by such creditor.

17.      This Confirmation Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtors and the Purchaser.

18.      The Plan Injunction and Limitation of Liability provisions of Section 11 of the Plan (i) have been negotiated in good faith and at arms' length; (ii) are consistent with and permitted pursuant to Sections 105, 524, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code and applicable

21

caselaw, (iii) are integral to the structure of the Plan, formed part of the agreement among all parties in interest embodied therein, and are each an essential means of implementing the Plan pursuant to Section 1123(a)(5) of the Bankruptcy Code; (iv) are fair and equitable; and (v) confer material benefits on the Debtors' estates, and are in the best interests of the Debtors and their estates, their creditors, and holders of Interests.  Additionally, all interested parties have timely received due, proper, and adequate notice of the release, exculpation, injunction, and limitation of liability provisions in the Plan and have not objected to them; accordingly, such provisions are hereby approved.

19.    After the Confirmation Date and before substantial consummation of the Plan as defined in Section 1101(2) of the Bankruptcy Code, the Debtors and/or TH Holdco may, under Section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or this Order, and such matters as may be necessary to carry out the purposes and effects of the Plan, so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under the Plan.

20.    In the event that the Debtors receive a refund or reimbursement belonging to the Purchaser, such payments shall be turned over to the Purchaser.  Any funds held by the Debtors as cash collateral and/or in the debtor in possession accounts shall be disbursed to the Purchaser at the Closing pursuant to the Purchase Agreement.

21.    The Debtors shall (1) pay all amounts due under 28 U.S.C. § 1930, and any applicable statutory interest thereon, in cash in full as required by statute until the closing, conversion, or dismissal of these Chapter 11 Cases, and (2) file all required reports until the closing, conversion, or dismissal of these Chapter 11 Cases.

US_ACTIVE\121644979\V-5

22.     In addition to retaining jurisdiction with respect to any disputes concerning transfer taxes, the Bankruptcy Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Section 13 of the Plan, including, but not limited, to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim or Interest and other matters arising out of or related to the Plan.

23.     Notice of the entry of this Confirmation Order, a copy of which is annexed hereto as **Exhibit 3**, which form is hereby approved, shall be mailed by TH Holdco to all of the Debtors' creditors, the Debtors' equity security holder, and other such parties as are entitled to notice within five (5) business days of the date of entry of this Confirmation Order.

24.     **Any claims of a kind specified in paragraphs 2.1 and 9.3 of the Plan that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred**; neither the Debtors, nor their estates, the Purchaser, nor any disbursing agent, nor any officer, member, manager, employee, or professional person employed by any of the foregoing acting in such capacity shall have any liability therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtors, their estates, the Purchaser, any disbursing agent, any officer, member, manager, employee, or professional person employed by any of the foregoing acting in such capacity, or its or their respective property, whether any such claim is deemed to arise prior to, on, or subsequent to the Effective Date.

25.     Except as otherwise hereafter directed by the Bankruptcy Court, notice of all subsequent pleadings in this case shall be limited to (i) the Debtors, (ii) Debtors' counsel, (iii) the

US_ACTIVE\121644979\V-5

United States Trustee, (iv) TH Holdco and its counsel if it pertains to the Properties, (v) the Disbursing Agent, and (vi) any party that would be directly affected by the relief sought.

26. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety.

27. In the event of any conflict, discrepancy, or inconsistency between the terms and provisions of the Plan or the Purchase Agreement and the terms and provisions of this Order, the terms and provisions of this Order shall control.

28. The provisions of this Order and the Purchase Agreement and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered: (i) converting Debtors' bankruptcy cases from chapter 11 to chapter 7, (ii) dismissing Debtors' bankruptcy cases, or (iii) appointing a chapter 11 trustee or examiner, and the terms and provisions of the Purchase Agreement as well as the rights and interests granted pursuant to this Order and the Purchase Agreement shall continue in this or any superseding case, and shall be binding upon the Debtors, the Purchaser, and their respective successors and permitted assigns.

29. Notwithstanding Bankruptcy Rules 3020(e) or 7062 or otherwise, the stay provided for under Bankruptcy Rule 3020(e) or any other applicable rule (*e.g.*, Rules 6004(h) or 6006(d)) are waived, for cause shown, and this Confirmation Order shall be effective and enforceable immediately upon entry. The Purchaser is authorized to consummate the Plan and the Sale Transaction contemplated thereby immediately after entry of this Confirmation Order and upon, or concurrently with, satisfaction of the conditions set forth in the Plan.

Dated:  White Plains, New York
   June 30, 2022

            _____

            Honorable Robert D. Drain
            United States Bankruptcy Judge

US_ACTIVE\121644979\V-5