LEECH TISHMAN ROBINSON BROG PLLC
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtors and Debtors in Possession*

Hearing Date:
June 30, 2022 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

85 FLATBUSH RHO MEZZ LLC, *et al.*,1

                Debtors.
---------------------------------------------------------X

Chapter 11

Case No.:  20-23280-rdd

(Jointly Administered)

### SUPPLEMENT TO APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR COUNSEL FOR THE DEBTORS

Leech Tishman Robinson Brog PLLC ("LTRB"), attorneys for 85 Flatbush RHO Mezz LLC ("Mezz"), 85 Flatbush RHO Hotel LLC ("Hotel") and 85 Flatbush RHO Residential LLC ("Residential," and with Mezz and Hotel, "Debtors"), submit this supplement ("Supplement") to its final fee application ("LTRB Fee Application"), pursuant to section 330(a) of title 11 of the United States Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for allowance of compensation for professional services performed by Leech Tishman Robinson Brog PLLC ("LTRB") for the supplemental period of June 9, 2022 through June 27, 2022 ("LTRB Supplemental Compensation Period") and respectfully represents:2

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 85 Flatbush RHO Mezz LLC. (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).
2 This Supplement also includes additional fees that were not in the LTRB Fee Application when that Fee Application was filed.
4889-4127-0310, v. 5

1. The LTRB Fee Application (ECF Doc. 218) sought approval by LTRB of (a) fees for Hotel in the amount of $28,386.00; (b) fees for Residential in the amount of $9,443.50 for fees incurred; and (c) fees for Mezz in the amount of $4,890.00 for a total of $42,719.50 during May 16, 2022 through June 8, 2022 ("LTRB Compensation Period").

2. LTRB also filed the Final Application of Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("RBLGGG") as Attorneys for the Debtors for an Award of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred (ECF Doc. 217) ("RBLGGG Fee Application") for the period of December 18, 2020 through May 15, 2022 ("RBLGGG Compensation Period") for fees and expenses incurred by RBLGGG as prior counsel to the Debtors. RBLGGG is seeking final allowance of (a) fees of $358,149.00 and reimbursement of expenses in the amount of $6,008.47 for Hotel; (b) fees of $131,221.50 and reimbursement of expenses in the amount of $3,359.25 for Residential; and (c) fees of $81,137.50 and reimbursement of expenses in the amount of $5,337.76 for Mezz for a total of $585,213.48 for fees and expenses incurred on behalf of the Debtors during the RBLGGG Compensation Period.

3. Now, LTRB files this Supplement seeking approval of additional fees and expenses incurred during the LTRB Supplemental Compensation Period of (a) fees for Hotel in the amount of $69,729.50; (b) fees for Residential in the amount of $45,591.50; and (c) fees for Mezz in the amount of $19,399.00 and expenses of $50.40 for a total of $134,770.40 fees and expenses incurred on behalf of the Debtors during the LTRB Supplemental Compensation Period

4889-4127-0310, v. 5

4. Therefore, LTRB on behalf of LTRB and RBLGGG seeks approval of fees in the aggregate amount of $747,947.50 and expenses in the aggregate amount of for a total of $14,755.88. LTRB reserves the right to file an additional supplement or application setting forth fees incurred in connection with confirmation and for post-confirmation date services rendered through the effective date as part of its fee claim to be paid under a confirmed plan in this case.

5. During the Supplemental Application Period, LTRB performed [] hours of work in the following categories:

6. <u>Asset Disposition (0.4 hours)</u>

- Telephone conference with broker re marketing materials and auction;

- Responded to JLL's inquiries regarding its responsibilities to market the property under TH Holdco LLC ("TH Holdco") proposed plan; and

- Reviewed appraisal.

7. <u>Business Operations (2.8) hours</u>

- Reviewed open post-petition real estate tax claim;

- Reviewed DHS lease;

- Corresponded with NYC Law Dept regarding postpetition water charges;

- Reviewed hotel service contracts; and

- Corresponded with Debtors' re status of residential tenants.

8. <u>Case Administration (8.7 hours)</u>

- Reviewed and filed monthly operating reports.

9. <u>Claims Administration and Objections (12.9 hours)</u>

- Reviewed documents regarding TH Holdco's secured claim;

- Researched issues re acquisition of TH Holdco's secured claim

- Reviewed claims filed against the Debtors estates; and

- Corresponded with creditors regarding reconciling and updating claims at the request of TH Holdco.

10. Retention Application Preparation (0.9 hours)

- Prepared substitution of LTRB and corresponded with the United States Trustee and chambers regarding processing substitution application and order.

