**LEECH TISHMAN ROBINSON BROG, PLLC**
875 Third Avenue, 9th Floor
New York, New York 10022
Fred B. Ringel, Esq.
*Attorneys for the Debtors and Debtors in Possession*

**Hearing Date and Time:**
**August 9, 2022 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                  Chapter 11

**85 FLATBUSH RHO MEZZ LLC, *ET AL.*[1],**           Case No: 20-23280-SHL

                     Debtors.
------------------------------------------------------------X

### MOTION FOR ENTRY OF AN ORDER SEEKING APPROVAL TO ENTER INTO INSURANCE PREMIUM FINANCING AGREEMENT AND FOR RELATED RELIEF

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

      The debtors and debtors in possession, **85 Flatbush RHO Mezz LLC** ("Mezz"), **85 Flatbush RHO Hotel LLC** ("Hotel") **and 85 Flatbush RHO Residential LLC** ("Residential" and defined together with Mezz and Hotel, as the "Debtors"), seek the issuance and entry of an order, pursuant to sections 105, 363 and 364 of title 11, United States Code (the "Bankruptcy Code"), and Fed. R. Bankr. P. 4001(c) (the "Bankruptcy Rules"), authorizing Hotel to enter into an insurance premium financing agreement (the "Agreement") with First Insurance Funding ("First Insurance"), and to grant First Insurance a security interest in assets relating to the insurance policies to be financed pursuant to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

Agreement,[2] and respectfully represents as follows:

## JURISDICTION

1. This is a core proceeding and this court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 363 and 364 of the Bankruptcy Code and Bankruptcy Rule 4001(c).

## BACKGROUND

2. On December 18, 2020, the Debtors filed petitions for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code. The Debtors have continued to operate their businesses and manage their assets since the filing of the petitions as debtors in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

3. Mezz is the 100% owner of Hotel and Residential. Hotel and Residential collectively own the property located at 85 Flatbush Avenue Extension, Brooklyn, New York ("Property"). The Property is a 132,641 square foot, twelve-story, mixed-use property consisting of a 174-room boutique hotel on the first six floors known as the Tillary Hotel Brooklyn, a 58,652 square foot 64-unit luxury multi-family building and a 5,642 square foot parking garage (together, "Hotel Property"). The residential component of the Property has nine studios, 26 one-bedroom units, and 29 two-bedroom units (together, "Residential Property"). Of the 64 units, currently, two are occupied. At the time of the acquisition of the Property, the intention was to convert the residential units into condominiums.

4. No trustee or examiner has been appointed in this case and no official committee of unsecured creditors or security holders has as yet been appointed or designated.

---

[2] A copy of the Agreement is attached to the Motion as **Exhibit A**.

5.  In the ordinary course of its business, Hotel maintains a number of policies of insurance against claims for liability incurred in connection with the operation of its business, including a commercial general liability policy (the "Policy").  At this time, Hotel seeks to renew the Policies for continuing insurance coverage.

6.  This Motion seeks approval of an Agreement between the Hotel and First Insurance pursuant to which First Insurance will advance $385,784.54, of which $71,062.82 has been advanced by Hotel as a down payment and the remaining $314,721.72 will be financed by First Insurance (the "Premiums") on Hotel's behalf to finance the payment of the Premiums to maintain the Debtor's insurance coverage to preserve and protect the assets of its estate.  Prior to the Hotel's filing, Hotel, in the ordinary course of its business, entered into financing agreements on substantially similar terms to the Agreement to finance the Policies.  This Motion also requests authorization for Hotel to make payments to First Insurance in accordance with the terms of the Agreement.

7.  Presently, the Hotel is subject to a confirmed plan of reorganization and may soon be sold in accordance with the terms of the Plan. In addition, the Hotel has other operating expenses that makes it imprudent, in an exercise of its business judgment, to make a large lump-sum payment for the entire Premiums.  By entering into the Agreement, Hotel will be able to spread the cost of the Premiums over nine (9) payments at favorable rates of interest.  Absent approval of the Agreement, Hotel may be unable to pay the Premiums and its existing insurance policies would lapse.  Such an occurrence would place Hotel assets in grave jeopardy and would violate the guidelines of the United States Trustee with respect to insurance.  Hotel believes that the terms and conditions of the Agreement outlined herein are fair and reasonable and should be approved by this Court.

### Insurance Policies and Premiums

8. It is essential to the preservation of Hotel's property, assets and business that Hotel maintains the Policy. Therefore, it is essential that the Policy be maintained. Hotel is required to pay the Premiums, including finance charges, totaling $321,964.83 to maintain the Policy, but it does not wish to use a large portion of its cash on hand to pay the full Premiums at this time, and has been unable, after reasonable efforts, to obtain unsecured credit to fund such payments.

9. Unless Hotel is authorized to enter into the Agreement, it will be without insurance coverage.

### Premium Financing and Security

10. Hotel's ability to continue its business and to maximize the value of its assets as a going concern depends upon obtaining immediate financing for the payment of the Premiums. The Policy financed by the Agreement is crucial to the operation of Hotel's business, thus the relief sought here is in the best interest of its estate.

11. In the ordinary course of its business, Hotel has arranged to obtain financing for its payment of the Premiums from First Insurance. Pursuant to the terms of the Agreement, the first payment was due on June 13, 2022, and to secure the financing, a down payment of $71,062.82 has been paid.

13. The Agreement also grants First Insurance a security interest in all Hotel's right, title and interest in the Policy and all amounts which are or may become payable to Hotel under the Policy, including any unearned premiums, dividend payments, and all payments on account of a loss which results in the reduction of any unearned premium under the Policy (the "Lien"). Hotel's assets, other than the Policy is subject to the lien of the

secured creditors.  Hotel requests and the proposed order submitted herewith (the "Order") provides, that First Insurance shall be granted the Lien.

14.    Hotel requests and the Order provides that First Insurance's Lien shall be deemed duly perfected without further action by First Insurance.

15.    Hotel submits that the Agreement is a standard form agreement that is routinely entered into by debtors in possession and routinely approved by Bankruptcy Courts to ensure the uninterrupted continuation of insurance covering the assets of a debtor's estate.  Hotel believes that the Agreement is in its best interests, as well as the interest of its creditors, and therefore, its estate.

16.    Accordingly, pursuant to sections 105, 363 and 364 of the Bankruptcy Code, Hotel requests that this Court grant it the authority to enter into the Agreement.

## CONCLUSION

17.    Debtors have served this Application and all of the papers on which it is based upon their 20 largest unsecured creditors, counsel to the secured lenders, all parties having filed notices of appearances with the Court and the United States Trustee.  Under the circumstances, the Debtors submit that such service be deemed appropriate.

**WHEREFORE**, for all of the foregoing reasons, the Debtors seek the entry of the Order, in substantially the form annexed hereto as **Exhibit B**: (i) approving Hotel's entry into the Agreement, (ii) authorizing Hotel to make the payments to First Insurance in accordance

with the terms of the Agreement, and (iii) granting such other and further relief as is just and proper.

**DATED:** New York, New York
July 21, 2022

                              **LEECH TISHMAN ROBINSON BROG, PLLC**
*Attorneys for the Debtors*
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300


By: /s/ Fred B. Ringel
      **Fred B. Ringel**