Hearing Date and Time: To Be Determined
Objection Deadline: To Be Determined

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 85 FLATBUSH RHO MEZZ LLC, *et al.*,[1] | Case No. 20-23280 (SHL) |
| Debtors. | Jointly Administered |

**SECURED CREDITOR 85 FLATBUSH MEZZ LLC'S**
**MOTION FOR STAY PENDING APPEAL OR, ALTERNATIVELY,**
**STAY PENDING RESOLUTION OF ADVERSARY PROCEEDING**

Pursuant to 11 U.S.C. § 105(a) and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 8007(a) and 9006(b), secured creditor 85 Flatbush Mezz LLC ("Mezzanine Lender") moves this Court for entry of an order granting a stay pending appeal of the *Findings of Fact, Conclusions of Law, and Order Confirming TH Holdco LLC's Second Amended Chapter 11 Plan, as Modified by This Order* (Dkt. No. 280) (the "Order") to the United States District Court for the Southern District of New York (the "District Court")[2] or, alternatively, granting a stay of the auction sale contemplated by the Order pending resolution of Mezzanine Lender's adversary proceeding, styled as *85 Flatbush Mezz LLC v. TH Holdco LLC*, Adv. No. 22-07022 (SHL) (the "Adversary Proceeding" or "Adv. Proc."), that will ultimately determine whether Mezzanine Lender or TH Holdco LLC ("TH Holdco") is the rightful owner of the senior secured mortgage entitled to credit bid at any such auction sale. As explained below, each factor in the Second Circuit's four-factor balancing test favors Mezzanine Lender, and thus, the Court should grant one of the requested stays.

---

[1] The debtors in these chapter 11 cases are 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC (collectively, the "Debtors").

[2] Mezzanine Lender filed its notice of appeal with respect to the Order on July 20, 2022 (Dkt. No. 285.)

## JURISDICTION

The Court has jurisdiction over Mezzanine Lender's motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334 and the District Court's Amended Standing Order of Reference (M-431), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 8007.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the Adversary Proceeding, Mezzanine Lender and TH Holdco's predecessor-in-interest, 85 Flatbush Avenue 1 LLC (the "Original Senior Lender"), are parties to an Intercreditor Agreement, dated September 19, 2019 (the "ICA"). (*See* Adv. Proc., Complaint (Adv. Dkt. No. 1) ("Complaint"), at ¶ 1, Ex. A; Adv. Proc., Answer (Adv. Dkt. No. 6) ("Answer"), at ¶ 1 (admitting rights governed by ICA attached to Complaint).)[3] Pursuant to the express terms of Section 11(a) of the ICA, Original Senior Lender was required to provide Mezzanine Lender with a "Purchase Option Notice" upon any occurrence(s) of certain defined events of default by the Debtors. (*See* ICA, at § 11(a).) Following such notice, promptly given, Mezzanine Lender would have the exclusive option to purchase Original Senior Lender's Senior Loan and thereby protect Mezzanine Lender's collateral position. (*See id.*) It is beyond legitimate dispute that Original Senior Lender failed to provide Mezzanine Lender with the required notices of Purchase Option Events on at least four separate occasions—the issuance of a declaration of monetary default on July 16, 2020; an acceleration of debt on July 22, 2020; the commencement of a mortgage foreclosure action on August 20, 2020; and the Debtors' filing of voluntary petitions for bankruptcy relief on December 18, 2020.[4]

---

[3] For the Court's convenience, a copy of the ICA is attached hereto as Exhibit A.
[4] TH Holdco appears poised to argue that another notice to Mezzanine Lender about a right to cure at one point in time sufficiently discharged Original Senior Lender's separate, express obligation to provide a Purchase Option Notice with respect to each event of default. That dispute

