

**Seyfarth Shaw LLP**
560 Mission Street
31st Floor
San Francisco, California 94105
T (415) 397-2823
F (415) 397-8549

rpinkston@seyfarth.com
T (415) 544-1013

www.seyfarth.com

September 29, 2022

*Via CM/ECF and Email*

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601
shl.orders@nysb.uscourts.gov

**Re:** *In re 85 Flatbush RHO Mezz LLC*,
**Case No. 20-23280-shl (Bankr. S.D.N.Y.) (Jointly Administered)**

Dear Judge Lane:

We write on behalf of 85 Flatbush Mezz LLC ("Mezzanine Lender") and with the consent of Debtors (the "Debtors"), regarding this Court's Order Staying Effective Date of TH Holdco's Confirmed Plan and Closing on TH Holdco's Credit Bid Pending Appeal (Dkt. No. 312). This Court previously granted Mezzanine Lender and the Debtors a stay through and including October 3, 2022, pending their appeals from this Court's Findings of Fact, Conclusions of Law, and Order Confirming TH Holdco LLC's Second Amended Chapter 11 Plan, as Modified by This Order (Dkt. No. 280) and conditioned upon a bond in the amount of $5 million in favor TH Holdco, LLC ("TH Holdco").

In view of the length of the stay, the District Court (Hon. Cathy Seibel) entered an expedited briefing schedule in Mezzanine Lender's and the Debtors' appeals, Case No. 22-cv-06233-CS (S.D.N.Y.) and Case No. 22-cv-06241-CS (S.D.N.Y.), respectively, so that the District Court could adjudicate the appeals prior to expiration of this Court's stay. Briefing in both appeals concluded on September 16, 2022, and the parties await the District Court's ruling. However, on September 28, 2022, the District Court entered an Order advising as follows:

> [A]lthough the Court had intended to decide this appeal on or before October 3, 2022, it will not be able to do so, due to unforeseen circumstances. The Court expects to rule within a week or two thereafter.

(Case No. 22-cv-06233, Dkt. No. 15.)

In light of the foregoing, the undersigned requested that TH Holdco, through its counsel, agree to a brief extension to the stay pending appeal to afford the District Court the short additional time

87486412v.1



Judge Sean H. Lane
September 29, 2022
Page 2

required to issue a ruling. TH Holdco has refused to consent to a one- or two-week extension of the stay pending appeal absent the posting of an additional $1.2 million bond. Mezzanine Lender has also requested evidence of the alleged costs and damages incurred by TH Holdco to date during the stay pending appeal, but although TH Holdco has referenced a "rough estimate" of such alleged costs and damages, no specific information has yet been provided.

Mezzanine Lender writes now to request that this Court (1) briefly extend its current stay pending appeal through October 3, 2022, to a date three business days after the District Court issues its ruling(s) in Mezzanine Lender's and the Debtors' fully-briefed appeals, and (2) issue such brief extension without requiring any additional bond amount. Importantly, this Court has the discretion to enter an original stay without requiring a bond in the first instance pursuant to Federal Rule of Bankruptcy Procedure 8007; no need or justification for an additional bond amount has been presented, especially for the short additional time period required by the District Court; the original expiration date for the stay was selected precisely so the District Court would have time to conclude the appeals before the stay expired and not based on any particular calculation of alleged costs to be incurred by TH Holdco;[1] and the delay in obtaining a decision from the District Court is no fault of Mezzanine Lender or the Debtors, who have proceeded expeditiously to complete the appeals.

Thank you, as always, for Your Honor's attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

M. Ryan Pinkston

cc:   Kevin Nash
      Fred Ringel
      Lori Schwartz
      Lauren Macksoud
      Robert Richards
      Emilie Cooper

---

[1] TH Holdco mentioned that this Court set an original bond amount of $5 million as though the Court determined that a bond in the amount of $84,000 per day was necessary to protect TH Holdco. The Court did not indicate that it made any such determination or that any such calculations had been performed. Mezzanine Lender and the Debtors respectfully submit that the original bond amount of $5 million is more than sufficient to warrant a short extension of the stay pending appeal under the circumstances.