Lauren Macksoud
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
E-mail: lauren.macksoud@dentons.com
          sarah.schrag@dentons.com

Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>    85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>                    Debtors | Case No. 20-23280 (SHL)<br>Chapter 11<br><br><br>(Jointly Administered) |

### TH HOLDCO LLC'S MOTION TO ENFORCE DEBTORS' OBLIGATION TO COOPERATE WITH CLOSING OF CREDIT BID

TH Holdco LLC ("TH Holdco") hereby files this *Motion for Entry of an Order to Enforce Debtors' Obligation to Cooperate with Closing of Credit Bid* (the "Motion") and respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include: 85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

1

**BACKGROUND AND BASIS FOR RELIEF**

1. On July 6, 2022, this Court entered the *Findings of Fact, Conclusions of Law and Order Confirming TH Holdco's Second Amended Chapter 11 Plan, as Modified by this Order* (Docket No. 280) (the "Confirmation Order"), which among other things, confirmed *TH Holdco's Second Amended Chapter 11 Plan* (Docket No. 211) filed on May 26, 2022 (the "Confirmed Plan")[2] and approved the *Purchase and Sale Agreement By and Between 85 Flatbush RHO Hotel, LLC and 85 Flatbush RHO Residential LLC as Sellers and TH Holdco LLC* filed on June 27, 2022 (Docket No. 268) (the "TH Holdco Purchase Agreement" and collectively with the Confirmation Order and Confirmed Plan, the "Key Documents").

2. The Key Documents require the Debtors and Debtors in Possession to cooperate with the Closing of the Credit Bid, including, without limitation, in the provisions cited below.

3. On August 11, 2022, this Court entered an *Order Staying the Effective Date of TH Holdco's Confirmed Plan and the Closing of TH Holdco's Credit Bid Plan* (Docket No. 312) (the "Prior Stay Order")  The Prior Stay Order provided for a 60-day stay to October 3, 2022, which was then further extended by this Court for another twenty-one (21) days, to October 24, 2022. That stay expired on October 25, 2022 and has not been extended.  There is no new motion seeking a stay pending in any court, including the United States District Court for the Southern District of New York (the "District Court") or the Second Circuit Court of Appeals (the "Second Circuit").

4. The Prior Stay Order only stayed the Confirmed Plan from going effective and the credit bid actually closing.  It did not stay preparations for a closing in anticipation of the expiration of the stay.  Likewise, it did not excuse the Debtors in Possession from their other obligations as fiduciaries of the estate, including their obligation to timely file sworn monthly operating reports.

5. Each of the Debtors are delinquent on filing their August 2022 and September 2022 monthly operating reports and related bank statement attachments.  These Debtors have been

---

[2] Capitalized terms used in this Motion but not otherwise defined herein shall have meaning set forth in the Confirmed Plan.

2

seriously delinquent on filing prior monthly operating reports and only filed the delinquent MORs after TH Holdco brought it to the attention of this Court and the Office of the U.S. Trustee.  See e.g. *TH Holdco's Objection to Debtors' Fees* (Docket No. 245), which led to the Debtors' filing of the March 2022 to May 2022 Monthly Operating Reports (Docket Nos. 246-251 and 261-263) thereafter for the three bankruptcy estates.  This appears to be an intentional tactic by the Debtors to hide the real time performance of the Properties and disbursements reflected in the bank statements from TH Holdco as mortgage lender and other creditors.  TH Holdco is also entitled to this information as the approved credit bid purchaser preparing for closing.  TH Holdco has followed up multiple times on the delinquent MORs (see for instance the e-mail chains attached as **Exhibit A** to this Motion).

6.      The District Court has affirmed the Confirmation Order and overruled both pending appeals of that order in a detailed and well-reasoned opinion issued in both appeals dated October 20, 2022.  *85 Flatbush RHO Mezz, LLC, et al v. TH Holdco, LLC*, No. 22-CV-6241 (CS); *85 Flatbush Mezz, LLC v. TH Holdco LLC*, 22-CV-6233 (CS).

7.      85 Flatbush Mezz LLC as the mezzanine lender (the "Mezzanine Lender") has indicated to this Court and TH Holdco it does not intend to appeal the District Court's ruling or further pursue its Adversary Proceeding in this Court but rather to pursue any potential remedies in a state court action.

8.      The Debtors counsel has advised TH Holdco's counsel that they are proceeding with the closing of the Credit Bid (see email from Lori Schwartz attached as **Exhibit A** hereto) but to date, actual cooperation has been very limited despite multiple follow up e-mails and voice mails.

9. Among other provisions related to closing and related matters, the Confirmation Order provides that:

- The Debtors shall file operating reports and quarterly affidavits of post-confirmation disbursements and provide copies to the Office of the United States Trustee until the closing, conversion, or dismissal of these Chapter 11 Cases . . . (Findings paragraph 5.w of the Confirmation Order, at p. 13).

