Lauren Macksoud
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
E-mail: lauren.macksoud@dentons.com
             sarah.schrag@dentons.com

Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>　　85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>　　　　　　　　　　Debtors | Case No. 20-23280 (SHL)<br>Chapter 11<br><br>(Jointly Administered) |

**SUPPLEMENT TO EXHIBITS TO**
**TH HOLDCO LLC'S MOTION TO ENFORCE DEBTORS' OBLIGATION TO**
**COOPERATE WITH CLOSING OF CREDIT BID**

TH Holdco LLC ("TH Holdco") hereby files this *Supplement to Exhibits to its Motion for*

*Entry of an Order to Enforce Debtors' Obligation to Cooperate with Closing of Credit Bid*

(Docket No. 330)(the "Motion") and respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include:  85 Flatbush RHO Mezz LLC (6184); 85 Flatbush RHO Hotel LLC (5027); and 85 Flatbush RHO Residential LLC (2261).

1

TH Holdco hereby incorporates its pending Motion by reference. Attached as Exhibit A to that Motion is a set of emails addressing open items, as of November 1, 2022, relating to the closing of TH Holdco's credit bid. TH Holdco hereby supplements that Exhibit A with subsequent emails relating to these closing related items. Those additional emails are attached hereto as Exhibit A.

In particular, TH Holdco has learned from NYDHS that despite representations to the contrary in the Debtors' disclosure statements, NYDHS has not been occupying the Hotel premises since 2021. Rather, per the attached email chains, a different entity named Exodus Transition Community, Inc. ("Exodus") has been occupying the Hotel premises, reportedly on a month to month basis, with prisoners or ex-prisoners.

TH Holdco has requested but has not received the lease with Exodus and notes no approval of any such lease was sought from this Court. TH Holdco reserves all rights as to this matter, including as to whether any such lease is enforceable or is subject to avoidance under Section 549 of the Bankruptcy Code or otherwise.

The fact that any new lease would need to be approved by this Court was specifically discussed before Judge Drain at the April 6, 2022 hearing (Page 42, Line 15 – Page 43, Line 8 – see excerpts attached as Exhibit B hereto):

o    Mr. Richards: . . . I guess the one – one scenario we're concerned about, we laid it out is if they were to for instance file a motion to approve a long-term DHS agreement before we're –

o    The Court: Long-term – oh, on the – with the – the lease?

o    Mr. Richards: I'm saying I – I'm hoping that there's no long-term DHS agreement.

o    The Court: DHS – Department of Housing Services, the lease that's referred to in the Debtors' disclosure –

o    Mr. Richards: Issue that would stop us from proceeding.

o    The Court: Right. That – that would have to be a motion. That would have to be on motion. That – it's one thing to rent out individual units on a short-term basis for – you know,

2

with DHS, but if you're going to enter into a long-term lease of the whole building, that's clearly out of the ordinary course so that would have to be done on notice and approval.

Both of the Debtors' Disclosure Statement stated the NYDHS lease was in place in 2022, as quoted below:

- <u>Debtors' First Disclosure Statement, Docket No. 162 on 3/3/22</u>:

o Page 10-11: The Hotel reopened to provide shelter services from May 15, 2020 through June 30, 2020. The Hotel reopened to the public on July 15, 2020 and remains open, but with a reduced occupancy rate, resulting in limited revenue. As a result, Mezz, Hotel and Residential have been unable to pay their current debt service obligations to their secured lenders. Since approximately October 2021, the Hotel Property has been leased on a month-to-month basis to the New York City Department of Homeless Services to provide shelter services.

o Page 12-13: The Debtors' entered into negotiations with the New York City Department of Homeless Services ("DHS") to lease the Hotel Property and Residential Property as a homeless shelter. Since October, 2021, DHS has leased the Hotel Property from the Debtors on a month to month basis. Debtors are now working with DHS to secure a long-term lease for the entirety of the Hotel Property and Residential Property which will result in a sufficient stream of monthly rental income to maintain the Hotel and Residential Property going forward, including monthly debt service to the Exit Financing Lender, the Mezz Lender and payment to holders of Allowed General Unsecured Claims and Allowed Insider General Unsecured Claims. The proposed lease with DHS ("DHS Lease") would lease 100% of the Hotel Property and Residential Property, consisting of a total of 238 Units, to the New York City Department of Homeless Service to operate a homeless shelter. With the DHS Lease in place, the Debtors estimate the Hotel Property and Residential Property will have a valuation of $120,000,000 which value will provide Debtors with the ability to procure Exit Financing in an amount sufficient to, at a minimum, satisfy the Allowed TH Holdco Secured Claim in the amount of approximately $83,517,7786. The Plan payments to other creditors holding Allowed Claims will be made from

the Debtors' available Cash, estimated to be $1,000,000, the Equity Contribution of not less than $9,611,096 and post-confirmation operations from the rent generated by the DHS Lease.

