**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>85 FLATBUSH RHO MEZZ LLC, et al.,[1]<br><br>                    Debtors. | Case No. 20-23280 (SHL)<br>Chapter 11<br><br>(Jointly Administered) |

# SAM RUBIN'S OBJECTION MEMORANDUM OF LAW IN OPPOSITION TO TH HOLDCO LLC'S MOTION TO PURSUE DISCOVERY AND DEPOSITIONS PURSUANT TO BANKRUPTCTY RULE 2004

Paul H. Aloe
KUDMAN TRACHTEN ALOE POSNER LLP
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 868-1010
paloe@kudmanlaw.com

*Attorneys for Sam Rubin*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, include 85 Flatbush RHO Mezz LLC (6184), 85 Flatbush RHO Hotel LLC (5027), and 85 Flatbush RHO Residential LLC (2261).

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ......................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

    I.   The Bankruptcy Court's Limited "Related-To" Post-Confirmation Jurisdiction Does Not Extend to the Disclosure that TH Holdco Requests ....................................................... 2

    II.  TH Holdco Has Failed to Establish "Good Cause" for the Requested Rule 2004 Disclosure ................................................................................................................................ 3

    III. Rule 2004 Cannot Be Used to Gain an Advantage in Private Litigation ............................ 4

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*50th St. HDFC v. Abdur-Rahim*,
72 Misc. 3d 1210(A) (N.Y.Civ. Ct. 2021) .................................................................................. 5

*Dep't of Hous. Pres. & Dev. of City of New York v. Rosenfeld*,
75 Misc. 3d 483 (N.Y. Civ. Ct. 2022) ........................................................................................ 5

*Hartsdale Realty Co. v Santos*,
170 A.D.2d 260 (1st Dept 1991) ................................................................................................ 5

*In re Blinder, Robinson & Co., Inc.*,
127 B.R. 267 (D. Colo. 1991) .................................................................................................... 2

*In re Cinderella Clothing Indus., Inc.*,
93 B.R. 373 (Bankr. E.D. Pa. 1988) .......................................................................................... 2

*In re Defoor Ctr., LLC*,
634 B.R. 630 (Bankr. M.D. Fla. 2021) .............................................................................. 2, 3, 4

*In re Enron Corp.*,
281 B.R. 836 (Bankr. S.D.N.Y. 2002) ................................................................................... 2, 3

*In re Good Hope Refineries, Inc.*,
9 B.R. 421 (Bankr. D. Mass. 1981) ........................................................................................... 4

*In re J & R Trucking, Inc.*,
431 B.R. 818 (Bankr. N.D. Ind. 2010) ................................................................................... 4, 5

*In re Kleynerman*,
617 B.R. 122 (Bankr. E.D. Wis. 2020) ...................................................................................... 4

*In re Millennium Lab Holdings II, LLC*,
562 B.R. 614 (Bankr. D. Del. 2016) .......................................................................................... 2

*In re Sunedison, Inc.*,
572 B.R. 482 (Bankr. S.D.N.Y. 2017) ....................................................................................... 3

**Statutes**

11 U.S.C. § 549 .............................................................................................................................. 3

Fed. R. Bankr. P. 2004 ........................................................................................................... passim

## INTRODUCTION

Sam Rubin, by his attorneys, Kudman Trachten Aloe Posner LLP, submits this memorandum of law in opposition to TH Holdco LLC's ("TH Holdco") motion to pursue discovery and depositions pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Mr. Rubin was an investor in the parent company of the debtors, 85 Flatbush RHO Mezz LLC, 85 Flatbush RHO Hotel LLC, and 85 Flatbush RHO Residential LLC (collectively, the "Debtors").

TH Holdco's desire to continue this bankruptcy proceeding is inappropriate. It has already received ample discovery, had its plan confirmed, and received the Debtor's property. The additional post-confirmation disclosure that it seeks now appears to be nothing more than a "fishing expedition" for its anticipated eviction proceeding in New York's landlord-tenant court. That private litigation does not share a close nexus with the bankruptcy proceeding. As such, Rule 2004 does not permit discovery under these circumstances.

