| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x | <u>NOT FOR PUBLICATION</u> |
| In re: | Chapter 11 |
| 85 FLATBUSH RHO MEZZ LLC, et al., | Case No. 20-23280 (SHL) |
| Debtors.<br>------------------------------------------------------------x | (Jointly Administered) |

<u>**MEMORANDUM OF DECISION**</u>

**A P P E A R A N C E S :**

**Leech Tishman Robinson Brog PLLC**
*Counsel for Debtor*
875 Third Avenue, 9th Floor
New York, NY 10022
By:    Lori A. Schwartz, Esq.

    -and-

**Goldberg Weprin Finkel Goldstein LLP**
*Counsel for 85 Flatbush MEZZ*
1501 Broadway, 22nd Floor
New York, NY 10036
By:    Kevin J. Nash, Esq.

**Kudman Trachten Aloe Posner LLP**
*Counsel for Sam Rubin*
800 Third Avenue, 11th Floor
New York, NY 10022
By:    Paul Aloe, Esq.

**Fried, Frank, Harris, Shriver & Jacobson, LLP**
*Counsel for TH Holdco, LLC*
One New York Plaza
New York, NY 10004
By:    Emilie Cooper, Esq.

**Dentons US LLP**
*Counsel for TH Holdco, LLC*
1221 Avenue of the Americas, 25th Fl.
New York, NY 10020
By:    Lauren M. Macksoud, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a Motion to Make Claim Against Appeal Bond No. 800131886 (the "Motion") by TH Holdco LLC [ECF No. 370] ("TH Holdco"),[1] in which TH Holdco seeks recovery against the $5 million supersedeas appeal bond that was a condition of the stay pending appeal granted by the Court in August 2022. *See* Order Staying the Effective Date of TH Holdco's Confirmed Plan and the Closing on TH Holdco's Credit Bid Pending Appeal [ECF No. 312] (the "Stay Order").  In addition to the Motion, the Court received Franco Famularo's declaration in support of the Motion [ECF No. 371] ("Famularo Decl."), an Opposition filed by 85 Flatbush Mezz LLC [ECF No. 383] ("Opp."), and TH Holdco's Reply [ECF No. 387] ("Reply").  For the reasons below, the Court grants the Motion.

## BACKGROUND

This is a jointly-administered bankruptcy case involving three debtors: 85 Flatbush RHO Mezz LLC ("Mezz"), 85 Flatbush RHO Hotel LLC ("Hotel") and 85 Flatbush RHO Residential LLC ("Residential", and defined together with Mezz and Hotel, the "Debtors").  Debtor Mezz acquired a mixed-use property with a hotel component, known as the Tillary Hotel, and a residential component consisting of 64 units, located at 85 Flatbush in Brooklyn, New York (collectively, the "Property").  To purchase the Property, Hotel and Residential took out a loan from 85 Flatbush Avenue 1 LLC ("Original Senior Lender") in which the Original Senior Lender

---

[1]    References to the Case Management/Electronic Case Filing ("ECF") docket are to Case No. 20-23280 (SHL) unless otherwise specified.

2

was granted a mortgage and security interest in the Property ("Senior Loan"). Mezz also took out a loan from 85 Flatbush Mezz LLC ("Mezz Lender"), which was secured by a pledge of its interests in Hotel and Residential ("Mezz Loan"). The Original Senior Lender and the Mezz Lender entered into an Intercreditor Agreement (the "ICA") to govern their relationship. After Hotel and Residential defaulted on their Senior Loan payments, TH Holdco purchased the Senior Loan from the Original Senior Lender subject to the terms of the ICA.

During the bankruptcy cases, TH Holdco filed its own chapter 11 plan [ECF No. 211] (the "Plan") and disclosure statement [ECF No. 212] (the "Disclosure Statement') seeking to acquire the Property by a credit bid of $94 million, which consisted of a $92 million credit bid and a $2 million in cash payment "that TH Holdco put forward to pay the unsecured creditors in full on the effective date." See Hr'g Tr. 11:14-16 (January 11, 2023) [ECF No. 389]. TH Holdco's chapter 11 Plan was confirmed on June 30, 2022. See Hr'g Tr. 80:23-24 (June 30, 2022) [ECF 282]. In confirming the Plan, the Court rejected the objections of the Mezz Lender and the Debtors. More specifically, the Court overruled the Mezz Lender's objection to TH Holdco voting the Mezz Lender's claim and accepting the Plan on their behalf. In so ruling, the Court found that the ICA was binding on the Mezz Lender. Debtors sought to obtain an adjournment of confirmation based on their pending adversary proceeding which complained that the Original Senior Lender breached the ICA. Debtors also believed that their chapter 11 plan should be considered by the Court in tandem with the Plan proposed by TH Holdco. But the Court did not see the adversary proceeding as a gating issue, holding instead that TH Holdco could credit bid the full amount of its claim including post-petition interest.[2]