11. Financing (1.0 hours)

- Corresponded with Debtors re loan obligations and financing of proposed plan.

12. Litigation (7.3 hours)

- Drafted motions related to conditional approval of Debtors Disclosure Statement and Confirmation of Amended Plan.

- Drafted Objection to TH Holdco's Plan of Reorganization

- Discussed with Debtors issues surrounding acquisition of TH Holdco's secured claim.

13. Plan and Disclosure Statement (187.1 hours)

- Researched issues re TH Holdco's credit bid;

- Drafted motion to disqualify credit bid and declarations in support;

- Telephone conferences with Debtors re confirmation of TH Holdco's plan of liquidation.

- Corresponded with Debtors re funding for amended plan of reorganization;

- Drafted amended plan of reorganization

- Drafted amended disclosure statement;

- Drafted declarations in support of plan; and

- Drafted motions to shorten notice to have Debtors' plan and disclosure statement and motion to disqualify credit bit heard on June 30, 2022.

14. The time records reflecting the additional 221.1 hours of time recorded during the Supplemental Compensation Period in the format specified by the UST guidelines is attached as **Exhibit A**.

15. TH Holdco, the secured creditor of Hotel and Residential, has objected to the LTRB Fee Application and the RBLGGG Fee Application because (a) the Debtors are not current on their operating reports, (b) TH Holdco alleged that LTRB fees might have been incurred challenging TH Holdco's claim, and (c) LTRB has not included time through June 30, 2022. As of the filing of this Supplement, the Debtors have filed all outstanding operating reports. This Supplement sets forth all work performed after June 7, 2022 through the date set forth in the attached exhibits for the Court to review. As the Court will see, none of the bases set forth in TH Holdco's objection have any merit.

16. The services rendered were necessary and appropriate and were requested by the Debtors in good faith to support their efforts to pursue a plan of reorganization that paid its creditors in full on a faster basis than over the extended—and unnecessary—one year payout proposed by TH Holdco, thereby eliminating any risk to creditors if TH Holdco were to default in making its payment to unsecured creditors. In addition, the Debtors' proposed plan is a reorganization plan proposed by a plan funder, Daryl Hagler, that does not prejudice the Debtors' equity the way TH Holdco's plan does by extinguishing their

$20,000,000 plus equity investment in the Debtors for no consideration.

17. The Debtors plan proposal is evidence of their attempt to give effect to mandate of section 1129(c) of the Bankruptcy Code that provides where there is more than one confirmable plan presented to the Court, "the court <u>shall</u> consider the preferences of creditors and equity security holders in determining which plan to confirm." TH Holdco's plan completely ignores this provision of section 1129 relying on its effort to bulldoze its way to confirmation through its "loan to own" plan. In fact, to date no one knows if TH Holdco even funded the acquisition the senior debt with its own investment or it the claim has been entirely financed by the original senior lender.

18. Finally, TH Holdco asserts that the Debtors are barred from using cash collateral to challenge TH Holdco's claim. LTRB submits that it did not charge any fees in challenging TH Holdco's secured claim. Rather, LTRB and the Debtors spent time and resources discussing if the claim itself was acquired in above-board manner and then ultimately, whether TH Holdco is allowed to submit a credit bid of not less than $90,000,000 as stated in TH Holdco's plan. LTRB submits that a challenge to a credit bid is not a challenge to the amount of TH Holdco's claim. LTRB and the Debtors have a fiduciary duty to question the validity of TH Holdco's credit bid, as stated herein and in the Debtors' objection to TH Holdco's plan of liquidation, allowing TH Holdco to acquire the Debtors' real property pursuant to an inflated credit bit would prejudice the estates and parties in interest.

19. All of the services rendered by LTRB and RBLGGG were necessary and beneficial to the Debtors estates and LTRB submits that approval of the

compensation for professional services rendered and reimbursement of expenses sought in the RBLGGG Fee Application, LTRB Fee Application and this Supplement is warranted

**WHEREFORE**, LTRB respectfully requests (i) a final allowance of compensation for professional services rendered by RBLGGG and LTRB during the Compensation Period and Supplemental Compensation Period in the amount of $747,947.50 and reimbursement of $14,755.88 in actual and necessary expenses RBLGGG and LTRB incurred during the Compensation Period and (ii) for such other and further relief as is appropriate under the circumstances.

**DATED:**   New York, New York
             June 28, 2022

                                            **LEECH TISHMAN
ROBINSON BROG PLLC
Attorneys for the Debtors**

                                            By: <u>A. Mitchell Greene</u>
A Mitchell Greene
875 Third Avenue
New York, New York 10022
(212) 603-6300

4889-4127-0310, v. 5