2

Thereafter, Original Senior Lender sold its senior secured position to TH Holdco. (*See* Purchase and Sale Agreement between 85 Flatbush RHO Hotel LLC, 85 Flatbush RHO Residential LLC, and TH Holdco LLC (Dkt. No. 268); Second Amended Disclosure Statement (Dkt. No. 212), at 1.) TH Holdco purchased Original Senior Lender's position subject to the terms of the ICA. (*See* Answer, at ¶ 1.) It is pursuant to TH Holdco's purchase that it purportedly has standing in these bankruptcy cases to propose and confirm a plan of liquidation and, ultimately, to credit bid its (previously Original Senior Lender's) indebtedness at an auction sale of the Debtors' real property. (*See* Second Amended Disclosure Statement (Dkt. No. 212), at 1, 18; Memorandum of Law in Support of Confirmation of TH Holdco's Plan and in Response to Objections to TH Holdco's Plan, at ¶ 58 (TH Holdco Credit Bid serves as opening bid for auction).) As things currently stand, TH Holdco has confirmed a liquidation plan, over Mezzanine Lender's objections, premised upon TH Holdco's purported legitimate ownership of Original Senior Lender's senior secured position and TH Holdco's erroneous conclusion that it was entitled to vote in favor of its own plan with Mezzanine Lender's claim pursuant to the breached ICA. (*See* Order.) Mezzanine Lender has appealed the Order, but in the meantime, TH Holdco apparently intends to attempt to consummate its plan by proceeding with an auction sale scheduled for August 5, 2022,[5] credit bidding its senior secured position (which should belong to Mezzanine Lender), and transferring the Debtors' real property free and clear to either a third-party purchaser or TH Holdco.

---

is precisely an issue that should be adjudicated before these cases proceed, as TH Holdco surely will argue, beyond a point of no return.

[5] TH Holdco's counsel stated this date in open court, but Mezzanine Lender does not know whether the proposed auction date has changed.

3

# ARGUMENT

## I. THE FOUR-FACTOR BALANCING TEST SUPPORTS GRANTING A STAY.

Courts in the Second Circuit employ a four-factor balancing test to determine whether to grant a stay pending appeal of a bankruptcy court order pursuant to Bankruptcy Rule 8007. *See, e.g.*, *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347 (S.D.N.Y. 2007). Specifically, in exercising their discretion, courts consider: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Id.* at 346. This Court need not find that all four factors favor Mezzanine Lender before granting a stay. *See, e.g.*, *id.* at 347 ("[T]he Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed."); *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007) (The Second Circuit has "noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one excuses less of the other.'") (quoting *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)). Here, all four factors heavily favor granting a stay pending appeal.

### A. Mezzanine Lender Will Suffer Irreparable Injury Absent a Stay.

Mezzanine Lender indisputably will suffer irreparable harm absent a stay. Mezzanine Lender already has been improperly denied its exclusive opportunity to purchase Original Senior Lender's senior secured position and thereby deprived of all the attendant rights and benefits that accompany such position. Absent a stay of the Order and the auction sale of the Debtors' real property, such harm to Mezzanine Lender will be compounded and amplified in at least four ways: (1) TH Holdco's inevitable arguments following an auction sale of the Debtors' real property that Mezzanine Lender's appeal from the Order is equitably and/or statutorily moot and no relief may be

4

granted in the Adversary Proceeding; (2) TH Holdco's implementation of its confirmed plan and *de facto* denial of any opportunity for Mezzanine Lender to recover in these cases; (3) TH Holdco's credit bidding of a position that should belong to Mezzanine Lender in the first instance and likely purchase of unique real property from an unfairly advantageous position vis-à-vis Mezzanine Lender; (4) further deprivation of Mezzanine Lender's express rights under the ICA to injunctive and declaratory relief and specific performance.[6]