- The Plan, a copy of which is annexed as **Exhibit 1** and as modified as set forth in the last sentence of this paragraph, is confirmed pursuant to the terms and conditions of this Order, and the provisions of the Plan, as modified by this Order, shall bind the Debtors and all creditors and equity security holders of the Debtors . . . (Decretal paragraph 2, at p. 15)

- If no auction is required pursuant to the Sale and Bid Procedures, the TH Holdco Credit Bid and other consideration to be provided under the Plan is approved and accepted, and TH Holdco can immediately close the Sale Transaction without further order of this Court. (Decretal paragraph 3, at p. 16).

- The sale of the Properties to the Purchaser under the Purchase Agreement is hereby approved in all respects pursuant to the terms and conditions of this Order. The Purchase Agreement, a copy of which is annexed as **Exhibit 2**, is approved in all respects pursuant to the terms and conditions of this Order. The Debtors are authorized and directed to sell the Properties and other purchased assets to the Purchaser as provided in the Sale and Bid Procedures and otherwise consummate the Sale Transaction contemplated by the Purchase Agreement upon the Effective Date of the Plan. (Decretal paragraph 7a, at p. 16-17).

- Pursuant to Sections 105, 363, 365, 1123(b)(4), 1129 and 1146(a) of the Bankruptcy Code, and consistent with the Sale and Bid Procedures, the Debtors and the Purchaser (which may include TH Holdco, its nominee, designee, or assignee, if it is the winning bidder) are authorized and directed to perform their obligations under and comply with the terms of the Purchase Agreement and consummate the sale of the Properties, pursuant to and in accordance with the terms and conditions of the Purchase Agreement. (Decretal paragraph 7b, at p. 17).

- Consistent with the Sale and Bid Procedures, the Debtors and the Purchaser are authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement, the Purchase Agreement. (Decretal paragraph 7c, at p. 17).

- The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof and the Sale and Bid Procedures without further order of the Bankruptcy Court; *provided*, that any such modification, amendment, or supplement is not material as to the Debtors. (Decretal paragraph 7d, at p. 17).

- All entities who are presently, or on the Closing Date may be, in possession of any or all of the Properties are directed to surrender possession of such property to the Purchaser on the Closing Date. (Decretal paragraph 7e, p. 17).

- The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Bankruptcy Court that the Purchase Agreement be authorized and approved in its entirety. (Decretal paragraph 7h, p. 18).

- On the Closing Date . . . [a]ny remaining property of the Estates shall vest in the Purchaser. The Purchaser and/or the Disbursing Agent may operate, buy, use, acquire, and dispose of the property of the Estates and may settle and compromise any Estate claims, interests, and causes of action . . . (Decretal paragraph 9, p. 19).

- Pursuant to Section 1142(b) of the Bankruptcy Code, the Debtors and/or the Purchaser are authorized, empowered, and directed to (a) execute and deliver any instrument, agreement, or documents, and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized, empowered, and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements and documents created in connection with the Plan, including the closing documents in connection with the sale of the Properties under the Purchase Agreement. (Decretal paragraph 12, pp. 20-21).

- The Debtors shall (1) pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in cash in full as required by statute until the closing, conversion, or dismissal of these Chapter 11 Cases, and (2) file all required reports until the closing, conversion or dismissal of these Chapter 11 Cases. (Decretal paragraph 21, p. 23).

5

10. Among other provisions related to closing and related matters, the Confirmed Plan provides that:

- 1.42 *Effective Date* means the date on which all conditions to the effectiveness set forth in Section 10 hereof have been satisfied or waived in accordance with the terms of the Plan.

- 1.77 *Sale Transaction* means the sale of the Hotel Property and/or the Residential Property pursuant to the Plan either via (i) a credit bid to TH Holdco or its nominee and/or (ii) to the winning Cash Purchaser or Purchasers at the Auction whose bids are approved by the Bankruptcy Court and who close such Purchaser's bid.

- 5.6 *Effectuating Documents; Further Transactions.* On or after the Effective Date, TH Holdco on behalf of the Debtors and the Estates is authorized to and may issue, execute, deliver, file or record such contracts, securities, instruments, releases, and other agreements or documents or take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan in the name of and on behalf of the Debtors and the Estates, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan.

- 11.1 *Vesting of Assets.* On the Closing Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, as set forth in the Purchase Agreement, all property of the Debtors' Estates shall vest in the Purchaser free and clear of all Claims, liens, encumbrances and other interests, except as provided pursuant to this Plan and the Confirmation Order.

11. Among other provisions related to closing and related matters, the Purchase Agreement provides that:

- 9.1.1 At the Closing, simultaneously with Purchaser's delivery to Seller of all the Closing Documents required to be delivered by Purchaser hereunder, Seller shall deliver or cause to be delivered to Purchaser, duly executed by Seller in recordable form, where applicable, those Closing Documents to be delivered by Seller as set forth on <u>Schedule IV</u> attached hereto and made a part hereof.

- **Section 9.2. Further Assurances**. Seller and Purchase each agree, at any time and from time to time at or after the Closing, to execute, acknowledge where appropriate, and deliver or cause to be executed, acknowledged and delivered such further instruments and documents and to take such other action as the other of them or the Title Company may

6

>reasonably request to carry out the intents and purposes of this Agreement. The provisions of this Section 9.2 shall survive the Closing.