At this time, the Debtors believe that their proposed Plan, which provides for payment in full to holders of Allowed Claims (except for the impaired Class 11: 85 Flatbush Mezz Claim and Class 14: Insider General Unsecured Claims) from the plan Fund and the Reorganized Debtors' post-confirmation operations from the rent generated by the DHS Lease, is in the best interests of the Debtors, their Estates, and their creditors and provides for a far better recovery than as proposed in the TH Holdco proposed plan.

- o   Page 20:  5 Flatbush RHO Hotel General Unsecured Claims (Class 6). . . . (b) Treatment: Except to the extent that a holder of an Allowed 85 Flatbush RHO Hotel General Unsecured Claim has agreed to less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim, Cash from the rental income generated by the DHS Lease allocable to the Hotel Property, in an amount equal to such Claim, plus . . . .

- o   Page 21:  5 Flatbush RHO Residential General Unsecured Claims (Class 8). . . . (b) Treatment: Except to the extent that a holder of an Allowed 85 Flatbush RHO Residential General Unsecured Claim has agreed to less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim, Cash from the rental income generated by the DHS Lease allocable to the Residential Property, in an amount equal to such Claim, plus . . . .

- o   Page 22: 85 Flatbush Mezz Claim (Class 11). . . . (b) Treatment: The holder of the 85 Flatbush Mezz Claim shall receive $1,000,000 on the Effective Date from the Equity Contribution. The remainder of the Allowed 85 Flatbush Mezz Claim, including payments of principal, shall be paid over seven (7) years at the rate of 5% on the unpaid principal balance of $5,000,000 which shall be funded post-confirmation by the rental income generated from the DHS Lease. The Allowed 85 Flatbush Mezz Claim shall not include any accrued interest charges.

- o   Page 23: 85 Flatbush RHO Mezz General Unsecured Claims (Class 13). . . . (b) Treatment: Except to the extent that a holder of an Allowed 85 Flatbush RHO Mezz General

4

Unsecured Claim has agreed to less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim, Cash from the rental income generated by the DHS Lease, plus . . . .

- o  Page 24: E. MEANS FOR IMPLEMENTATION 1. The Plan Fund shall be funded by the Debtor's available Cash as of the Effective Date, the Exit Financing, and the Equity Contribution. Other plan payments shall be funded by the post-confirmation rental income generated by the DHS Lease. The Debtor shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan, which include finalizing the DHS Lease, closing on the Exit Financing including the funding of the Equity Contribution, and making the required distributions pursuant to the Plan. . . .

- o  Page 31-32: I. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

1. Assumption and Assignment of Executory Contracts and Unexpired Leases

On the Effective Date, except as otherwise provided in the Plan, each Executory Contract and Unexpired Lease not previously rejected or assumed, including the DHS Lease, shall be deemed automatically assumed by the Debtors pursuant to sections 365 and 1123 of the Bankruptcy Code.

- o  Page 34:   J. CONDITIONS PRECEDENT TO THE CONFIRMATION HEARING AND THE EFFECTIVE DATE.

1. Condition to the Confirmation Hearing.

The occurrence of the Confirmation Hearing is subject to the following condition precedent: . . . (c) The DHS Lease shall be fully executed and, per its terms, operative immediately upon Confirmation.