Mr. Rubin takes issue with TH Holdco's vague hearsay allegations that he directed or consented to improprieties that occurred after the closing of the credit bid, which has created difficulties in the transition (TH Holdco's Br. [ECF No. 3] at 3–4). TH Holdco has submitted no evidence to support these allegations. If squatters are refusing to leave the property, TH Holdco's remedy is an appropriate proceeding in state court. Mr. Rubin never received rent payments from these individuals, directly or indirectly, or otherwise misappropriated any assets of the estate. He does not have any responsive documents in his possession or control. Despite TH Holdco's innuendo, there is no evidence whatsoever that Mr. Rubin committed any form of wrongdoing, and certainly no wrongdoing that could be addressed in the bankruptcy court.

Given the stage at which this case sits, TH Holdco had more than enough time to develop and obtain any evidence to bring any appropriate proceeding against Mr. Rubin, if such were warranted (it is not). At this juncture, it is respectfully submitted that there is no good cause for the wide-ranging, open-ended Rule 2004 discovery that TH Holdco is requesting.

# ARGUMENT

I. **The Bankruptcy Court's Limited "Related-To" Post-Confirmation Jurisdiction Does Not Extend to the Disclosure that TH Holdco Requests**

"The availability of Rule 2004 as a discovery tool is not unlimited." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (quoting *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D. Colo. 1991)). The disclosure that TH Holdco seeks has no aim, aside from the requests related to the squatters. The requests related to the squatters would not benefit the estate and should be requested in a landlord-tenant proceeding. *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 629 (Bankr. D. Del. 2016) ("Rule 2004 was not intended to provide private litigants [i.e. the Consenting Lenders] with "a strategic advantage in fishing for potential private litigation."). "A Rule 2004 examination 'must be limited to issues which the court, at that time, still has the power to entertain.'" *In re Defoor Ctr., LLC*, 634 B.R. 630, 634 (Bankr. M.D. Fla. 2021) (quoting *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988)). Those issues are restricted to the administration of the case post-confirmation, not private litigation. Courts have also "imposed limits on the use of Rule 2004 examinations where the purpose of the examination is to abuse or harass." *In re Enron Corp.*, 281 B.R. at 840.

TH Holdco has made it clear that, as of now, Mr. Rubin is the target of its vague, potential claims concerning the purported improprieties that occurred post-closing. As explained in *In re Defoor Ctr., LLC*, Rule 2004 discovery is not appropriate where, as here, the movant already "has the preliminary information needed to bring whatever claims it may have" in an adversary proceeding. *In re Defoor Ctr., LLC*, 634 B.R. at 639. The "pending proceeding rule" would be violated even in that situation. Rule 2004 discovery "[can]not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure." *In re Enron Corp.*, 281 B.R. at 841. If TH Holdco were permitted to conduct Rule 2004 discovery, Mr. Rubin would not be afforded notice as he would in standard litigation. TH Holdco is cutting Mr. Rubin out of the discovery process

2

and giving itself an "unfair strategic advantage." *In re Defoor Ctr., LLC*, 634 B.R. at 639 ("Had the Debtor already filed its alleged claims against Newtek, the 'pending proceeding' rule would bar the Debtor from circumventing the Federal Rules' prohibition on 'fishing expeditions.'"); *see also In re Enron Corp.*, 281 B.R. at 842 ("Courts have exhibited similar concerns and reached similar results when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee.").

TH Holdco's requested Rule 2004 examinations do not appear aimed at the administration of the estate. Instead, they appear designed to advance non-bankruptcy post-closing litigation. While TH Holdco references 11 U.S.C. § 549, it should be noted that TH Holdco's plan waived avoidance actions (Plan, ECF 211 ¶ 5.7). Mr. Rubin does not believe that TH Holdco has a good faith basis for any claim against him, but if TH Holdco believes otherwise, it should file a complaint in the appropriate court—and, if TH Holdco is entitled to discovery from third parties in such a proceeding, then Mr. Rubin is entitled to the rights of a litigant, as opposed to unlimited Rule 2004 examinations in which he is not even a party with any right to participate as a litigant.