---

[2] These facts are all taken from the docket in these bankruptcy cases and the adversary proceeding filed by the Debtors, 85 Flatbush Mezz LLC v. TH Holdco LLC, Adv. No. 22-07022 [ECF No. 32], of which the Court has taken judicial notice.

3

Following confirmation of the Plan, the Debtors and Mezz Lender appealed the confirmation order and Mezz Lender sought a stay pending appeal. *See* Notices of Appeal [ECF Nos. 285-86]; Motion for Stay Pending Appeal [ECF No. 294]. In August 2022, the Court granted Mezz Lender's motion for a stay pending appeal, enacting a two-month stay on (i) closing on TH Holdco's credit bid for the Property pursuant to the Plan, and (ii) the Effective Date of the Plan.[3] *See* Stay Order at 1. During the hearing on the motion for a stay pending appeal, the Court acknowledged that a stay would result in certain harms to both the case and the estate so as to make the posting of a bond appropriate. Hr'g Tr. 64:10-65:14 (Aug. 3, 2022) [ECF No. 309]. The stay was thus conditioned on Mezz Lender filing a bond in the sum of $5 million in favor of TH Holdco and the Mezz Lender subsequently secured supersedeas appeal bond No. 800131886 ("Bond"). *See* Stay Order at 3; Notice Receipt of Original Appeal Bond at 2-4 [ECF No. 311].

In October 2022, the District Court affirmed the Bankruptcy Court's entry of the confirmation order. *In re 85 Flatbush RHO Mezz LLC*, 2022 WL 11820407 (S.D.N.Y. 2022). The District Court's issuance of its opinion effectively terminated the stay pending appeal and allowed TH Holdco to close on its credit bid in November 2022. *See* Order Resolving TH Holdco LLC's Motion to Enforce Debtors' Obligation to Cooperate with Closing of Credit Bid [ECF No. 336].

In the aftermath of the closing, several letters were exchanged between parties involving payment of the Bond. *See* Motion at ¶¶ 18-20. In response to TH Holdco's letter requesting that Mezz Lender and Atlantic Specialty Insurance Company ("Atlantic Specialty") perform under the Bond, Mezz Lender contested TH Holdco's claim on the Bond in its entirety and directed Atlantic Specialty to not pay any claim on the Bond. *Id*.

---

[3] The Court granted a 21-day extension of the stay without the posting of an additional bond to allow the District Court additional time to issue its ruling on Debtors' and Mezz Lender's appeals. *See* Memorandum Endorsed Order [ECF No. 320].

4

Having prevailed on appeal, TH Holdco now comes before the Court seeking full payment from the Bond to cover alleged damages it sustained during the nearly three month stay. *See* Motion at 6. After hearing oral argument on this Motion, the Mezz Lender requested an opportunity to pursue a settlement before the Court ruled on TH Holdco's request. *See* Hr'g Tr. 38:24-25 (January 11, 2023). The Court subsequently received a letter from TH Holdco indicating that Mezz Lender had not provided any settlement offers and that the matter was ripe for a decision. *See* Letter from TH Holdco dated February 6, 2023 [ECF No. 390]. Thereafter, the Court took this matter under advisement.

## LEGAL STANDARD

### I. Supersedeas Bonds

Supersedeas bonds are designed to protect appellees, specifically by protecting "against diminution in the value of property pending appeal" and securing appellees "against any loss that might be sustained as a result of an ineffectual appeal." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 350 (S.D.N.Y. 2007). A supersedeas bond is retrospective in covering the value related to the merits of the underlying judgment, and the stay of its execution. *See Adsani v. Miller*, 139 F.3d 67, 70 n. 2 (2d Cir. 1998) (citing *Astoria*, 1 F.R.D. 742, 743 (E.D.N.Y.1941)). Though a supersedeas bond is used to indemnify the prevailing party, not all damages are considered compensable under the bond. *See Matter of Theatre Holding Corp.*, 22 B.R. 884, 885-86 (S.D.N.Y. 1982). Instead, "only compensable damages are those which are shown to be the 'natural and proximate' result of the stay." *Id*. Appellees are required to prove up the amount of damages actually suffered as a result of the stay; only then will that amount be drawn from the bond fund. *See In re Adelphia Communications Corp.*, 361 B.R. at 368 n. 167.