Courts have recognized that mootness is "the quintessential form of prejudice." *In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996) (quoting *In re Advanced Mining Systems, Inc.*, 173 B.R. 467, 469 (S.D.N.Y. 1994)); *see also Adelphia*, 361 B.R. at 348; *McDaniel v. Sanchez*, 448 U.S. 1318, 1322 (1980) (Powell, J., in chambers) (mootness satisfies irreparable harm factor); *In re Roche*, 448 U.S. 1312, 1316 (1980) (Brennan, J., in chambers) (same); *In re Bart*, 82 S. Ct. 675, 675-76 (1962) (Warren, C.J., in chambers) (same); *cf. In re Lyons*, 995 F.2d 923, 924 (9th Cir. 1993) (risk of mooting appellate rights in other context constitutes irreparable harm where, as here, order "affects important property rights"). TH Holdco is in no position to deny that it intends, absent a stay, to conduct an auction sale and proceed to closing as quickly as possible in an effort to moot any challenges to the Order or the sale. (*See* Order, at 18 (¶ 7.f.) (preemptively granting purchaser "good faith" status and entitlement to statutory mootness protection under 11 U.S.C. § 363(m) absent stay pending appeal), (¶ 8) (transfer of real property to purchase "shall be deemed an absolute and irrevocable transfer thereof").) This risk alone justifies a stay. *See Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1153 (2d Cir. 1986),

---

[6] Indeed, Section 31 of the ICA expressly provides that "[Original] Senior Lender . . . and Mezzanine Lender . . . acknowledge (and waive any defense based on a claim) that monetary damages are not an adequate remedy to redress a breach by the other party hereunder and that a breach by [Original] Senior Lender or Mezzanine Lender hereunder would cause irreparable harm to the other party hereunder. Accordingly, [Original] Senior Lender and Mezzanine Lender agree that . . . the remedies of injunction, declaratory judgment and specific performance shall be available to such non-breaching party."

5

*rev'd on other grounds*, 481 U.S. 1 (1987) (key concern is whether party could be restored to status quo ante if successful)

It also stands to reason that TH Holdco will assert that its credit bidding at the auction, the conclusion of the auction, and a transfer of the Debtors' real property necessarily precludes Mezzanine Lender from obtaining specific performance in the Adversary Proceeding. Once the collateral for the senior secured position is disposed of, specific performance of the purchase option rights set forth in the ICA is meaningless remedy. A stay of the Order and of the auction sale pending appeal gives life to the parties' explicit agreement in the ICA that no adequate remedy at law exists and that specific performance "shall be available" to the non-breaching party. (*See* n.6); *see also Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999) (recognizing contractual agreement that breach would cause irreparable injury may constitute admission that non-breaching party will suffer irreparable harm); *North Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999) (finding of irreparable injury, in part, based on "irreparable injury" clause in agreement).

Furthermore, by TH Holdco's own projections, Mezzanine Lender will be "out of the money." (TH Holdco's Memorandum of Law in Support of Confirmation of TH Holdco's Plan and in Response to Objection to TH Holdco's Plan (Dkt. No. 264, at 48, 50).) For that reason alone, Mezzanine Lender ought to be afforded an opportunity to obtain a determination on its appeal from the Order and/or in the Adversary Proceeding *before* TH Holdco proceeds further with the contemplated auction of the Debtors' real property (thereby depriving the estates of the only significant asset in these cases). Should Mezzanine Lender prevail, such that it and not TH Holdco should have been permitted to purchase Original Senior Lender's senior secured position, it will be for naught if the collateral for such position has been irrevocably transferred. Accordingly, the "irreparable injury" factor favors granting the requested stay.

      **B.**      **No One Will Not Suffer Any Substantial Injury If a Stay Is Granted.**

The second factor to be considered is whether a party will be *substantially* injured if a stay issues. Although denying a stay would substantially injure Mezzanine Lender, issuing a stay will not harm TH Holdco or anyone else in any material way. It is true that a stay pending appeal or pending resolution of the Adversary Proceeding may delay for a short period of time the sale of the Debtors' real property and substantial consummation of TH Holdco's confirmed plan, but the stay need not be lengthy, as Mezzanine Lender is prepared to request and proceed with an expedited appeal from the Order and also to move expeditiously toward a conclusion of the Adversary Proceeding (over which schedule this Court has direct control).[7] In any event, some stay-related delay alone is insufficient harm to warrant denying a stay. *See San Diegans for Mt. Soledad Nat'l War Mem'l v. Paulson*, 548 U.S. 1301 (2006) (finding harm of slight delay outweighed by risk of irreparable harm). Furthermore, TH Holdco's pursuit of confirmation of its liquidation plan was not predicated on any particular schedule or any exigent need for closing on a sale of the Debtors' real property by any date certain. This case, unlike others, is not one involving a stalking horse or other third-party purchaser that may terminate its agreement to purchase the real property if the auction date is continued while Mezzanine Lender receives its day in court. This factor weighs in favor of issuing a stay.