12. While the Debtors and the Mezzanine Lender both appealed the Confirmation Order to the District Court, neither the Debtors nor the Mezzanine Lenders specifically challenged any of the cooperation and implementation related provisions cited above nor did they object to the provisions referenced in connection with the June 30, 2022 Confirmation Hearing.

13. As shown in the email chains attached as **Exhibit A** to this Motion, counsel for TH Holdco has reached out repeatedly to Debtors' counsel since at least August 2, 2022 to coordinate on various items related to the closing and has not received responses on any of the items to date despite follow up.  This, unfortunately, is a pattern TH Holdco has seen before where Debtors' counsel promises to cooperate but then fails to do actually substantively cooperate despite follow up from TH Holdco.  Some of the items such as keys to the Properties, access codes and passwords, tangible personal property, electronic records, and the like are currently solely in the possession of the Debtors and their agents.

14. TH Holdco is concerned that absent the relief sought in this Motion being granted, the Debtors will seek to further delay or interfere with the Closing even through the original stay pending appeal has expired and despite their representation they are prepared to cooperate with the closing of the Credit Bid.

15. TH Holdco originally scheduled a closing for November 2, 2022 but per the attached email from Fred Ringel, the Debtors were not prepared to enter into a stipulation to close on that day.  See **Exhibit A** hereto.

16. TH Holdco and its title company have now rescheduled a closing to be held at 10:00 a.m. Prevailing Eastern Time on November 9, 2022 at the New York offices of Dentons US LLP, 1221 Avenue of the Americas, Suite 2500, New York, New York (the "Closing") and is arranging for a public notary to be present at the Closing.

17. Through this Motion, TH Holdco is seeking an order in the form of **Exhibit B** attached hereto (the "Closing Cooperation Order") to require an authorized representative of the

7

Debtors to attend the Closing and sign the deeds to the Properties, bills of sale, assignment and assumptions and other closing related documents.[3] Forms of the deed to the Properties and all other closing documents have already been provided to Debtors' counsel.

18.    If the Debtors fail to attend the Closing or to sign, TH Holdco believes it has authority to sign on behalf of the Debtors and the Estates the deeds to the Properties, bills of sale, assignment and assumptions and all other closing related documents pursuant to the provisions quoted above from the Key Documents and asks this Court in the Closing Cooperation Order to confirm TH Holdco has such authority to sign the deeds, bills of sale, assignment and assumptions and other closing documents on behalf of the Debtors and their estates.

19.    In the Closing Cooperation Order, TH Holdco also asks this Court to require the Debtors to cooperate on other closing items such as delivering keys to the Properties, providing access to the Properties and providing physical and electronic records and documents and passcodes per TH Holdco's pending requests to the Debtors.

20.    TH Holdco remains available to work with the Debtors and their counsel on the items needed from the Debtors to prepare for the Closing between the filing of this Motion and the hearing date on this Motion and hopes that the Debtors and their counsel are more responsive between the filing of this Motion and the hearing date on this Motion.

## CONCLUSION

**WHEREFORE,** TH Holdco seeks entry of an order in substantially the form attached as **<u>Exhibit B</u>** hereto (i) requiring the Debtors, Debtors in Possession, and their professionals to promptly cooperate in preparation for the Closing and in connection with signatures and deliverables in connection with the Closing itself, and (ii) for such other and further relief as the Court deems just.

---

[3]    Debtors' counsel has asserted that they have until November 7, 2022 to seek and obtain any stay pending appeal under Bankruptcy Rule 8025. While TH Holdco reserves all rights as to that assertion, the Closing is being set for November 9, 2022 to avoid having to hold a hearing on that issue and there is no reason based on Bankruptcy Rule 8025 that the Debtors cannot attend to sign documents and cooperate on delivery of keys and records on November 9, 2022 and provide the additional requested information on November 8, 2022 or at Closing.

| | |
|---|---|
| Dated: November 1, 2022<br>New York, New York | **DENTONS US LLP**<br><br>/s/ *Lauren M. Macksoud*<br>Lauren Macksoud<br>Sarah M. Schrag<br>**DENTONS US LLP**<br>1221 Avenue of the Americas<br>25th Floor<br>New York, New York 10020<br>Telephone: (212) 768-6700<br>Facsimile: (212) 768-6800<br>E-mail: lauren.macksoud@dentons.com<br>         sarah.schrag@dentons.com<br><br>Robert Richards (admitted *pro hac vice*)<br>**DENTONS US LLP**<br>233 S. Wacker Drive<br>Suite 5900<br>Chicago, IL 60606<br>Telephone: (312) 876-8000<br>Facsimile: (312) 876-7934<br>Email: robert.richards@dentons.com<br><br>*Counsel to TH Holdco LLC* |

US_ACTIVE\122354753\V-12

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, a true and correct copy of the foregoing *TH Holdco LLC's Motion to Enforce Debtors' Obligation to Cooperate with Closing of Credit Bid* was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in these Cases.

                                                         /s/ *Lauren M. Macksoud*
                                                           Lauren M. Macksoud