- o  Page 53-54: c. Feasibility Analysis

The Bankruptcy Code requires that a Debtor demonstrates that confirmation of a plan is not likely to be followed by liquidation or the need for further financial reorganization unless contemplated by the Plan. The Plan as proposed provides for a 100% distribution to Allowed Claims in classes 1 through 6, 8, 10, 12 and 13; a restructured note to the holder of the Class 11:

85 Flatbush Mezz Claim; and a future recovery to Insider General Unsecured Claims. Equity Interests will have the opportunity to retain their interests in exchange for their making the Equity Contribution. The Plan is premised upon the DHS Lease, which, in conjunction with the Debtors' available Cash, the Exit Financing, and the Equity Contribution are sufficient to satisfy the contemplated Plan payments as set forth in the attached projections. SEE PRO FORMA ATTACHED HERETO AS EXHIBIT A.

    o      Page 57: b. Liquidation Under Chapter 7 . . . All of the Debtors' creditors, with the exception of 85 Flatbush Mezz and Insider General Unsecured Creditors, are being paid in full. 85 Flatbush Mezz is receiving a $1,000,000 payment from the Equity Contribution on the Effective Date, with the remainder of its claim being paid over seven (7) years. Insider General Unsecured Creditors will be paid on account of their Allowed Claims two (2) years from the Effective Date from the post-confirmation rental income generated by the DHS Lease. The Debtors believes that the Plan provides a greater potential for recovery to Holders of Allowed General Unsecured Claims than would a chapter 7 liquidation for several reasons. The value of the Hotel Property and Residential Property without the DHS Lease is insufficient to satisfy the TH Holdco Claim in full with no opportunity for recovery to claims junior in priority.

- <u>Debtors' Amended Disclosure Statement, Docket No. 241 on 6/23/22</u>:

    o      Page 3:  The Hotel reopened to provide shelter services from May 15, 2020 through June 30, 2020. The Hotel reopened to the public on July 15, 2020, but with a reduced occupancy rate, and the closure of its fitness center, meeting room and food service, resulting in limited revenue. Since October 2021, the Hotel Property was leased on a short-term basis to the New York City Department of Homeless Services to provide temporary housing for homeless individuals. The short-term lease expired on December 31, 2021, and Hotel now provides shelter services a month-to-month basis.

    o      Page 10:  On November 3, 2021, TH Holdco asserts that Mr. Famularo was forwarded an unsolicited email from a real estate broker in New York City (not JLL) (the "November Email") which has been filed with the Bankruptcy Court. This email was originally

6

sent by the broker to Chris Smith of Ohana, and the broker was soliciting interest from Ohana to provide capital to back the Debtors' business plan to seek a longer-term lease with DHS. TH Holdco asserts that the unsolicited email from the broker included information that clearly came from the Debtors, including (i) a market appraisal valuing the Property at $94 million as of September 11, 2019 (from the Debtors' original acquisition financing process) and (ii) a form of a DHS Lease which appears to be terminable at any time by DHS. This broker appears to be acting for the Debtors and/or its principals outside of the JLL process and in support of an insider bid. TH Holdco asserts that Ohana did not engage with the broker at that time.

    o    Page 11-12:  12. Debtors' Amended Plan and Disclosure Statement On March 30, 2022, the Debtors filed their (i) Amended Plan of Reorganization of 85 Flatbush RHO Mezz, LLC, 85 Flatbush RHO Hotel, LLC and 85 Flatbush RHO Residential LLC [Docket No. 161] and (ii) Disclosure Statement for Amended Plan of Reorganization of 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel, LLC, and 85 Flatbush RHO Residential LLC [Docket No. 162]. The Debtors' amended plan is a plan of Reorganization rather than a sale-based plan. The Debtors' amended plan was to be implemented by the Debtor procuring a long term lease from the Department of Homeless Services which would enable the Debtors to obtain exit financing and an equity contribution that would be sufficient to satisfy the Allowed TH Holdco Secured Claim and all of the Debtors' other Allowed Claims except for the 85 Flatbush Mezz claim, which would be paid with an initial paydown and thereafter over a period of seven (7) years.

Dated: November 7, 2022  
New York, New York

**DENTONS US LLP**

/s/ *Lauren M. Macksoud*
Lauren Macksoud
Sarah M. Schrag
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
E-mail: lauren.macksoud@dentons.com
sarah.schrag@dentons.com

Robert Richards  (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
Email: robert.richards@dentons.com

*Counsel to TH Holdco LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, a true and correct copy of the foregoing *Supplement to Exhibits to TH Holdco LLC's Motion to Enforce Debtors' Obligation to Cooperate with Closing of Credit Bid* was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in these Cases.

/s/ *Lauren M. Macksoud*
Lauren M. Macksoud