## II.  TH Holdco Has Failed to Establish "Good Cause" for the Requested Rule 2004 Disclosure

"Relevance alone is not sufficient to justify a Rule 2004 request." *In re Sunedison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017). The party seeking Rule 2004 discovery bears the burden of establishing good cause for the disclosure. *In re Defoor Ctr., LLC*, 634 B.R. at 637. ("As the party seeking discovery under Rule 2004, the Debtor bears the burden of proving that "good cause" exists for the discovery it seeks."). TH Holdco has failed this burden. Other than vague assertions rooted in hearsay, TH Holdco has failed to create any suspicion of wrongdoing by Mr. Rubin. While the scope of Rule 2004 discovery may be broad, it is not an open-ended fishing permit. The requested disclosure is unrelated to the administration of the estate, which has been

3

completed. TH Holdco is solely interested in its own potential claims against Mr. Rubin and other third parties. "No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the bankruptcy estate is of no real concern to them." *In re J & R Trucking, Inc.*, 431 B.R. 818, 822–23 (Bankr. N.D. Ind. 2010). The lack of any specific focus to the Rule 2004 examinations underscores the lack of good cause for the request. *See In re Kleynerman*, 617 B.R. 122, 128 (Bankr. E.D. Wis. 2020) ("Smith's requests of not only the debtor, but also third-parties, are far-reaching. The Court could reach that conclusion based solely on the motion because the documents sought are unspecified, and therefore broad in scope. The Court could reach that conclusion also because the examination targets go beyond the debtor himself to the private company in which he has a stake, and to its other co-owners, and to a government entity and its representative, and to a third-party creditor.").

### III. Rule 2004 Cannot Be Used to Gain an Advantage in Private Litigation

The main purpose served by the requested Rule 2004 discovery is to advance the aims of an eviction proceeding in landlord-tenant court. Rule 2004 is not meant for this purpose. *See In re Defoor Ctr., LLC*, 634 B.R. at 637 ("Rule 2004 discovery should not be permitted when it is being used to gain an advantage in private litigation."). Nor is Rule 2004 intended to give parties (especially those who are not even the debtor) post-confirmation a strategic advantage in fishing for potential private litigation. *See In re Good Hope Refineries, Inc.*, 9 B.R. 421, 423 (Bankr. D. Mass. 1981). "Our basic concept of fair play expressed in the constitutional legalese of equal protection and due process should require all litigants to use the same discovery and procedural rules when not directly engaged in those activities that call for the bankruptcy umbrella, namely, that collection of activities characterized as the administration of the estate." *Id.* TH Holdco may

4

conduct discovery under the procedural rules in the landlord-tenant court or any other private litigation that it may commence, but it may not do so under the guise of a Rule 2004 request. *In re J & R Trucking, Inc.*, 431 B.R. at 823 ("Movants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed. They should use them and not Rule 2004."). Indeed, to the extent that the discovery sought may be relevant to proceedings in New York City Civil Court, where landlord-tenant proceedings take place, such discovery may only be had for good cause shown to that court. *See Dep't of Hous. Pres. & Dev. of City of New York v. Rosenfeld*, 75 Misc. 3d 483, 496 (N.Y. Civ. Ct. 2022) ("To justify discovery the moving party must demonstrate 'ample need' for a claim or defense and the request for discovery must be narrowly tailored."); *50th St. HDFC v. Abdur-Rahim*, 72 Misc. 3d 1210(A), at *1–2 (N.Y. Civ. Ct. 2021) ("In a special proceeding, of which summary eviction proceedings are one type, court permission is required for discovery. . . . The court may grant permission for discovery in a summary eviction proceeding upon a showing of 'ample need.'" (quoting *Hartsdale Realty Co. v Santos*, 170 A.D.2d 260, 260 (1st Dept 1991))).

## **CONCLUSION**

For the foregoing reasons, the Court should deny TH Holdco's motion to pursue discovery and depositions pursuant to Rule 2004.

Dated: New York, New York
       November 30, 2022

By: _____
Paul H. Aloe
KUDMAN TRACHTEN ALOE POSNER LLP
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 868-1010
paloe@kudmanlaw.com

*Attorneys for Sam Rubin*

5