## DISCUSSION

Given the District Court's affirmance of the Confirmation Order, the Mezz Lender is required to compensate TH Holdco under the Bond for any losses sustained by TH Holdco by virtue of the unsuccessful appeal. The issue before the Court today is the amount of such compensable losses. On one hand, TH Holdco asserts that the quantifiable harms it incurred as a result of the stay exceeds $10 million, thus supporting payment of the $5 million Bond in its entirety. *See* Famularo Decl. ¶ 8. In response, Mezz Lender concedes there are *some* damages here but has steadfastly been unwilling to provide its view on an actual number, although it is clear that the Mezz Lender contends the number is nowhere close to the $5 million Bond amount. *See* Opp. at 2. In assessing this dispute, there are six possible categories of damages identified by TH Holdco: (1) default interest; (2) lost hotel and residential profits; (3) repair and maintenance costs; (4) attorneys' fees; (5) real estate taxes; and (6) a lapsed liquor license. The Court focuses first on what it considers as the two biggest buckets of damages: default interest and lost profits.

A. **Default Interest**

TH Holdco's position is straightforward. It contends that it is entitled to default interest that accrued during the delay caused by the unsuccessful appeal. TH Holdco quantifies the default interest that accrued on the Mortgage Note during the stay as approximately $58,800 per diem, totaling $5,645,000 for the entire period. *See* Famularo Decl., Ex. F (citing Proof of Claim No. 3, filed in Case Number 20-23281 and the Consolidated, Amended and Restated Note included therewith).

Mezz Lender disagrees. It asserts that, once TH Holdco credit bid its claim, any possible claim for ongoing interest stopped running since the debt merged with the bid. *See* Opp. at 9. Mezz Lender states that the debt was not reinstated by the stay pending appeal and, therefore, the

6

unpaid default interest during the stay period is not a proper measure of damages. *Id*. In addition, Mezz Lender's argues that TH Holdco is an undersecured creditor and therefore is not entitled to any post-petition interest. The Court finds that Mezz Lender's position to be unfounded.

The goal of the appeal by Mezz Lender was to reverse the Confirmation Order and deny TH Holdco ownership of the Property. With the stay of the confirmation order awarding the Property to TH Holdco, Mezz Lender maintained its rights while the appeal was pending but so did TH Holdco. TH Holdco's credit bid did not become effective until the appeal was resolved and the confirmation order became final, which resulted in the sale finally closing on November 9, 2022. Until such time, TH Holdco's credit bid was not final because the confirmation order and related sale were stayed, a stay that was requested by Mezz Lender.

Until such time as that credit bid became the winning bid–which did not occur until the appeal was decided and confirmation order became final–TH Holdco's claim remained open and it continued to accrue whatever interest to which it was entitled. As for its entitlement to such interest, that issue was decided by the Court, who explicitly concluded at the confirmation hearing that TH Holdco was entitled to interest on its claim. *See* Hr'g Tr. 61-65 (June 30, 2022) (*citing RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012)); *id*. at 65:7-10 (noting that secured lender here "can keep bidding up to the full amount of their claim; including post petition interest…"). That ruling at the confirmation hearing is law of the case and cannot now be collaterally challenged here.

The rate of postpetition interest under Section 506(b) is within the limited discretion of the court. *See Key Bank Nat'l Ass'n v. Milham (In re Milham),* 141 F.3d 420, 423 (2d Cir. 1998). However, there is a strong presumption that the "contract rate" will apply under Section 506(b), subject to limited equitable considerations. *See In re 53 Stanhope LLC*, 625 B.R. 573, 579 (Bankr.

7

S.D.N.Y. 2021). Here, the default interest rate is 24%. Given that the Court has previously accepted calculations in this case of postpetition interest using the default rate, *see* Final Consent Order dated 3/29/2021 Authorizing (I) Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief [ECF No. 64], the Court will not stray from that approach and finds that TH Holdco's claim for postpetition interest at the default rate is valid. Finding that such interest is proper, the Court awards TH Holdco's damages against the Bond for default interest in the amount of $5.6 million.