      **C.**      **Mezzanine Lender Has a Substantial Possibility of Success.**

This factor requires an inquiry as to whether Mezzanine lender has demonstrated "a substantial possibility, although less than a likelihood, of success." *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993); *see CQS ABS Master Fund Ltd. v. MBIA Inc.*,

---

[7] To this end, Mezzanine Lender is filing a motion in the Adversary Proceeding for partial summary judgment seeking a determination that Original Senior Lender breached the ICA by failing to provide the requested "Purchase Option Notices," which will leave for resolution only the Court's determination regarding an appropriate price at which Mezzanine Lender may exercise its right to purchase the senior secured position.

7

No. 12 Civ. 6840, 2014 U.S. Dist. LEXIS 185280, at *7-8 (S.D.N.Y. Jan. 29, 2014) ("Plaintiffs do not need to show very much - the issue need only be 'a fair ground for litigation,'" meaning more than frivolous).

Here, TH Holdco concedes that it purchased Original Senior Lender's position subject to the terms of the ICA, (*see* Answer, at ¶ 1), and TH Holdco has no evidence (because none exists) that Original Senior Lender provided Mezzanine Lender with a single "Purchase Option Notice," notwithstanding several events of default by the Debtors and the express requirement to do so in Section 11(a) of the ICA.  Given this breach, which Mezzanine Lender intends to prove in short order, TH Holdco was not entitled to silence Mezzanine Lender by utilizing Section 9(d) of the ICA to vote Mezzanine Lender's secured claim in favor of TH Holdco's plan.  It is well settled under New York law that a party in material breach cannot then enforce that contract against a non-breaching party.  *See, e.g.*, *Nadeua v. Equity Residential Properties Mgmt. Corp.*, 251 F. Supp. 3d 637, 641 (S.D.N.Y. 2017) (citation omitted).  Thus, in considering plan confirmation, the Court should have instead considered Mezzanine Lender's own vote *rejecting* TH Holdco's plan.

Additionally, as set forth in the Adversary Proceeding, Mezzanine Lender should have been provided with an opportunity to exercise its purchase option and should now be giving an opportunity to exercise such purchase option at a price to be determined by the Court.  Given Original Senior Lender's breach and subsequent sale of its position to TH Holdco, Mezzanine Lender, not TH Holdco, is the proper party in interest with respect to the senior secured position vis-à-vis the Debtors.  Whether TH Holdco or Mezzanine Lender is the proper holder of the senior secured position is a threshold issue that could and should have been resolved prior to entry of the Order.  Furthermore, TH Holdco proposed a single plan for all three Debtors, but did not have an impaired class of claims *per debtor* accept the plan, thereby failing to comply with 11 U.S.C.

§ 1129(a)(10). Notably, for multi-debtor plans like that at issue here, some courts have adopted a per-debtor requirement, *see, e.g.*, *In re Tribune Co.*, 464 B.R. 126, 182-83 (Bankr. D. Del. 2011), and in the absence of binding precedent in this Circuit, it is certainly and substantially possible Mezzanine Lender may prevail on appeal.