## B. Lost Profits

Although the amount of default interest is sufficient by itself to justify the payment of the entire $5 million Bond to TH Holdco, TH Holdco is entitled to the full amount of the Bond based on other damages in the record.[4]

Mezz Lender acknowledged in its Opp. and during oral arguments that rent would be a compensable damage. *See* Opp. at 11 ("To the extent rents were received by the Debtors or accrued after August 11, 2022, they belong to TH Holdco net of operating expenses"); *see also* Hr'g Tr. 19:12-14 (January 11, 2023). But Mezz Lender argues that any recoverable lost profits do not include speculative damages allegedly incurred by TH Holdco for not being able to immediately open a hotel or commence residential leasing. *See* Opp. at 11. More specifically, Mezz Lender states that there has been no evidence that TH Holdco was in a position to open a hotel prior to October 20, 2022, and, as such, TH Holdco's claim for lost profits is too speculative. *See Id*. at 11, 14. But the Court disagrees. It is not necessary for the Court to consider whether TH Holdco could have had a hotel prior to October 20, 2022. Rather, the issue that the Court must

---

[4] TH Holdco is seeking compensation based on both the underlying loan (which gives rise to their claim) and unrealized profits from the building (which is the subject of the credit bid). While this may give rise to the potential for double dipping, Mezz Lender does not raise such an argument.

decide is whether the appeal process delayed TH Holdco's ability to use the Property and the resulting damage from such delay. On that point, it is undisputed that the imposition of the stay pushed TH Holdco's ability to realize any profits from the Property back in time for 96 days.[5] As TH Holdco's counsel correctly framed the issue, the "stay resulted in 96 days delay of TH Holdco getting possession of its collateral, and overall a 96-day delay in them operating and profiting off of [P]roperty over the lifetime of their ownership of that [P]roperty." *See* Hr'g Tr. 6:11-15 (January 11, 2023). The Court finds that the evidence provided by TH Holdco to be credible and persuasive on how to quantify such delay. In response, Mezz Lender did not provide any evidence to rebut the showing of delay damages by TH Holdco or offer its own calculation of such damages.[6]

Given the wholly unrebutted factual record here as to the damages from the delay in TH Holdco's use of the Property, the Court adopts TH Holdco's detailed and credible analysis and sustains TH Holdco's damages for lost hotel and residential profits in the amount of $4.1 million. *See Id*. It has provided a declaration setting forth the damage from the delay, preventing it from commencing renovations, marketing the Property, and generating revenue from the Property. *See* Famularo Decl. ¶¶ 5-11.

### C. Additional Damages

Finally, the Court concluded that TH Holdco is entitled to recover legal fees and expenses of $631,056.15, given the express term of the ICA. *See* ICA §30(a); *see also* Mortgage Note §14. TH Holdco is also entitled to recover real estate interest and penalties, which total some $86,400.

---

[5] In their papers, TH Holdco considered the stay to have been 96 days in length while Mezz Lender considered it to be 90 days. However, during oral arguments Mezz Lender conceded that the duration of the stay was 96 days. *See* Hr'g Tr. 24:12-16 (January 11, 2023). As such, the Court will consider the stay period to have been for a total duration of 96 days.

[6] It has not argued, for example, that the delay from the appeal would have occurred in any event for other reasons.

*See* Opp. at 18 (conceding TH Holdco's entitlement to this category). Like the claim for lost profits, Mezz Lender has not provided any evidence to challenge the figures submitted by TH Holdco, which the Court finds detailed and credible.[7] Given that TH Holdco has established its entitlement to the $5 million Bond almost twice over, the Court does not need to consider the remaining damages alleged by TH Holdco.

## CONCLUSION

For all the reasons discussed above, TH Holdco's Motion is granted. Plaintiff is directed to settle a proposed order on seven days' notice. The proposed order must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of the proposed order attached as an exhibit to the notice. A copy of the notice and proposed order shall also be served upon counsel to Debtors and 85 Flatbush Mezz LLC.

Dated: June 12, 2024
White Plains, New York

          */s/ Sean H. Lane*
          UNITED STATES BANKRUPTCY JUDGE

---

[7] The failure of Mezz Lender to provide any evidence to challenge TH Holdco is surprising given that Mezz Lender had more than sufficient notice of TH Holdco's position, dating back to TH Holdco's explanation of its damages in 2022 at the time when the original stay request was made. *See* ECF No. 301 ¶¶ 51-53; ECF No. 302 (itemizing harm from any stay pending appeal).