### D. The Public Interest Favors a Stay.

Public interest favors due process and the resolution of disputes on the merits, yet here, absent a stay, the merits of Mezzanine Lender's dispute with TH Holdco may never be adjudicated, or at least not effectively adjudicated with an appropriate remedy available to Mezzanine Lender. As explained above, Mezzanine Lender faces a legitimate risk that TH Holdco rushes to substantially consummate its plan and transfer the collateral at issue following an auction sale, thereby arguably depriving Mezzanine Lender of the principal benefit of its purchase option: an opportunity to purchase the senior secured position with collateral available to satisfy Mezzanine Lender's claims. The threat of equitable and statutory mootness is palpable here. Where litigation arises between two parties, such as Mezzanine Lender and TH Holdco here, "the public interest is best served by equitable relief which safeguards the financial interests of both parties and preserves the status quo pending resolution of the underlying claims." *Arrowhead Gen. Ins. Ag'y, Inc. v. Lincoln Gen. Ins. Co.*, No. 16-CV-1138, 2016 U.S. Dist. LEXIS 83492, at *20 (M.D. Pa. June 28, 2016). This Court should grant a stay pending appeal or pending resolution of the Adversary Proceeding to ensure that Mezzanine Lender has a fair chance of resolving its disputes with TH Holdco on the merits.

## II.  IF THE COURT IS NOT INCLINED TO GRANT A STAY PENDING APPEAL OR PENDING RESOLUTION OF THE ADVERSARY PROCEEDING, A TEMPORARY STAY IS APPROPRIATE.

In the alternative to the foregoing, if the Court elects not to grant a stay pending appeal or a stay pending resolution of the Adversary Proceeding, Mezzanine Lender requests a temporary stay

9

for a short period while it applies to the District Court for a stay. *See Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F. Supp. 2d 186, 196 (S.D.N.Y. 2007) (granting temporary stay to permit request to superior court and citing decisions reaching same result).

### III.    NO BOND SHOULD BE REQUIRED.

Bankruptcy Rule 8007 grants the Court discretion to determine whether a bond is necessary to stay the case. *See* Fed. R. Bankr. Proc. 8007 (court *may* condition relief on filing a bond). Courts recognize that a bond is unnecessary where little to no risk of injury to an appellee exists. *See, e.g.*, *In re Sphere Holding Corp.*, 162 B.R. 639, 644 (Bankr. E.D.N.Y. 1994). Given the absence of any potential injury to TH Holdco here (and especially no substantial injury), a bond here is unnecessary. In the event a bond is required, Mezzanine Lender requests an opportunity to be heard with respect to an appropriate bond based on an estimate of what loss may result during the pendency of the requested stay. *See, e.g.*, *In re Weinhold*, 389 B.R. 783, 789 (Bankr. M.D. Fla. 2008) (bond in case involving non-monetary judgment is only estimate of potential loss during stay).

### CONCLUSION

For the foregoing reasons, the Court should enter an order staying the Order pending Mezzanine Lender's appeal from same or pending the prompt resolution of the Adversary Proceeding, and grant such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 22, 2022<br>San Francisco, California | SEYFARTH SHAW LLP<br><br>By:  /s/ *M. Ryan Pinkston*<br>M. Ryan Pinkston (*pro hac vice*)<br>SEYFARTH SHAW LLP<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105<br>Telephone:  (415) 544-1013<br>Facsimile:  (415) 397-8549<br>Email:  rpinkston@seyfarth.com<br><br>Jerry A. Montag<br>SEYFARTH SHAW LLP<br>620 8th Avenue<br>New York, NY  10018<br>Telephone:  (212) 218-4646<br>Facsimile:  (917) 344-1339<br>Email:  jmontag@seyfarth.com<br><br>Kevin J. Nash<br>GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP<br>1501 Broadway, 22nd Floor<br>New York, New York 10036<br>Telephone : (212) 221-5700<br>Facsimile: (212) 221-6532<br>Email: kjnash@gwulaw.com<br><br>*Attorneys for 85 Flatbush Mezz LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2022, I caused a true and correct copy of the foregoing **Secured Creditor 85 Flatbush Mezz LLC's Motion for Stay Pending Appeal or, Alternatively, Stay Pending Resolution of Adversary Proceeding** to be served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case.

    /s/ *M. Ryan Pinkston*
    M. Ryan Pinkston

85054800v.1